UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMERICAN TRANSIT INSURANCE COMPANY,

                      Plaintiff,

- against –

BRADLEY PIERRE, MARVIN MOY, M.D., RUTLAND MEDICAL P.C., WILLIAM A. WEINER, D.O., NEXRAY MEDICAL IMAGING, P.C. d/b/a SOUL RADIOLOGY MEDICAL IMAGING and JOHN DOES 1-15,

                      Defendants.

1:24-cv-00360-RPK-CLP

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE**

Plaintiff American Transit Insurance Company ("American Transit") respectfully submits this memorandum of law in support of its motion for alternative service of process, requesting permission to serve the Summons and Complaint on Defendant Marvin Moy, M.D. ("Moy") through alternative means.

## PRELIMINARY STATEMENT

American Transit, one of the largest no-fault insurance providers for the taxi and livery commercial auto industry in New York, filed this action on January 17, 2024, against Moy and his co-defendants, Bradley Pierre, William Weiner, D.O., Rutland Medical P.C. ("Rutland"), Nexray Medical Imaging, P.C. d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15. As alleged in the Complaint, Moy and his co-defendants operated an illegal scheme to defraud American Transit out of millions of dollars by collecting payments from American Transit on fraudulent and non-compensable No-Fault insurance claims. For more than six years, Moy and his co-defendants used Rutland, a New York professional corporation, to submit claims for unnecessary and excessive medical treatments to American Transit. Moy is the nominal owner of Rutland, but Rutland is actually owned or controlled by Defendant Pierre, an unlicensed layperson, in violation of New York law. American Transit has asserted claims against Moy and his co-defendants under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, New York Public Health Law § 238-a, and for fraud and unjust enrichment.

Moy, Pierre, and Weiner were indicted for healthcare fraud and other crimes in connection with the unlawful operation of Rutland in *United States v. Pierre*, No. 1:22-cr-00019-PGG (S.D.N.Y.). Pierre has recently pled guilty to conspiracy to commit Travel Act bribery and conspiring to defraud the United States (via the Internal Revenue Service). Defendant Weiner has also pled guilty to conspiracy to commit healthcare fraud the United States in connection with his

involvement in Defendant Nexray, an x-ray and MRI provider, that was also illegally owned or controlled by Pierre which Pierre has not denied as part of his guilty plea.

Moy, who remains a criminal defendant, and a defendant in this action, has been missing since October 2022. While American Transit has successfully served the Summons and Complaint in this action on Pierre, Weiner, Rutland, and Nexray, American Transit has been unable to effectuate service on Moy. Accordingly, American Transit now seeks leave to complete service on Moy through alternative means.

## FACTUAL BACKGROUND

### I. Moy's Disappearance at Sea

On or about October 13, 2022, Moy allegedly disappeared during a fishing trip onboard a recreational vessel approximately 16 miles off the coast of Long Island, New York. His criminal counsel reported that he was "involved in a boating accident." (*See* Declaration of James W. Perkins, dated February 16, 2024 ("Perkins Decl.") Ex. 1 (Tr. of Proceedings at p. 3, *United States v. Pierre*, No. 1:22-cr-00019-PGG (Oct. 19, 2022 S.D.N.Y.)).) The United States Coast Guard conducted a search and rescue mission for Moy without success but reportedly informed counsel "that an investigation is ongoing," and that Moy "is not considered deceased until the investigation is concluded and such a determination is made." *Id.* On October 19, 2022, the court in *Pierre* issued a bench warrant for Moy's arrest in the event that he was not deceased and was "voluntarily absenting himself." *Id.* at p. 4.

Moy's disappearance has been reported by several news outlets. *See, e.g.*, Michael Wilson, "The Mysterious Case of the Doctor Who Disappeared at Sea," *The New York Times*, Dec. 22, 2022, available at https://www.nytimes.com/2022/12/22/nyregion/marvin-moy-boat-missing.html (last visited Feb. 14, 2024); KC Baker, "Doctor Vanished in Mysterious Nighttime Boating Accident After Being Charged in $100m Fraud Scheme," *People*, Nov. 2, 2022, available at

2

https://people.com/crime/doctor-vanished-nighttime-boating-accident-charged-fraud-scheme (last visited Feb. 14, 2024).[1] During a hearing in the *Pierre* action on April 28, 2023, the court noted that "Defendant Marvin Moy has been missing for months and is either dead or a fugitive." (Perkins Decl. Ex. 4 (Tr. of Proceedings at p. 2, *United States v. Pierre*, No. 1:22-cr-00019-PGG (S.D.N.Y. Apr. 28, 2023)).) To date, there have been no further reports about the Coast Guard's investigation or Moy's current whereabouts. Moy remains an active criminal defendant and is represented by retained counsel in that matter.

## II. American Transit's Service on Moy's Co-Defendants

American Transit filed this action on January 17, 2024. (ECF No. 1.) The Clerk of the Court issued summons to all defendants on January 19, 2024. (ECF No. 9.) American Transit served Rutland, Nexray, and Weiner on January 22, 2024 (ECF Nos. 10, 13) and Pierre on January 24, 2024 (ECF No. 14). On January 22, 2024, American Transit attempted to serve Moy at his last known residence but was informed that he no longer resides there. (Perkins Decl. at ¶ 9.)

## LEGAL STANDARD

Plaintiffs must serve all defendants with copies of the summons and complaint. *See* Fed. R. Civ. P. 4(c). Service may be accomplished on an individual by personal service, by delivery at the individual's dwelling or usual place of abode, or by delivery upon an agent authorized by appointment or by law to receive service of process. *See* Fed. R. Civ. P. 4(e)(2). Service may also be accomplished by following the law of the state where the district court is located. *See id*. at 4(e)(1).

Under New York law, personal service upon a natural person may be made by delivering the summons and complaint to the individual, by delivering the summons and complaint to a

---

[1] Copies of the articles published by *The New York Times* and *People* are attached as Exhibits 2 and 3 to the Perkins Decl.

3

person of suitable age at the individual's usual place of abode or business, or by affixing copies to the individual's door and mailing copies to the individual's usual place of abode or business. *See* N.Y. C.P.L.R. § 308(1)-(2), (4).

Service can also be accomplished "in such manner as the court, upon motion without notice, directs, if service is impracticable under paragraphs one, two and four of this section." *Id*. at § 308(5). An application for service under § 308(5) requires a "showing of impracticability of other means of service, but does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute. The meaning of 'impracticability' depends upon the facts and circumstances of the particular case." *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365 (E.D.N.Y. 2016) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11-CV-6608, 2012 U.S. Dist. LEXIS 80594 (S.D.N.Y. 2012)). "In shaping an appropriate method for alternate service, the Court must ensure that the alternate method complies with 'constitutional due process' by being 'reasonably calculated, under the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id.* at 366.

## ARGUMENT

Traditional methods of serving Moy are impracticable under the circumstances presented here. Moy's whereabouts are unknown and remain the subject of an ongoing investigation. (Perkins Decl. ¶ 10.) Because Moy is missing, it is impossible to serve him personally or at his usual place of business or residence. (Perkins Decl. ¶ 9.) Additionally, because Moy has not been declared deceased, it is likewise impossible to serve him through an appointed representative of his estate. (Perkins Decl. ¶ 11.) Accordingly, American Transit should be permitted to serve Moy by service him through is criminal defense counsel.

Service upon Moy's criminal defense counsel in the *Pierre* action is reasonably calculated to apprise Moy of this action. Moy's criminal defense attorneys are familiar with the

4

circumstances of his disappearance and the underlying investigation and have an interest in Moy's whereabouts and access to his most current contact information.[2] (Perkins Decl. ¶¶ 12-13.) Counsel may also be aware of any existing appointments or directives that designate an agent to act on Moy's behalf. Through this alternative means of service, copies of the Summons and Complaint would be served upon Moy's criminal defense counsel by regular mail and electronic mail.

Service upon Moy's criminal defense counsel in the *Pierre* action is an acceptable alternative method of service because it comports with due process. *See Hammock v. Moving State*, No. 18-CV-5628, 2021 U.S. Dist. LEXIS 167372, at *4 n.1 (E.D.N.Y. 2021) (explaining that court "ordered that service may be effectuated by sending a copy of the Third Amended Complaint to the Individual Defendants' criminal counsel both by regular mail to his office and by email" and that such manner of service "was the best reasonably calculated method, under the circumstances, to apprise the Individual Defendants of the pendency of the action and afford them an opportunity to present their objections"); *Ransome v. Epstein*, No. 17-CV-616, 2018 U.S. Dist. LEXIS 15295, *4 (S.D.N.Y. 2018) (holding that alternative "service by email and personal delivery to [defendant's counsel in other pending litigation] [was] reasonably calculated to provide [defendant] with notice of this lawsuit and an opportunity to respond").

In fact, a District Judge in this District has already allowed this exact alternative means of service on Moy in a different civil litigation for the same reasons set forth by American Transit herein. (*See* Perkins Decl. Ex. 6 (*Allstate Ins. Co. v. Pierre*, No. 1:23-cv-06572-NRM-LB (E.D.N.Y. Sept. 13, 2023), ECF No. 11).) The *Allstate* court held that the plaintiffs had met the burden of demonstrating that the statutorily prescribed methods of service were impracticable

---

[2] Moy's criminal counsel of record is Eric M. Creizman and Melissa Madrigal of Morrison Cohen LLP. An up-to-date copy of the *Pierre* docket is attached as Exhibit 5 to the Perkins Decl.

5

because "[g]iven Moy's disappearance in a boating accident and the ongoing Coast Guard investigation, plaintiffs cannot serve Moy personally or at his usual place of business or residence" and because "[p]laintiffs similarly cannot serve a representative of Moy's estate, as Moy has not been declared deceased." *Id.* at 2. These circumstances continue to render the traditional methods of service equally impracticable in this litigation.

The *Allstate* court further held, "If he is still alive, service of process on Moy's criminal defense counsel is reasonably calculated to give him notice of this action, given that Moy went missing during the pendency of a criminal prosecution for which he retained said counsel, and that the criminal prosecution and the instant action both relate to Moy's operation of two medical professional corporations." *Id.* at 3. The court granted the plaintiffs' request for alternative service and ordered service on Moy by serving the summons and complaint on Moy's criminal counsel by regular mail and electronic mail. *See id.* This Court should provide the same relief here.

## CONCLUSION

For the foregoing reasons, American Transit respectfully requests that the Court issue an order granting permission to serve Moy with copies of the Summons and Complaint through the alternative means described herein or by any other manner the Court deems appropriate. American Transit further requests permission to use these alternative means to serve Moy with all other papers in this matter until Moy is either located or declared deceased.

Dated: New York, New York
February 16, 2024

                                            GREENBERG TRAURIG, LLP

                                            By: /s/ *James W. Perkins*
                                                  James W. Perkins
                                                  Lizzie Sullivan
                                                  Noah Lindenfeld
                                                  One Vanderbilt Avenue

New York, New York 10017
(212) 801-9200
perkinsj@gtlaw.com
sullivanel@gtlaw.com
noah.lindenfeld@gtlaw.com

SHORT & BILLY, P.C.

Skip Short
Ioanna Zevgaras
217 Broadway Suite 300
New York, New York 10007
(212) 732-3320
sshort@shortandbilly.com
ioanna@shortandbilly.com

*Attorneys for American Transit Insurance Company*