UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN TRANSIT INSURANCE
COMPANY,

                Plaintiff,

         -against-

BRADLEY PIERRE, *et al*,

                Defendants.
----------------------------------------------------------X

**ORDER**
24 CV 360 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

    On January 17, 2024, plaintiff American Transit Insurance Company ("ATIC" or "plaintiff") commenced this action against Bradley Pierre ("Pierre"), Marvin Moy, M.D. ("Moy"), Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15, alleging that defendants operated an illegal scheme to defraud plaintiff by collecting payments on non-compensable and fraudulent no-fault insurance claims, and asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and New York Public Health Law § 238(a). (Compl.[1])

    Currently pending before this Court is a motion to quash a subpoena duces tecum filed by non-party Leon Kucherovsky, Esq. ("Kucherovsky"). For the reasons set forth below, the motion to quash is denied.

## DISCUSSION

    Plaintiff served a subpoena duces tecum directed at TD Bank, N.A., dated September 3, 2024, seeking the production of various bank accounts or escrow accounts owned, operated,

---

[1] Citations to "Compl." refer to the Complaint, filed by ATIC on January 17, 2024 (ECF No. 1).

1

accessible, or controlled by various individuals and entities. (Mot. to Quash,[2] Ex. 1). Request No. 5 of the subpoena seeks "all Documents, including Communications, concerning any deposit, investment, escrow[,] or other account, owned, operated, accessible, or controlled by Kucherovsky in or from which cash, checks[,] or wire transfers from, to[,] or concerning Rutland, Moy, Nexray, Weiner, Pierre, MRC, M4Y[,] or Shikh were deposited or withdrawn." (Mot. to Quash, Ex. 1, Schedule A at 7).

By letter motion dated September, 24, 2024, Kucherovsky seeks an Order quashing the subpoena insofar as it requests information relating to his bank accounts, arguing that Request No. 5 is "invasive" in that it seeks private bank records that could not "possibly be relevant and material to [plaintiff's] allegations" in the Complaint, and that the request is not proportional to the needs of the case. (Mot. to Quash at 2).

In response, plaintiff alleges that, as part of a criminal scheme involving no-fault insurance wherein defendants paid kickbacks to 911 operators and others to steer accident victims to the defendant medical providers for unnecessary medical treatment to generate insurance claims, Kucherovsky was one of the many attorneys used to collect insurance claims in defendants' names. (Pl.'s Opp.[3] at 1). Thus, plaintiff argues that "information related to the funds Kucherovsky collected for [defendants], including who he received them from and where these funds were transferred is . . . pertinent to the alleged kickback scheme[.]" (Id. at 2). Contrary to Kucherovsky's assertion that Request No. 5 is overbroad and seeks information that is not relevant or proportional to the needs of the case, ATIC contends that the request does not

---

[2] Citations to "Mot. to Quash" refer to non-party Leon Kucherovsky's motion to quash plaintiff's subpoena duces tecum, filed September 24, 2024 (ECF No. 82). A copy of plaintiff's subpoena is annexed to the motion as Exhibit 1.

[3] Citations to "Pl.'s Opp." refer to plaintiff's opposition to Leon Kucherovsky's motion to quash, filed October 1, 2024 (ECF No. 85).

seek records relating to Kucherovsky's other clients or matters, it only seeks information relating to the individuals and entities allegedly involved in this enterprise. (Id. at 1-2).

Specifically, ATIC alleges that defendants Rutland and Nexray are purported to be medical providers that billed various insurance companies, including ATIC, for fraudulent, unnecessary, and excessive services. (Compl. ¶¶ 31-39, 40-48). Defendant Moy[4] is the alleged sole owner of Rutland, and defendant Weiner is the alleged sole owner of Nexray. (Compl. ¶¶ 24-25, 28-29). ATIC alleges that Moy and Weiner ceded their ownership and management of Rutland and Nexray to defendant Pierre, who is not a licensed medical practitioner and who is therefore ineligible to operate medical facilities under New York law. (Id. ¶¶ 21-23, 25, 29). Medical Reimbursement Consultants, Inc. ("MRC") and Marketing 4 You, Inc. ("M4Y") are alleged to be wholly owned companies of defendant Pierre, and Shikh is Pierre's spouse. (Pl.'s Opp. at 2, n.1). Plaintiff asserts that MRC, M4Y, and Shikh are alleged to have assisted in "perpetrat[ing] the fraud by laundering funds through fictitious loans, tax evasion[,] and employing attorneys to collect the illegal no-fault claims." (Id.)

To the extent that Kucherovsky argues that the subpoenaed information could not possibly be relevant to ATIC's allegations of a kickback scheme, the Court disagrees. Since plaintiff claims that Kucherovsky was retained by defendants to collect the proceeds from their allegedly fraudulent insurance claims, information as to where those funds were transferred or distributed is highly material to plaintiff's ability to the trace the funds and establish if payments were going to individuals or entities, such as 911 operators, as kickbacks. Moreover, to the extent that Kucherovsky has complained that the subpoena seeks the production of information relating to any of his accounts, the language of the subpoena clearly demonstrates that it is

---

[4] Defendant Moy, Rutland's named owner, disappeared in a boating accident. (Pl.'s Opp. at 1).

3

tailored to the discovery of funds "from, to[,] or concerning Rutland, Moy, Nexray, Weiner, Pierre, MRC, M4Y[,] or Shikh" (Mot. to Quash, Ex. 1, Schedule A at 7), all of whom plaintiff alleges were involved in the scheme. Funds received from Kucherovsky's other clients or matters are not implicated by the request.

Accordingly, because the Court finds that Request No. 5 seeks relevant and material information that is proportional to the needs of the case, and that the request is not overly broad but appropriately tailored to information relating to people and entities allegedly involved in the scheme, the Court denies the motion to quash.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 28, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York