

**HARFENIST KRAUT & PERLSTEIN LLP**

STEVEN J. HARFENIST
DIRECT TEL.: 516.355.9630
MAIN FAX: 516.355.9601
SHARFENIST@HKPLAW.COM

October 29, 2024

**By: ECF**

Magistrate Judge Cheryl L. Pollak
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **Re:**    ***American Transit Insurance Company v. Bradley Pierre, et al.***
            **Docket No: 1:24-CV-00360-RPK-CLP**

Dear Magistrate Judge Pollak:

We represent non-party, Leon Kucherovsky, Esq., ("Kucherovsky") in the above referenced action.

We move under Local Civil Rule 6.3 and FRCP 60 seeking reconsideration of the Court's October 28, 2024 Order denying Kucherovsky's motion to quash Plaintiff's Request No. 5 in a subpoena duces tecum addressed to TD Bank in that the Court overlooked both factual matters raised by Kucherovsky and the authority cited by Kucherovsky.

## A.    The Court Misapprehended The Scope of Request No. 5

The Court misapprehended the scope of Request No. 5 to the extent that as it is written it is *not* narrowly tailored to include only documents and communications regarding specific deposits or withdrawals of funds belonging to the Defendants.  As written Request No. 5 broadly requests **"all Documents, including Communications, concerning any deposit, investment, escrow or other account, owned, operated, accessible, or controlled by Kucherovsky** in or from which cash, checks or wire transfers from, to or concerning [Defendants] were deposited or withdrawn." (emphasis added)

Plaintiff argues that Request No. 5 contains limiting language, but it clearly does not. (Pl.' Opp[1]. at pg. 2).  Appropriately limiting language would request any documents or communications concerning any deposit or withdrawal made on behalf of or for the benefit of Defendants.  But that is not how Request No. 5 reads – and as written, will result in the wholesale turnover of the entirety of Kucherovsky's attorney escrow and operating accounts by TD Bank.

---

[1] Citations to Pl.'s Opp refer to plaintiff's opposition to Kucherovsky's motion to quash filed October 1, 2024 (ECF Doc. 85)

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.

Compare the overly broad scope of Request No. 5 to Plaintiff's Request No. 6 which is narrowly tailored to seek specific documents, "including canceled checks, deposit slips, ledgers,

bank or credit card statements, wire or electronic funds transfer notices……**concerning any payments made by any automobile insurance provider, including Plaintiff, to or for the benefit of Rutland or Nexray**." (emphasis added) This demand is appropriately limited to specific documents detailing specific transactions made for the benefit of Kucherovsky's client.

The problem with the request in issue is that banks, including TD Bank in this case, will not limit it search to relevant documents applicable to the limited request. Instead, they simply produce all of the bank accounts owned or controlled by the identified individual. If the party whose records sought are not permitted to engage in the search for the "limited" records requested, the limitation is meaningless. We have seen over and over, including with TD Bank, that the bank will simply turn over all of the records relating to name individual's accounts.

**B.    The Court Overlooked Relevant Authority**

Because of the inability of the bank to respond to narrowly tailored requests, courts have quashed subpoenas such as the one in this case and directed the production of the bank records by the individual. The Court did not address *State Farm Mutual Automobile Ins. Co. v. Khait* 2023 WL 6541583; No. 21-cv-6690 (E.D.N.Y. Sept. 26, 2023) (Quashing a subpoena for non-party banking records because compliance with the subpoena, as written, would reveal private and potentially sensitive financial information, unnecessarily compromising the non-party's privacy interests.) and *Sky Medical Supply Inc. v. SCS Support Claim Services, Inc.* 2017 WL 1133349, No. 12-cv-6383 (E.D.N.Y. March 24, 2017), (Ordering Plaintiff's subpoenas to Chase Bank be modified to include only those bank records having an explicit nexus to the 177 insurance claims at bar) which were provided to the Court.

Nor did the Court address the authority raised on reply under *Tapia v. Huaquechula*, 2020 WL 6524393 ("As an initial matter, the Subpoenas are an improper attempt to circumvent direct discovery through a non-party. Plaintiffs should have demanded the tax returns from Lira directly in discovery before resorting to a non-party subpoena." *See Ellis v. City of New York*, 243 F.R.D. 109, 112 [S.D.N.Y. 2007]); and *Allstate v. Dassa*, 7-:23-cv-07515-PMH (February 26, 2024 [S.D.N.Y]) (modifying subpoena to non-party directing bank to provide records to the non-party to redact the production and produce only relevant records).

Plaintiff did not request documents directly from Kucherovsky but instead sought the wholesale production of a non-party attorney's bank accounts directly from the banking institution. The appropriate method of disclosure would be the direction to TD Bank to produce the files to Kucherovsky to redact all the non-relevant information pertaining to his other clients or to direct Plaintiff to appropriately limit the langue of Request No. 5 to pertain only to transactions identifiable as directly related to the Defendants.

3000 Marcus Avenue, Suite 2E1
Lake Success, NY  11042
T - 516.355.9600 F - 516.355.9601

2975 Westchester Avenue, Suite 415,
Purchase, NY  10577
T - 914.701.0800 F - 914-708-0808.

HKP

*American Transit v. Bradley Pierre*
Page 3 of 3

Alternatively, TD Bank should be directed to provide all of the bank records to counsel for Mr. Kucherovsky who can determined which of the records are responsive to Request No. 5.

Respectfully submitted,
HARFENIST KRAUT & PERLSTEIN, LLP

By:  *Steven J. Harfenist*
Steven J. Harfenist

SJH/kep
cc:  All counsel (via ECF)

3000 MARCUS AVENUE, SUITE 2E1
LAKE SUCCESS, NY 11042
T – 516.355.9600 F – 516.355.9601

2975 WESTCHESTER AVENUE, SUITE 415,
PURCHASE, NY 10577
T – 914.701.0800 F – 914-708-0808.