UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN TRANSIT INSURANCE
COMPANY,

               Plaintiff,

      -against-

BRADLEY PIERRE, *et al.*,

               Defendants.
----------------------------------------------------------X

**ORDER**
24 CV 360 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 17, 2024, plaintiff American Transit Insurance Company ("ATIC" or "plaintiff") commenced this action against Bradley Pierre ("Pierre"), Marvin Moy, M.D. ("Moy"), Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15, alleging that defendants operated an illegal scheme to defraud plaintiff by collecting payments on non-compensable and fraudulent no-fault insurance claims, and asserting claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and New York Public Health Law § 238(a). (Compl.[1])

Currently pending before this Court are two motions related to discovery:[2] (1) defendant Pierre's motion to adjourn the time for him to respond to the non-party subpoena served upon him until December 2, 2024; and (2) defendants Weiner and Nexray's motion for an extension of time to provide discovery responses until November 19, 2024.

---

[1] Citations to "Compl." refer to the Complaint, filed by ATIC on January 17, 2024 (ECF No. 1).
[2] Also pending before this Court is a motion filed by non-party Leon Kucherovsky, seeking reconsideration of this Court's Order denying Mr. Kucherovsky's motion to quash a subpoena duces tecum served on non-party TD Bank. (ECF No. 88). That motion will be considered in a separate Order.

1

For the reasons set forth below, the Court grants defendant Pierre's motion in part and grants defendants Weiner and Nexray's motion.

DISCUSSION

A. Pierre's Motion

By letter dated November 8, 2024, defendant Pierre seeks an Order adjourning his time to respond to the non-party subpoena served upon him in the U.S. Penitentiary in Lewisburg, Pennsylvania until December 2, 2024. (ECF No. 89 at 1). Pierre's counsel notes that on October 28, 2024, counsel appeared at a status conference with the Court, during which the Court granted Pierre two weeks to respond to the non-party subpoena, which had not been served on Pierre's counsel despite counsel's participation in the proceedings and their ongoing communications with plaintiff's counsel regarding, *inter alia*, settlement discussions. (Id.) Counsel complains that despite this Court's Report and Recommendation of August 27, 2024,[3] which recommended that Pierre's default be vacated, plaintiff nonetheless served the subpoena on defendant, without serving a copy on his counsel, in violation of the Federal Rules. (Id.) Counsel indicates that he requested an extension from plaintiff's counsel until December 2, 2024, which plaintiff's counsel declined to grant. (Id. at 2). Given that Pierre's counsel has an upcoming surgical procedure and will be unable to work for several days, counsel asks the Court to extend the time to respond. (Id.)

In response, plaintiff objects to the extension, contending that the request "lacks a bona fide excuse and is not made in good faith." (ECF No. 91 at 1). Plaintiff derides the excuse that Pierre's counsel is scheduled to undergo a surgical procedure, stating that "this is not a reason for an extension from [the due date of today]," nor does it explain why co-counsel cannot respond or

---

[3] That Report (ECF No. 77) is pending a ruling from the district court based on plaintiff's objections to the recommendations therein. (ECF No. 79).

why Pierre failed to respond for over two months. (Id.) Plaintiff also contends that the Court has already granted an extension beyond an earlier, agreed-upon extension of time. (Id.) To the extent that Pierre's counsel complains that they were not served with the subpoena, plaintiff notes that counsel refused to accept service of the subpoena on Pierre's behalf, and that counsel in fact received a copy of the subpoena attached to an email asking counsel to accept service. (Id. at 1-2). Moreover, to the extent that defendant Pierre argues that he should not be subject to a non-party subpoena because of this Court's recommendation that the default be vacated, plaintiff argues that until the Court's recommendation is adopted, Pierre remains in default and is therefore properly subject to third party subpoenas. (Id.)

Given counsel's scheduled surgical procedure and the undisputed difficulties in communicating with and gathering documents from an incarcerated individual, the Court grants defendant Pierre's request for additional time until **December 2, 2024** to produce documents, but all objections to the subpoena's requests are deemed waived.

B. Weiner and Nexray's Motion

By letter dated November 11, 2024, defendants Weiner and Nexray seek an adjournment of their time to respond to plaintiff's discovery requests and interrogatories until November 19, 2024. (ECF No. 90 at 1). Responses to these requests were originally due on September 16, 2024. (Id.) The deadline was first extended on consent until October 7, 2024, then it was extended by another two weeks at the October 28, 2024 status conference. (Id.) Defendants now move for an additional extension until November 19, 2024, explaining that "this is a complicated case with many, many demands and interrogatories and questions regarding a criminal case, necessitating a longer consultation time with our client than usual." (Id.) In addition, counsel

explains that he has been working on several other matters that have taken up much of his time. (Id.)

By letter dated November 11, 2024, plaintiff objects to the request for an extension of one week for defendants Weiner and Nexray to respond to the outstanding discovery. (ECF No. 92). Plaintiff argues that defendants have already received multiple extensions of time, and at the conference held on October 28, 2024, this Court indicated that there would be no more extensions. (Id. at 1). Plaintiff also complains that the extension request violates this Court's Individual Rules which require applications for extensions to be filed two business days prior to the due date, and that defendants' request was only filed one day before the due date, despite this Court admonishing them not to delay in filing requests again. (Id.) Plaintiff also suggests that defendants have not provided any excuse as to why, if they "had hoped to be able to finish responses before [yesterday]," there has been no partial compliance. (Id.) Accordingly, plaintiff objects to any further extensions.

Given that defendants' request for one additional week will not have a substantive impact on the progress of discovery, with the deadline for fact discovery now scheduled for February 7, 2025, the Court grants defendants' request to complete their production by **November 19, 2024**. However, defendants are Ordered to produce whatever documents they have already gathered by tomorrow, **November 15, 2024**, and the Court further deems that any objections to the requests or to the interrogatories have now been waived.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 14, 2024

_Cheryl L. Pollak_
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

5

_Cheryl L. Pollak_