

James W. Perkins
(212) 801-9200
perkinsj@gtlaw.com

December 6, 2024

**VIA ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

      Re:    *American Transit Insurance Company v. Pierre*, 1:24-cv-00360-RPK-CLP -- Discovery Status Report (Amended)

Dear Magistrate Judge Pollak:

      We are counsel to Plaintiff American Transit Insurance Company ("American Transit") in the above-referenced action and write, pursuant to Your Honor's November 14, 2024, Order (the "Compel Order", ECF No. 97) to provide a report on the status of discovery in this action.

      **I.**    **American Transit's Discovery**

      On October 8, 2024, American Transit served written responses and objections to Defendants William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C. d/b/a Soul Radiology Medical Imaging ("Nexray") document demands, and to date it has produced 1,263,497 pages of documents, consisting of requested claims files, medical records, and no-fault forms relating to patients treated by Nexray, Weiner, Marvin Moy, M.D. ("Moy") and/or Rutland Medical, P.C. ("Rutland"). American Transit is still searching for records and will continue to produce documents as it locates them in accordance with its discovery obligations. On October 8, 2024, American Transit served its answers and objections to Nexray and Weiner's First Set of Interrogatories.

      **II.**    **Defendants Weiner's and Nexray's Discovery**

      Following their default in timely responding to discovery demands (document demands and interrogatories), by the Compel Order, the Court provided Defendants Weiner and Nexray an extension of time, until November 19, 2024, to produce documents responsive to American Transit's First Set of Requests for Production of Documents (the "Requests"), but further ruled that any objections to the Requests have been waived. (ECF No. 97 at 4.) Although Weiner and Nexray produced approximately 3,400 documents to American Transit on November 15 and November 19, Plaintiff has concluded their production is materially deficient in a number of respects. By letter dated December 6, 2024, American Transit identified these deficiencies to Defendants Weiner and Nexray. American Transit anticipates that they will work in good faith to

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

rectify them and to avoid judicial intervention. Should the parties be unable to resolve any differences, American Transit will promptly notify the Court.

By the Compel Order, the Court also ordered Weiner and Nexray to respond to American Transit's First Set of Interrogatories, dated July 31, 2024, and that any objections to the Interrogatories are waived. (ECF No. 97 at 4.) On November 19, 2024, Weiner and Nexray emailed American Transit's counsel with their responses to American Transit's interrogatories.

### III. Response to Subpoena Served on Defendant in Default Pierre

As discussed at the discovery conference held on October 28, 2024, American Transit served a subpoena on Mr. Pierre, requiring that he produce documents by September 6, 2024, to which he did not respond. After he defaulted, by the Compel Order, the Court ordered Pierre to produce documents responsive to the Subpoena by December 2, 2024, and specifically ruled "all objections to the subpoena's requests are deemed waived" by him. (*See* ECF No. 97 at 3.) On December 2, 2024, Pierre provided American Transit with a written response in which he asserted a blanket objection based on the Fifth Amendment protection against self-incrimination, listing that objection in response to each of the 80 requests. Pierre did not produce any documents.

On December 5, 2024, American Transit sent Pierre a deficiency letter explaining that the Fifth Amendment objections were improper because Pierre waived all objections to the Subpoena as recognized by Magistrate Judge Pollack. *See Parlin Funds LLC v. Gilliams*, 2012 WL 5265554, at *3 (S.D.N.Y. June 15, 2012), *report and recommendation adopted*, 2012 WL 5258984 (S.D.N.Y. Oct. 23, 2012) (entering default against defendants who responded to document requests with "Answering Defendants plead the Fifth Amendment" after the court had deemed all objections waived). Further, even assuming the objections had not been waived, Pierre's objection is still improper because (1) the burden is on Pierre to show it has merit, which Pierre has not done, (2) the Fifth Amendment does not protect business and personal documents that were voluntarily prepared and the majority of the requested documents fall into this category, and (3) the Fifth Amendment privilege is not applicable when a person is required by law to create and maintain certain records (including many of the categories of documents sought by American Transit, such as bank records). *See United States v. Cianciulli*, 2001 WL 1097919, at *3 (S.D.N.Y. Sept. 19, 2001) (party asserting Fifth Amendment "may not rely on a blanket claim of privilege, but must assert his or her claim in the context of specific questions and on a document-by-document basis"); *S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 363-364 (N.D.N.Y. 2010) ("Generally, the Fifth Amendment does not protect business and personal documents, especially those that are voluntarily prepared, because their creation was never compelled" and "[w]hen a person is required by law to create and maintain certain records and is asked to produce those records, the Fifth Amendment protection against self-incrimination is unavailing."") American Transit has requested that Mr. Pierre remedy his default by producing the responsive documents on or before December 13, 2024.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

## IV. Other Non-Party Discovery

American Transit has served subpoenas *duces tecum* on a number of non-parties, including financial institutions, other companies and law firms associated with the Defendants. One third-party, Medical Reimbursement Consultants, Inc. ("MRC")—a company wholly owned by Defendant Pierre—has failed to respond to a subpoena served on it and is in default. We have asked Mr. Pierre's counsel whether he is representing MRC concerning the subpoena served on it (as he represents MRC in two pending state court cases), but he has been non-committal in his responses. While American Transit will attempt to procure MRC's compliance without judicial intervention, it anticipates a compel and/or contempt order will be necessary in the near future.

\* \* \* \* \* \*

Given the pace of document discovery, including the number of outstanding requests described above, no depositions have yet been scheduled and Plaintiff anticipates the parties may need to apply to the Court for an extension of the discovery cut off of February 7, 2025, to allow for the completion of document discovery and depositions.

We are available to discuss any of the discovery issues raised above or any other discovery issues at the Court's convenience.

Respectfully submitted,

/s/ *James W. Perkins*

James W. Perkins

cc: All Counsel of Record (via ECF)

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com