

James W. Perkins
(212) 801-9200
perkinsj@gtlaw.com

December 9, 2024

**VIA ECF**

Hon. Rachel P. Kovner
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 4E-N
Brooklyn, NY 11201

        Re:    *American Transit Insurance Company v. Pierre*, 1:24-cv-00360-RPK-CLP – Motion for Order of Attachment – Pierre's Second Extension Request

Dear Judge Kovner:

        We are counsel to American Transit Insurance Company ("ATIC"), Plaintiff in the above-captioned action and here respond to Defendant in Default Bradley Pierre's ("Pierre") second letter request (ECF No. 108) for an extension of time to respond to ATIC's pending motion for writ of attachment. Pierre's letter is redundant to the letter motion made on his behalf by counsel for Defendants William A. Weiner, D.O. and Nexray Medical Imaging, P.C. d/b/a Soul Radiology Medical Imaging ("Nexray") that was filed this past Friday evening (ECF No. 102), and it should be disregarded for that reason alone. Moreover, as we have shown in our letter opposing any extension of the Court-directed briefing schedule on the attachment motion, Pierre has no standing to seek an extension of the briefing schedule, to which he may not participate as a non-party, and he would first need to seek leave to file an opposition. (ECF No. 106, n. 1.)

        To the extent the Court will consider Pierre's second letter, it provides no reason for an extension of time to file an opposition, rather its focus is to litigate summarily the merits of the case, the attachment motion, and attachment in general. ATIC has stated in its letter filed this morning (*id.*) the reasons why it is prejudiced by delay of the briefing schedule, and Pierre's unsupported comments about the supposed rarity of attachment motions are contradicted by the existence of the attachment statute itself (which is often applied in federal and state court). Pierre's baseless assertion that ATIC's case "is without merit" is refuted by, among other things, (1) his plea of guilt to crimes based on the same material facts as exist in this case,[1] (2) his allocution where he acknowledged the truth of those facts, and (3) this Court's findings in its preliminary injunction decision and order (ECF No. 52), which assessed those facts, including the record in the criminal action, and concluded that ATIC is likely to succeed on the merits of its claims. ATIC does contend that the confessed facts establish liability for a *Mallela* violation (*see, e.g.*, *Am.*

---

[1] Pierre has also improperly asserted Fifth Amendment rights against self-incrimination in response to each and every discovery demand in the subpoena served on him in this matter. (*See* ECF No. 105, detailing Pierre's objection and explaining its lack of merit.)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

*Transit Ins. Co. v. Rutland Med., PC a/a/o Shareema Raney*, No. 652578/2024 (Sup. Ct. N.Y. Cnty. Sept. 5, 2024) (holding that ATIC "has shown that the underlying award was based on fraud by providing, inter alia, the allocution of [Bradley] Pierre admitting that he unlawfully owned and operated respondent Rutland, a medical professional corporation, despite not being a medical professional himself")); however, that is not the entirety of ATIC's case, as is evident from the Complaint itself. Likewise, Pierre's bald assertions that there is no proof of assets moving and "nothing to attach" are disproved by (a) the facts summarized in our earlier letter in opposition (ECF No. 106), (b) Pierre's acknowledgment by allocution that he gained $20 million from the criminal conspiracy that is unaccounted for, and (c) the fact that his wholly-owned company, Medical Reimbursement Consultants, Inc. continues to actively litigate in New York state court to try to collect proceeds of Defendant Rutland Medical, P.C.'s no-fault insurance claims in the millions of dollars that were obtained as part of the criminal conspiracy. Finally, the existence of other judgment creditors such as the government and others cuts against the request for delay in briefing: given the overwhelming record of wrongdoing and harm to ATIC on the record in this case, ATIC deserves a seat at the creditor table to protect any judgment that it will likely obtain.

      In sum, Pierre's second letter request for additional time to brief the attachment motion is improper and the request should be denied.

                                    Respectfully submitted,

                                      James W. Perkins

cc:      All Counsel of Record (via ECF)