UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
AMERICAN TRANSIT INSURANCE
COMPANY,

                    Plaintiff,

          -against-

BRADLEY PIERRE, *et al.*,

                    Defendants.
-----------------------------------------------------------X

**ORDER**
24 CV 360 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

        On October 28, 2024, this Court issued an Order denying a motion to quash a subpoena duces tecum, filed by non-party Leon Kucherovsky, Esq. ("Kucherovsky"). (See Order[1]). Plaintiff's subpoena, directed at TD Bank, N.A. ("TD Bank"), sought records of various bank accounts or escrow accounts owned, operated, accessible, or controlled by various individuals and entities. (Order at 1-2). Kucherovsky filed a motion to quash on September 24, 2024, arguing, *inter alia*, that Request No. 5 of the subpoena, which sought records from his bank accounts, was "invasive," overbroad, and not relevant to the issues in the case. (Id. at 2). The Court disagreed that the subpoena sought irrelevant information, found that the request was "not overly broad but appropriately tailored to information relating to people and entities allegedly involved in the scheme," and denied the motion to quash. (Id. at 4).

        By letter motion dated October 29, 2024, Kucherovsky sought reconsideration of the Court's Order, pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 60. (Kucherovsky Mot.[2]) Kucherovsky argues that Request No. 5 is not narrowly tailored, and he suggests a

---

[1] Citations to "Order" refer to the Court's October 28, 2024 Order denying non-party Leon Kucherovsky, Esq.'s motion to quash a subpoena duces tecum. (ECF No. 87).
[2] Citations to "Kucherovsky Mot." refer to non-party Leon Kucherovsky, Esq.'s letter motion for reconsideration of the Court's Order denying his motion to quash a subpoena duces tecum. (ECF No. 88).

1

comprehensive revision of the language of the request. (Id. at 1-2). Kucherovsky also argues that the Court overlooked relevant case authority. (Id. at 2 (citing State Farm Mut. Auto. Ins. Co. v. Khait, No. 21 CV 6690, 2023 WL 6541583, at *7 (E.D.N.Y. Sept. 26, 2023); Sky Med. Supply Inc. v. SCS Support Claim Servs., Inc., No. 12 CV 6383, 2017 WL 1133349, at *11 (E.D.N.Y. Mar. 24, 2017); Tapia v. Huaquechula Rest. Corp., No. 18 CV 10771, 2020 WL 6524393, at *1-2 (S.D.N.Y. Nov. 5, 2020); Ellis v. City of New York, 243 F.R.D. 109, 112 (S.D.N.Y. 2007); Allstate Ins. Co. et al. v. Dassa, D.O., et al., No. 23 CV 7515, ECF No. 85 at 1 (Feb. 23, 2024))).

In a responsive letter dated November 12, 2024, plaintiff asserts that Kucherovsky's recitation of Request No. 5 omits critical limiting language. (Pl.'s Opp.[3] at 1). Plaintiff also contends that by attempting to "rewrite the Request to his liking," Kucherovsky does not address the Court's finding that the requested information is discoverable and proportional to the needs of the case. (Id. at 1-2). Plaintiff then distinguishes each of the cases that Kucherovsky alleges the Court overlooked. (Id. at 2). Lastly, plaintiff argues that the motion for reconsideration is moot because "[f]ollowing the Court's Order denying Kucherovsky's motion to quash, TD Bank produced to [plaintiff] records responsive to Request No. 5 and designated all produced records as confidential." (Id. (citing Sali v. Zwanger & Pesiri Radiology Grp., LLP, No. 19 CV 275, 2022 WL 1085508, at *16-17 (E.D.N.Y. Jan. 10, 2022), report and recommendation adopted, No. 19 CV 275, 2022 WL 819178 (E.D.N.Y. Mar. 18, 2022); City of Almaty, Kazakhstan v. Sater, No. 19 CV 2645, 2020 WL 2765084, at *3 (S.D.N.Y. May 28, 2020); Asad Gilani v. Hewlett Packard Co., No. 15 CV 5609, 2017 WL 4236564, at *2 (S.D.N.Y. Sept. 22, 2017).

---

[3] Citations to "Pl.'s Opp." refer to plaintiff's letter in opposition to non-party Leon Kucherovsky, Esq.'s letter motion for reconsideration, filed November 12, 2024. (ECF No. 94).

2

The Court has thoroughly considered Kucherovsky's original motion to quash, the case authority cited therein, and his recent letter motion reiterating issues of overbreadth and relevance related to Request No. 5 of plaintiff's subpoena duces tecum to TD Bank.  Given the Court's review and considering that TD Bank has produced the requested records and designated them as confidential, the Court finds no basis to reconsider its earlier Order and denies the motion for reconsideration in its entirety.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
       December 10, 2024

*Cheryl L. Pollak*
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York