Law Office Of
**CARY SCOTT GOLDINGER P.C.**
400 Garden City Plaza, Suite 420
Garden City, New York 11530
(516) 227-3344  Fax (516) 227-3351
www.goldinger.com

**CARY SCOTT GOLDINGER**　　　　　　　　　　　　　　　　　　　　csg@goldinger.com
___

January 17, 2025

***VIA ECF***
Honorable Magistrate Cheryl L. Pollak
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

　　　　**RE: American Transit Insurance Company v. Pierre et al**
　　　　**Docket No.: 1:24-cv-00360-RPK-CLP**

Dear Magistrate Pollak:

Please be advised that my office, along with Adam Dressler, Esq. represent defendant Bradley Pierre in the above-mentioned matter. We are writing pursuant to Your Honor's December 11, 2024, Order requesting that we provide our legal authority for Mr. Pierre invoking his constitutional right to plead the 5th Amendment in response to the subpoena served upon him by AT.

With respect to plaintiff's objections over Mr. Pierre's responses to the non-party subpoena that were not served upon us, we emailed him Mr. Pierre's responses on Monday, December 2, 2024, in accordance with Your Honor granting Mr. Pierre the additional time to respond. The fact that Mr. Perkins did not like the responses does not mean said responses are insufficient. Mr. Pierre has every right to exercise his constitutional privilege to invoke his fifth amendment rights, which were ***never*** waived. As the court is aware, Mr. Pierre is currently serving a 10-year sentence in Lewisburg Federal Prison where he pled guilty to a single count of bribery and a single count of tax evasion. However, Mr. Pierre is still subject to potential criminal charges in other jurisdictions, and as such, he absolutely has the right to invoke his Fifth Amendment privilege.

In order for a person to plead the Fifth in a civil case, he must reasonably believe that criminal authorities could use the information in a criminal prosecution against him, or *that the information sought could lead to other evidence that the authorities may use to build a case against him.* To this end, we turn the Court's attention to Mitchell v. United States, 526 U.S. 314 (1999)1, which makes it clear that Mr. Pierre has the right to invoke his Fifth amendment privilege. Additionally, we refer the court to United States v. Lumpkin, 192 F.3d 280 (2d Cir. 1999)2, and United States v. Bahadar, 954 F.2d 821 (2d Cir. 1992)3. The Fifth Amendment protects criminal defendants from having to testify if they may incriminate themselves through the testimony. A witness may "plead the Fifth" and not answer if the witness believes answering the question may be self-incriminatory. To be self-incriminating, the compelled answers must pose a "substantial and 'real,' and not merely a "trifling or imaginary hazard" of criminal prosecution. That is the case here.

We thank the court for its courtesy and consideration herein.

Respectfully submitted.

Cary Scott Goldinger, Esq.
(CSG 4983)

James Perkins, Esq.
Matthew Conroy, Esq.
Adam Dressler, Esq.
Skip Short, Esq.

---

1 https://supreme.justia.com/cases/federal/us/526/314/
2 https://casetext.com/case/us-v-lumpkin-4
3 https://law.justia.com/cases/federal/appellate-courts/F2/954/821/128123/