**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

AMERICAN TRANSIT INSURANCE COMPANY,

                Plaintiff,

- against –

BRADLEY PIERRE, MARVIN MOY, M.D., RUTLAND MEDICAL P.C., WILLIAM A. WEINER, D.O., NEXRAY MEDICAL IMAGING, P.C. d/b/a SOUL RADIOLOGY MEDICAL IMAGING and JOHN DOES 1-15,

                Defendants.

1:24-cv-00360-RPK-CLP

---

**PLAINTIFF'S DECLARATION IN RESPONSE TO**
**NEXRAY DEFENDANTS' SUR-REPLY DECLARATION**

I, James W. Perkins, under penalty of perjury pursuant to 28 U.S.C. § 1746, declare as follows:

1. I am an attorney duly licensed to practice law in the State of New York and admitted to practice before this Court. I am a Shareholder with the law firm of Greenberg Traurig, LLP, attorneys for Plaintiff American Transit Insurance Company ("ATIC") in the above-captioned action. I submit this Declaration in opposition to Defendants William A. Weiner, D.O. and Nexray Medical Imaging, P.C. d/b/a Soul Radiology Medical Imaging's ("Nexray Defendants") sur-reply in further support of their Opposition to Plaintiff's Motion for a Prejudgment Attachment (the "Sur-Reply"). The facts set forth herein are based on my personal knowledge obtained as counsel of record in this matter, including from a review of the court record in this matter and the related criminal matters.

2. The Sur-Reply attaches the December 18, 2024, Order of Judge Paul H. Gardephe (the "Restitution Order"), issued in the criminal action, *United States v. William Weiner*, Case No. 22-cr-19 (S.D.N.Y.) (the "Criminal Action"). By the Restitution Order, Judge Gardephe declined to order Wiener to make restitution to Farmers Insurance Exchange, an insurance company that made no-fault payments to Nexray, which Defendant Weiner admitted resulted from his defrauding Farmers during deposition testimony, conceding he "falsely minimized Bradley Pierre's role in my medical practice to facilitate payment of claims." (ECF No. 123-3 at 20:15-17.) Other than showing Weiner's restitution obligation was not as high as he had anticipated, the Restitution Order bears no relevance to any issue on the Motion.

3. The Sur-Reply states that the Restitution Order demonstrates "there was no substantive healthcare fraud crime premised on a *Mallela* violation" (Sur-Reply ¶ 5), but Judge Gardephe made no such finding. Although acknowledging (*id.* at ¶ 3) that the government stated it would not contend "for sentencing purposes" that Weiner committed a *Mallela* violation (Restitution Order at 6), Nexray Defendants' expansive reading that there are no facts establishing such a violation is not supported. In the Restitution Order, the District Court cites to an August 9, 2024, letter filed by the government in the Criminal Action which summarizes the established facts that would establish a *Mallela* violation. These include the "the assertions from [Nexray personnel] that they felt pressure from Dr. Weiner to change MRI reports," which are supported by "text messages between Dr. Weiner and Bradley Pierre" as well as "differing loan agreements" between Nexray and Pierre's company, Medical Reimbursement Consultants, Inc. ("MRC") and the lack of documentation that "would be ordinarily incident to a loan agreement." (ECF No. 123-4 at 5.) The government pointed to the fact that neither Nexray nor MRC "produced any documentation relevant to a management agreement, including an actual management agreement

or any invoices or bills for management services." (*Id.*)  The government also continued to rely on facts that Weiner falsely testified during an Examination Under Oath that MRC "was simply a funder for Nexray pursuant to a non-recourse loan agreement." (*Id.* at 6.)  This finding is fully supported by Defendant Pierre's own acknowledgments of wrongdoing during his allocution and sentencing.  (ECF No. 123-2 at 20-25.)

4.  In fact, the Sur-Reply entirely ignores Weiner's and Pierre's allocutions in the Criminal Action.  During his allocution, Weiner acknowledged that during a deposition he "falsely minimize[ed] Bradley Pierre's role in [his] medical practice" and that his attorney[1] who represented him in no-fault insurance collection matters, including the deposition where he lied under oath "was aware that as a result of Bradley Pierre's role in [Weiner's] medical practice, that it was not lawful to obtain medical reimbursement from the insurance company." (ECF No. 123-3 at 21:6-10.)  Weiner's admission is "tough to square" with the position he now takes that he could not be liable for a *Mallela* violation. Pierre similarly acknowledged facts establishing a *Mallela* violation, including that he caused Weiner to "lie under oath about defendant's role in Nexray" and that Pierre's control over Nexray was hidden using "phony loan agreements," under which he took almost $10 million in excess of what was permitted. (ECF No. 123-2 at 21:25-22:11, 22:12-20.)

5.  Given these facts, Judge Gardephe observed in the Restitution Order the government's "very surprising concession" that it would not contend, for sentencing purposes, that Weiner committed a substantive *Mallela* violation.  (Restitution Order at 6.)  The Court seemed

---

[1] This attorney has been identified as Russell Friedman, now deceased, who represented defendants Nexray and Rutland in the collection of no-fault insurance claims, which defendant Pierre and courts have recognized were illegal. (*See* ECF No. 123-2 at 21:25-23:15); *see, e.g., Am. Transit Ins. Co. v. Rutland Med., PC a/a/o Shareema Raney*, Index No. 652578/2024 at NYSCEF Doc. No. 31 (Sup. Ct. N.Y. Cnty. Sept. 5, 2024) ("[ATIC] has shown that the underlying [no-fault] award was based on fraud by providing, inter alia, the allocution of [Pierre] admitting that he unlawfully owned and operated respondent Rutland, . . . despite not being a medical professional himself.")

3

mystified by the Government's voluntarily withdrawal of the *Mallela* showing given the government had proceeded on this theory "over the past two and a half years." (*Id.* at 7.) The Court observed that the government's agreement to stipulate only to a conspiracy to file claims in violation of *Mallela* "makes no sense under the facts of this case." (*Id.* at 7.)

6. Nexray Defendants cite to Judge Gardephe's statement that the "most serious allegations of Dr. Weiner have melted away" in the Criminal Action (Restitution Order at 7 (citing Sept. 19, 2024 Sent. Tr. (Criminal Action ECF No. 478) at 6-7)); however, the Court made that statement in the context of sentencing and in an observation that the government had stipulated with Weiner to withdraw a number of its more serious allegations for those purposes. (*Id.*) Nexray Defendants cannot minimize the fact that Weiner plead guilty to conspiracy and tax fraud, with health care fraud and the tax fraud being the underpinnings of the conspiracy crime. (ECF No. 123-3 at 3:4-9.)

7. Because the government chose not to contend, for sentencing purposes, that Weiner committed a substantive *Mallela* violation, the Court ruled that the insurer claiming a restitution entitlement did not qualify because finding a *Mallela* violation was a predicate to that relief. (Restitution Order at 12.) The Court made no finding as to whether the evidence was sufficient to establish a substantive *Mallela* violation by Weiner or Nexray.

8. As shown in ATIC's motion papers, and as already found by this Court, there is ample proof in the record already to establish such a violation by all Defendants. As mentioned above, the only significance of the Restitution Order to the attachment motion is that Weiner does not have the financial obligation to the government that a number of parties involved in the Criminal Action had expected.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 17, 2025.
New York, New York

                                                /s/ *James W. Perkins*
                                                  James W. Perkins