

James W. Perkins
(212) 801-9200
perkinsj@gtlaw.com

January 17, 2025

**VIA ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

      Re:   *American Transit Insurance Company v. Pierre*, 1:24-cv-00360-RPK-CLP – ATIC's Response to Defendant Bradley Pierre's Untimely Submission in Support of His Blanket Fifth Amendment Objection to Subpoena

Dear Magistrate Judge Pollak:

    We are counsel to Plaintiff American Transit Insurance Company ("ATIC") in the above-referenced action. We submit this letter brief, pursuant to Your Honor's minute order, dated December 11, 2024 (the "Legal Authority Order"), which required (1) defaulted Defendant Bradley Pierre by January 10, 2025, to provide the Court with legal authority supporting his blanket objection based on the Fifth Amendment right against self-incrimination to the subpoena duces tecum ATIC served on him dated August 5, 2024 (the "Subpoena"), and (2) ATIC to submit its response by today. In addition to defaulting in appearance, in responding to the Subpoena, and in responding to the Court's order compelling him to comply with the Subpoena ("Compel Order" ECF No. 97), Pierre also defaulted by failing to meet the deadline set forth in the Legal Authority Order. Instead, Pierre filed his letter late last night—six days late. (ECF No. 143.)[1] Pierre's untimely filing is not surprising given his track record of defaults and the fact the law does not support his stated position. It is overwhelmingly to the contrary.

    Pierre's letter is not responsive to the requirement in the Legal Authority Order that he "provide legal authority in support of Pierre's blanket objections based on the Fifth Amendment." The Order followed from Pierre's response to each of the Subpoena's 80 individual document requests, without producing a single document: "CLIENT Invokes the Fifth Amendment right to refuse to answer questions." (*See* Exhibit A, Pierre Responses and Objections to Subpoena.) Pierre does not address or provide *any* authority that would remotely justify this blanket objection,

---

[1] Rather than answer the Court's directive in the Legal Authority Order, Pierre's counsel continues the false narrative about the Subpoena not having been served on him. As ATIC has previously detailed in filings with the Court (*e.g.*, ECF 91), the only reason the Subpoena was not served on Pierre's counsel, is their refusal to accept service, forcing ATIC to hire a process server in Pennsylvania to serve Pierre personally at the federal penitentiary where he is confined for the next ten years. (ECF 91-1.) Moreover, not only did Pierre's counsel receive a copy of the Subpoena on July 31, 2024, when they refused to accept service (*id*.), they also received a copy on October 28, 2024. (ECF 111-1.)

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Cheryl L. Pollak
January 17, 2025
Page 2

nor did he respond to the cases ATIC previously cited on the issue. (ECF 105 at 2.) Rather, Pierre refers to cases generally discussing the Fifth Amendment right against self-incrimination. Whether Pierre might be able to invoke the Fifth Amendment in other circumstances is not at issue here, only whether his blanket objection to the Subpoena has any basis. It does not.

As noted in ATIC's Discovery Status Report (ECF 105 at 2), Pierre's Fifth Amendment objections are baseless because Pierre has waived them, and they are otherwise unsupported in the law.[2] As the Court ruled in its November 14, 2024, Order, Pierre was required to produce documents by December 2, 2024, and "all objections to the subpoena's requests are deemed waived" by him. (*See* ECF 97 at 3.) That waiver includes the waiver of any Fifth Amendment right that Pierre may have had. *See Guggenheim Cap., LLC v. Birnbaum*, 722 F.3d 444, 453 (2d Cir. 2013) (affirming district court's entry of default against defendant who had willfully disobeyed discovery orders and had invoked Fifth Amendment privilege to each discovery request); *Parlin Funds LLC v. Gilliams*, 2012 WL 5265554, at *3 (S.D.N.Y. June 15, 2012), *report and recommendation adopted*, 2012 WL 5258984 (S.D.N.Y. Oct. 23, 2012) (entering default against defendants who responded to document requests with "Answering Defendants plead the Fifth Amendment" after court had deemed all objections waived).

As also summarized in the Discovery Status Report, even assuming Pierre's Fifth Amendment objection was somehow not waived, it is still ineffective for multiple reasons. *First*, the burden is on the party asserting the privilege to show that its invocation is proper, but Pierre has made no attempt to meet that burden. *See Huber v. Arck Credit Co., LLC*, No. 12-CV-8175 (JMF), 2016 WL 482955, at *6 (S.D.N.Y. Feb. 5, 2016).

*Second*, the Fifth Amendment does not protect business and personal documents that were voluntarily prepared because their creation was never compelled. *See S.E.C. v. Ryan*, 747 F. Supp. 2d 355, 363 (N.D.N.Y. 2010); *see also Buckingham v. Lewis Gen. Tires, Inc.*, No. 13-CV-6264W, 2015 WL 902306, at *2 (W.D.N.Y. Mar. 3, 2015) ("It is not clear whether plaintiff has withheld any documents on this theory, and it is doubtful that the Fifth Amendment privilege would allow him to do so."). Most of the requests in the Subpoena seek business documents that were voluntarily prepared, and thus, are squarely not protected by the Fifth Amendment. (*See, e.g.*, ECF 131-9 and ECF 131-10, Request Nos. 1, 3, 4, 5, 8, 9, 23, 24, 25, 28, 31, 32, 33, 34, 37, 38.) *See also S.E.C. v. Ryan*, 747 F. Supp. 2d at 364.

*Third*, any Fifth Amendment protection would not apply to a substantial number of the requests in the Subpoena because "[w]hen a person is required by law to create and maintain certain records and is asked to produce those records, the Fifth Amendment protection against self-incrimination is unavailing." *S.E.C. v. Ryan*, 747 F. Supp. 2d at 364. The "required record exception" applies to "real estate closing documents, loan and mortgage documents, promissory notes, escrow accounts, tax returns, and other related documents shared publicly and/or with third

---

[2] The history of Pierre's default in responding to the Subpoena leading to the Court-ordered waiver is summarized in the Discovery Status Report (EFC 105) and was discussed during the discovery conference with the Court held on October 28, 2024. (10/28/24 Hearing Tr. at ECF No. 93.)

Hon. Cheryl L. Pollak
January 17, 2025
Page 3

parties, such as banks, lenders, or investors." *Id.* For example, many of the Subpoena's requests seek bank records and related documents shared with banks and other third parties. (*See* ECF 131-9 and ECF 131-10, Request Nos. 8, 9, 25, 62.) The Subpoena also seeks loan documents and lease and rental documents. (*See id*. at Request Nos. 1, 60, 66, 67.) The Subpoena seeks tax returns and related tax documents shared with the IRS and New York State departments. (*See id*. at Request Nos. 28, 31.) It also seeks documents shared with third parties such as American Transit or New York State departments. (*See id*. at Request Nos. 32, 33, 34, 39.) Similarly, to the extent Pierre produced documents to the government as part of his criminal proceedings without invoking the Fifth Amendment, any objection to producing those records in this case is improper. (*See id*. at Request No. 27.)

\* \* \* \* \* \*

Pierre is in default of the Subpoena, has violated the Court's Compel Order and has ignored the directive in the Authority Order. Thus, he is in contempt of the Subpoena and the Compel Order. *See Comverse, Inc. v. Am. Telecommunications, Inc. Chile S.A.*, 2009 WL 464446, at *6 (S.D.N.Y. Feb. 24, 2009) (holding that failure to respond to subpoenas, comply with court order demanding production of that information, failure to seek modification of the court order, and failure to provide a reasonable explanation for noncompliance was "willful contempt warranting an award of attorneys' fees"). ATIC therefore requests that the Court issue an order holding Pierre in contempt and requiring him, in order to purge the contempt, to produce to ATIC all documents responsive to the Subpoena (without limitation) and to pay ATIC its legal fees and expenses incurred to obtain orders compelling Pierre to so comply with the Subpoena. *Id.; Leser v. U.S. Bank Nat'l Ass'n*, 2011 U.S. Dist. LEXIS 28127, at *48 (E.D.N.Y. Mar. 18, 2011) (imposing coercive monetary sanctions on witness, unless contempt was fully purged by producing documents by court-ordered deadline).

We are available to discuss the foregoing at the Court's convenience.

Respectfully submitted,

James W. Perkins

cc:   All Counsel of Record (via ECF)