# Exhibit A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------------
AMERICAN TRANSIT INSURANCE COMPANY,

                              Plaintiffs

       -against-

BRADLEY PIERRE, MARVIN MOY, M.D.,
RUTLAND MEDICAL P.C., WILLIAM A. WEINER,
D.O., NEXRAY MEDICAL IMAGING, P.C. d/b/a
SOUL RADIOLOGY MEDICAL IMAGING and
JOHN DOES 1-15

                              Defendants.
-----------------------------------------------------------------------------------

Docket No.: 1:24-cv-00360

**RESPONSE TO SUBPOENA**

       BRADLEY PIERRE ("CLIENT"), by his attorneys, Law Office of Cary Scott Goldinger, P.C, P.C., respond to Plaintiffs' non-party Subpoena, as follows:

## GENERAL OBJECTIONS

       Each and every demand, whether or not set forth in full below, is responded to subject to the following General Objections ("General Objections"). The General Objections form a part of the response to each and every response and are set forth here to avoid the duplication and repetition of restating them for each response. General Objections may be specifically referred to in a response to certain demands for the purpose of clarity. The failure, however, to specifically incorporate a General Objection should not be construed as a waiver of the General Objections.  By responding to these Demands, CLIENT does not concede the materiality of the subject to which it refers. CLIENT's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility of evidence or for any other purpose, of any of the information produced, or of the subject matter thereof: in any proceeding including trial of this action or any subsequent proceeding. CLIENT's responses are based upon information

presently known to them. CLIENT reserves the right to rely on any facts, documents, or other evidence that may develop or subsequently come to its attention, to assert additional objections, and to supplement and/or amend these responses. CLIENT also reserves the right to objects to the further disclosure of any document and/or information.

1. **Privileges**

CLIENT objects to these Demands to the extent that they may seek documents that are protected by the attorney client or work product privilege, or that constitute material prepared for litigation purposes. Inadvertent production of any document that is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objection to discovery with respect to the document or any other document, or its subject matter, of the information contained therein, or of CLIENT right to objects to the use of any such document of the information contained therein during any proceeding in this litigation or otherwise.

2. **Unduly Burdensome and Oppressive**

CLIENT objects to the Demands because they are unduly burdensome and oppressive, as follows:

    a. overly broad terminology

    b. overly broad time frame

    c. vague

3. **Information within CLIENT Possession**

CLIENT objects to the Demands as unduly burdensome and oppressive insofar as they seek documents already in other parties possession and/or control.

4. **Redundant and/or Cumulative**

CLIENT objects to these Demands as duplicative, redundant and/or cumulative and

purport to require CLIENT to produce information that is publicly available from other sources or in the possession of third parties.

### 5. Opinion or Legal Conclusions

CLIENT objects to the Demands to the extent that they call for opinions or conclusions of law.

### 6. Not Material or Necessary

CLIENT objects to the Demands to the extent they seek documents not material or necessary to the prosecution or defense of this action. FRCP 26 and 45. CLIENT objects to these Demands to the extent that they seek to impose obligations which are not consistent with and/or beyond the scope of those imposed or authorized by the Federal Rules of Civil Procedure. CLIENT particularly objects to any Demand to the extent it seeks documents, communications or information related to clients that are not listed on the Appendix attached to the subpoena and defined in the subpoena as "Relevant Clients."

### 7. Not Within CLIENT Possession, Custody or Control

CLIENT objects to these Demands to the extent that they require CLIENT to provide information or search for any document that is not within their possession, custody, or control.

### 8. Fifth Amendment Rights

CLIENT asserts his rights to invoke the Fifth Amendment and specifically his right against self-incrimination.

## RESPONSES TO DEMANDS

**REQUEST NO. 1**
All Documents concerning any agreement between, by, or among You, M4Y, or MRC on one hand, and Rutland, Moy, Nexray, or Weiner on the other, including any employment agreement, financing agreement, loan agreement, funding agreement, indemnity agreement, shareholder agreement, guarantee, operating agreement, consulting agreement, marketing agreement, lease, and sublease.

**RESPONSE NO. 1:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 2**
All Documents concerning Plaintiff.

**RESPONSE NO. 2:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 3**
All Documents, including Communications, concerning any payment, advancement of funds, or transfer of other consideration made by You, M4Y, or MRC to a healthcare clinic or provider, chiropractic services provider, acupuncture services provider, physical therapy provider, MRI or x-ray provider, surgical center, or hospital, that has (a) referred any patients to or (b) ordered or requested any service from Rutland and Nexray.

**RESPONSE NO. 3:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 4**
All Documents, including Communications, concerning any payment, advancement of funds, or transfer of other consideration that You, M4Y, or MRC made to or received from Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 4:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 5**
All Documents, including Communications, concerning any monies or other consideration owed by (a) Rutland, Moy, Nexray, or Weiner to You, M4Y, or MRC or (b) You, M4Y, or MRC to Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 5:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 6**
All Documents, including Communications, concerning any representation by Rutland or Nexray to any automobile insurance provider that either Rutland or Nexray is or was owned, operated, or controlled by a licensed medical practitioner.

**RESPONSE NO. 6:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions


**REQUEST NO. 7**
All Documents, including Communications, concerning any EUO involving Rutland, Moy, Nexray, or Weiner, including transcripts, exhibits, scheduling letters, and notices, and any Documents concerning Your preparation of a witness or Your instructions to prepare a witness.

**RESPONSE NO. 7:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 8**
All Documents, including Communications, concerning any bank account or escrow account, owned, operated, accessible, or controlled by You, M4Y, or MRC in which funds were deposited that had been received from or paid to Rutland or Nexray, including funds received or paid on behalf of Rutland or Nexray.

**RESPONSE NO. 8:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 9**
All bank records of Pierre, M4Y, and MRC.

**RESPONSE NO. 9:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 10**
All Documents, including Communications, concerning the referral of motor vehicle accident victims to any lawyer or law firm, including the Law Firm of Nonna Shikh.

**RESPONSE NO. 10:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 11**
All Documents, including Communications, concerning any arbitration or lawsuit (a) any lawyer or law firm filed on behalf of Rutland or Nexray against Plaintiff or (b) in which Rutland or Nexray were defended by any lawyer or law firm against Plaintiff.

**RESPONSE NO. 11:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 12**
All Documents, including Communications, concerning Moy or Rutland's clinical diagnoses, opinions, or referrals.

**RESPONSE NO. 12:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 13**
All Documents, including Communications, concerning any Weiner or Nexray MRI, MRI report, CT scan, CT scan report, x-ray, x-ray report, or any other diagnostic image or imaging report, including Communications concerning You suggestion of instruction to change, modify, or alter a report.

**RESPONSE NO. 13:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 14**
All Documents, including Communications, concerning any patient referral by You, M4Y, or MRC to Moy, Rutland, Weiner, or Nexray.

**RESPONSE NO. 14:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 15**
All Documents, including Communications, concerning Your, M4Y, or MRC's instruction, direction, suggestion, recommendation, or command to Moy or Rutland to (a) refer or direct patients to particular pharmacies or (b) prescribe medication from particular pharmacies.

**RESPONSE NO. 15:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 16**
All Documents, including Communications, concerning any payment or transfer of other consideration made by You, M4Y, or MRC to any hospital employee, 911 dispatcher, emergency medical personnel, or New York City Police Department personnel, including payments made via a runner or middleman.

**RESPONSE NO. 16:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 17**
All Documents reflecting or concerning Communications with Rose concerning Plaintiff, Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 17:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 18**
All Documents, including Communications, concerning any payment or transfer of other consideration made to Rose.

**RESPONSE NO. 18:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 19**
All Documents, including Communications, concerning any company or person that received a payment or other consideration from any medical clinic or provider, chiropractic services provider, acupuncture services provider, physical therapy provider, MRI or x-ray provider, surgical center, hospital, attorney, or law firm in exchange for patient referrals.

**RESPONSE NO. 19:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 20**
All Documents reflecting or concerning Communications with Prime concerning Plaintiff, Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 20:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 21**
All Documents, including Communications, concerning any payment or transfer of other consideration made by You, M4Y, or MRC to Prime.

**RESPONSE NO. 21:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 22**
All Communications with and concerning the individual identified as "Employee-1" on page 24 of the transcript of the Allocution.

**RESPONSE NO. 22:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 23**
Documents sufficient to Identify all current and former employees, officers, and directors of M4Y and MRC.

**RESPONSE NO. 23:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 24**
All Documents, including Communications, concerning (a) any service provided by Rutland or Nexray to any motor vehicle accident victim, (b) the referral of any motor vehicle accident victim to Rutland or Nexray, (c) Rutland or Nexray's billing of any insurer, including Plaintiff, for any service provided to any motor vehicle accident victim, or (d) Rutland or Nexray's collection of no-fault payment or reimbursement from any insurer, including Plaintiff.

**RESPONSE NO. 24:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 25**
All Documents, including canceled checks, deposit slips, ledgers, bank or credit card statements, wire or electronic funds transfer notices, invoices, bills, receipts, and Communications concerning any payment made by any automobile insurance provider, including Plaintiff, to Rutland or Nexray.

**RESPONSE NO. 25:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 26**
All Documents concerning any disclosure made by Rutland or Moy to any motor vehicle accident victim or patient concerning the existence of a financial relationship between (a) You, M4Y, or MRC and (b) Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 26:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 27**
All Documents You, M4Y, or MRC produced or received as part of, or in connection with, the case captioned *United States v. Pierre*, including all Documents and Communications You, M4Y, or MRC produced to or received from the United States, any defendant or third party in or concerning that case and all Documents and recordings listed on the document attached hereto as Exhibit B.

**RESPONSE NO. 27:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 28**
All federal and state income tax returns filed by or on behalf of You, M4Y, MRC, Moy, Weiner, Rutland, and Nexray.

**RESPONSE NO. 28:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 29**
All Communications with Haft concerning Rutland or Nexray, including Rutland or Nexray's assets or liabilities, operating performance, or financial condition.

**RESPONSE NO. 29:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 30**
All Documents prepared by Haft concerning Rutland or Nexray, funds You, M4Y, or MRC received from or paid to Rutland or Nexray.

**RESPONSE NO. 30:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 31**
All completed tax reporting forms, including IRS Forms W-2 and 1099, and New York State Forms NY-45 (Quarterly Combined Withholding, Wage Reporting, and Unemployment Insurance Return), issued or filed by or on behalf of You, M4Y, MRC, Rutland, and Nexray.

**RESPONSE NO. 31:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 32**

All No-Fault Verifications of Treatment by Attending Physician or Other Provider of Health Service (prescribed form NF-3) submitted by or on behalf of Rutland and Nexray to Plaintiff on which the response to Box 6 on page 1 did not state that the date of the relevant motor vehicle accident was the date when symptoms first appeared.

**RESPONSE NO. 32:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 33**
All forms NF-3 submitted by or on behalf of Rutland and Nexray to Plaintiff on which the response to Box 8 on page 1 thereof is "Yes" or otherwise indicates that the patient had previously had the same or a similar condition.

**RESPONSE NO. 33:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 34**
All forms NF-3 submitted by or on behalf of Rutland and Nexray to Plaintiff on which the response to Box 9 on page 1 thereof is "No" or otherwise indicates that the patient's condition was not solely the result of the relevant motor vehicle accident.

**RESPONSE NO. 34:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 35**
All Documents referencing or concerning shredding, deletion, or other destruction of Documents by or on behalf of M4Y, MRC, Rutland, Moy, Nexray, or Weiner, including Documents reflecting or concerning Communications directing any person to destroy any documents or agreements with any person or entity.

**RESPONSE NO. 35:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 36**
All Documents referencing or concerning the preservation of Documents by You, M4Y, or MRC, including Documents reflecting or concerning Communications directing any person to preserve any documents or agreements with any person or entity.

**RESPONSE NO. 36:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 37**
All Documents, including Communications, concerning advertising or marketing services rendered on behalf of Rutland or Nexray.

**RESPONSE NO. 37:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 38**

All Documents reflecting or concerning any agreement or transaction by which Rutland or Nexray has sold, assigned, pledged, or otherwise transferred an interest in its accounts receivable for services it has rendered and for which it has billed, including all such agreements with each person or entity receiving such interest, all records of payments or transfer of other consideration made to or received from each such person or entity, and all related UCC filings, security interests, bills, invoices, and Communications.

**RESPONSE NO. 38:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 39**

All Documents reflecting or concerning any report or notice by Rutland or Nexray concerning this or any other lawsuit to the New York State Department of Health, New York State Education Department, or other government entity, any insurer, financial institution, or other third party, and any response from or Communication with such third party.

**RESPONSE NO. 39:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 40**

All Documents, including Communications, concerning Rutland or Nexray's accounts receivable.

**RESPONSE NO. 40:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 41**

All Documents, including Communications, concerning any release of funds by You, M4Y, or MRC to pay Rutland or Nexray's construction and equipment lenders or any of their other lenders.

**RESPONSE NO. 41:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 42**

All Documents, including Communications, concerning Your letter, dated June 8, 2022 (attached hereto as Exhibit C), including any responses thereto.

**RESPONSE NO. 42:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 43**

All Documents, including Communications, concerning Kucherovsky, including any retainer agreement or engagement letter with Kucherovsky, or payments received from or paid to Kucherovsky.

**RESPONSE NO. 43:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 44**
All Documents, including Communications, concerning Kucherovsky's letter to You, dated May 24, 2023 (a copy of which is attached hereto as Exhibit D), including any responses thereto.

**RESPONSE NO. 44:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 45**
All Documents, including Communications, concerning Your letter to Kucherovsky, dated June 23, 2023 (a copy of which is attached hereto as Exhibit E), including any responses thereto.

**RESPONSE NO. 45:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 46**
All Documents, including Communications, concerning Your letter to Kucherovsky, dated June 23, 2023 (a copy of which attached hereto as Exhibit F), including any responses thereto.

**RESPONSE NO. 46:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 47**
All Documents, including Communications, concerning Nexray's notification to Russell Friedman Firm in or about April 2022, that MRC waive any security interests in Nexray's account receivables.

**RESPONSE NO. 47:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 48**
All Documents, including Communications, concerning MRC's refusal to consent to a release of funds to Nexray.

**RESPONSE NO. 48:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 49**
All Documents, including Communications, concerning the Financing Agreement, dated as of January 1, 2015, a copy of which is attached hereto as Exhibit G.

**RESPONSE NO. 49:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 50**
All Documents, including Communications, concerning the Financing Agreement, dated as of November 15, 2016, a copy of which is attached hereto as Exhibit H.

**RESPONSE NO. 50:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 51**
All Documents, including Communications, concerning the Financing Agreement, dated as of January 1, 2017, a copy of which is attached hereto as Exhibit I.

**RESPONSE NO. 51:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 52**
All Documents, including Communications, concerning the (a) Financing Agreement referenced in the First Amendment to such Financing Agreement (a copy of the First Amendment is attached hereto as Exhibit J), and (b) the First Amendment to such Financing Agreement.

**RESPONSE NO. 52:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 53**
All Documents, including Communications, concerning the case captioned *Nexray Medical Imaging P.C. and William Weiner v. Medical Reimbursement Consultants, Inc. and Russell Friedman & Associates, LLP*, Index No. 608566/2022, Supreme Court of the State of New York, County of New York, including any Documents produced or received by You or MRC in that action.

**RESPONSE NO. 53:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 54**
All Documents, including Communications, concerning the case captioned *Leon Kucherovsky, Esq. v. Rutland Medical P.C. and Medical Reimbursement Consultants, Inc.*, Index No. 609430/2023, Supreme Court of the State of New York, County of Nassau, including any Documents produced or received by You or MRC in that action.

**RESPONSE NO. 54:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 55**
All Documents, including Communications concerning the case captioned *The Russell Friedman Law Group, LLP f/k/a Russell Friedman and Associates, LLP v. Rutland Medical P.C. and Medical Reimbursement Consultants, Inc.*, Index No. 621026/2023, Supreme Court of the State of New York, County of Nassau, including any Documents produced or received by You or MRC

in that action.

**RESPONSE NO. 55:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 56**
All Documents, including Communications, concerning receivables collected by or owed to Rutland or Nexray in which M4Y or MRC had, has, or claims to have a security interest or other property interest.

**RESPONSE NO. 56:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 57**
All collection reports, aging reports, and statement of income concerning receivables collected by or owing to Rutland or Nexray.

**RESPONSE NO. 57:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 58**
All Documents concerning any pledges of collateral made by Rutland, Moy, Nexray, or Weiner to M4Y or MRC.

**RESPONSE NO. 58:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 59**
All Documents reflecting or concerning Communications with Bogoraz concerning Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 59:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 60**
All Documents, including Communications, concerning any (a) loan application submitted on behalf of Rutland or Nexray to any financial institution or lender, or (b) funds received by Rutland or Nexray from any financial institution or lender.

**RESPONSE NO. 60:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 61**
All Documents, including Communications, concerning any medical supplies or equipment, including MRI scanners, CT scanners, x-ray machines, owned, leased, or used by Nexray.

**RESPONSE NO. 61:**

CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 62**
All bank or credit card statements, profit and loss statements, balance sheets, income statements, and cash flow statements, or ledgers of Rutland or Nexray.

**RESPONSE NO. 62:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 63**
All Documents, including Communications, concerning Dr. Barbara Mariarty, Dr. Mark Decker, or Dr. Mark Novick.

**RESPONSE NO. 63:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 64**
All Documents, including Communications, concerning Your signing checks for or on behalf of Rutland or Nexray**.**

**RESPONSE NO. 64:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 65**
All Documents, including Communications, concerning the hiring or termination of any Rutland or Nexray personnel.

**RESPONSE NO. 65:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 66**
All Documents, including Communications, concerning any lease for Rutland or Nexray.

**RESPONSE NO. 66:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 67**
**All Documents, including Communications, concerning Rutland or Nexray's rent.**

**RESPONSE NO. 67:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 68**
All Documents, including Communications, concerning the selection or choice of counsel for Rutland, Moy, Nexray or Weiner in any action or arbitration.

**RESPONSE NO. 68:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 69**
All Documents, including Communications, concerning any agreement between, by, or among You, M4Y, or MRC on the one hand, and Tenenbaum Law, Tenenbaum, or Kravchenko on the other, including any retainer agreement, engagement letter, fee sharing agreement, escrow agreement, or collection agreement.

**RESPONSE NO. 69:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 70**
All Documents, including Communications, with or concerning Tenenbaum Law, Tenenbaum, or Kravchenko, including Documents reflecting or concerning any payment or transfer of other consideration to or from Tenenbaum Law, Tenenbaum, or Kravchenko.

**RESPONSE NO. 70:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 71**
All Documents, including Communications, concerning any agreement between, by, or among You, M4Y, or MRC on the one hand, and Russell Friedman Firm, Friedman, Klein, or Stamper, on the other, including any retainer agreement, engagement letter, fee sharing agreement, escrow agreement, or collection agreement.

**RESPONSE NO. 71:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 72**
All Documents reflecting or concerning Communications, concerning Russell Friedman Firm, Friedman, Klein, or Stamper's collection of funds on behalf of M4Y or MRC.

**RESPONSE NO. 72:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 73**
All Communications with Russell Friedman Firm, Friedman, Klein, or Stamper concerning Plaintiff, M4Y, MRC, Rutland, Moy, Nexray, or Weiner.

**RESPONSE NO. 73:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 74**
All Documents, including Communications, concerning any payment or other transfer of consideration by You, M4Y. MRC to Russell Friedman Firm or from Russell Friedman Firm to You, M4Y, or MRC.

**RESPONSE NO. 74:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 75**
All agreements, including retainer agreements and engagement letters, with any lawyer or law firm other than Russell Friedman Firm and Tenenbaum Law.

**RESPONSE NO. 75:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 76**
All Communications with Mintz, concerning the receipt or collection of funds or any payment or transfer of other consideration to Rutland, Moy, Nexray, or Weiner, but excluding Communications involving attorneys representing You in *United States v. Pierre*.

**RESPONSE NO. 76:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 77**
All Communications with Mintz, dated prior to January 1, 2022, concerning any financing agreement, but excluding Communications involving attorneys representing You in *United States v. Pierre*.

**RESPONSE NO. 77:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 78**
All Documents reflecting or concerning the work performed by any attorney acting on Your, M4Y, or MRC's behalf as concerns Rutland, Nexray, Moy, or Weiner during the period 2008 to 2022, including Documents reflecting or concerning no fault invoice collection efforts, escrow agreements, collection accounts, financing agreements, loan agreements, Communications with healthcare providers, x-ray, CT scan, MRI or other patient imaging procedures, expected deposition testimony or any other subject addressed in Your allocution in *United States v. Pierre* held on December 18, 2023.

**RESPONSE NO. 78:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 79**
All Documents reflecting Communications with any attorney or other agent concerning Rutland, Nexray, Moy, Weiner, M4Y, MRC, Russell Friedman Firm, Friedman Tenenbaum Law, Tenenbaum, Kravchenko, Kucherovsky between 2008 to 2022.

**RESPONSE NO. 79:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**REQUEST NO. 80**
You Documents concerning Your, M4Y, or MRC's us of any check-cashing service, including any agreement with each person providing such service, any payment made to or received from such person, and a copy of each check cashed with that service.

**RESPONSE NO. 80:**
CLIENT Invokes the Fifth Amendment right to refuse to answer questions

**PLEASE TAKE NOTICE** that CLIENT reserves the right to supplement and/or amend this response up to the time of trial.

Dated: Garden City, NY
      November 29, 2024

                              Law Office of Cary Scott Goldinger, P.C.
                              *Attorneys for BRADLEY PIERRE*

                By: _____
                              Cary Scott Goldinger, Esq.
                                (CSG 4983)
                              400 Garden City Plaza Suite 420
                              Garden City, New York 11530
                              (516) 227-3344

TO:  Adam Dressler, Esq. (via email)
      James Perkins, Esq. (via email)
      Skip Short, Esq. (via email)
      Matthew Conroy, Esq. (via email)