**Law Office Of**
**CARY SCOTT GOLDINGER P.C.**
400 Garden City Plaza, Suite 420
Garden City, New York 11530
(516) 227-3344  Fax (516) 227-3351
www.goldinger.com

**CARY SCOTT GOLDINGER**                                                                                  csg@goldinger.com
_____

January 24, 2025

***VIA ECF***
Honorable Magistrate Cheryl L. Pollak
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**RE: American Transit Insurance Company v. Pierre et al**
**Docket No.: 1:24-cv-00360-RPK-CLP**

Dear Magistrate Pollak:

Please be advised that my office represents defendant Bradley Pierre in the above-mentioned matter. We are compelled once again to respond to the letter filed by Mr. Perkins on January 16, 2025 in connection with his letter motion requesting an order compelling Medical Reimbursement Consultants, Inc. ("MRC") to respond to a non-party subpoena to address the many false and misleading statements contained in his most recent communication to the court. While we do not represent MRC, who is not a party to this action, in connection with the subpoena, we are compelled to once again address the intentionally false statements made by Mr. Perkins about Mr. Pierre. His letter is a classic case of the pot calling the kettle black, in which he false asserts that our letters on behalf of Mr. Pierre contain false assertions about MRC's and Mr. Pierre's lack of culpability in the criminal case, while continuing to make nothing but bogus and false accusations against our client and MRC, who was never charged with a crime.

To reiterate, AT and Mr. Perkins entire claim against Mr. Pierre, is to try and convince this court that Mr. Pierre is 'guilty' of crimes he never plead guilty to and being 'guilty' of crimes he was accused of by the government which were never proven and where the government could not consummate its allegations after an exhaustive and expensive investigation. Regardless of how many times Mr. Perkins tries to blame Mr. Pierre of crimes he did not plead to and was not convicted of it does not change the outcome in AT's favor.  Quite frankly, Mr. Perkins' repeated false and meritless conclusions over pleas that did not happen and accusations against Mr. Pierre that could not be proven, should expose Mr. Perkins and his client to Rule 11 Sanctions. AT's entire case is predicated on these false and meritless allegations and conclusions. The bottom line is that the crimes ultimately plead to ***DO NOT*** render Rutland and/or Nexray ineligible for reimbursement under *Mallela*. No amount of posturing and excessive motion practice is going to change that.

In a nutshell, AT cannot assert collateral estoppel against Mr. Pierre on a *Mallela* violation because he was not convicted of any crimes that warrant that conclusion. Mr. Pierre did not plead guilty to

any such crimes, including health insurance fraud. Since these false allegations are at the very heart of AT's entire case and they are all not true, the court should consider imposing sanctions against AT and Mr. Perkins' under Rule 11. AT's entire case should fall like a ton of bricks because it lacks any foundation based upon the facts, the truth or the evidence.

As he has done repeatedly, Mr. Perkins tries to 'convict' Mr. Pierrer on AT's false theory that because the government accused Mr. Pierre of crimes it could not prove or consummate, (MRC was never charged) and ultimately accepted a plea from Mr. Pierre of a single count of tax evasion and a single count of bribery, that somehow Mr. Pierre is still 'guilty' of those crimes that were alleged but never consummated by the government. He even sets forth the only crimes that Mr. Pierre plead to in his January 16th letter, so clearly he knows exactly what he is doing in intentionally trying to convince this court that Mr. Pierre is guilty of crimes he was not convicted of nor pleaded guilty to.

There was no *Mallela* violation. AT cannot demonstrate that Rutland and/or Nexray were ineligible for reimbursement under *Mallela*. The crimes that Mr. Pierre and Dr. Weiner plead to do not get them there. No matter how many times AT makes the same false arguments and meritless conclusions as to what Mr. Pierre pleaded guilty to, it cannot change the pleas nor the fact that the government could not prove its case. Mr. Pierre's pleas to a single count of bribery and a single count of tax evasion do not render Rutland and/or Nexray ineligible for reimbursement under *Mallea* and no fault. Absent that, AT has no case.

In conclusion, the government could not consummate its case against Mr. Pierre or Dr. Weiner. MRC was *never* charged with a crime, never indicted and never plead guilty to a crime. The federal order ruled that the Government's application for an order of restitution by Dr. Weiner as to Farmers Insurance Exchange is denied-and that was after Dr. Weiner plead guilty to a health care crime, which Mr. Pierre never did. That same conclusion was reached not once, but twice by Justice Rademaker in the state court action, first by denying AT's initial motion to intervene, and then for a second time when the court DENIED in all respects, AT's motion to renew/reargue. Those three decisions are the very definition of precedent and why we fully expect Justice Muraca to follow the precedent set by these three decisions in state and federal court.

Quite frankly Mr. Perkins' continued 'objections' in furtherance of his client's meritless lawsuit warrant that the court should consider imposing Rule 11 Sanctions.

We thank the court for its courtesy and consideration herein.

Respectfully submitted.

Cary Scott Goldinger, Esq.
(CSG 4983)

James Perkins, Esq. (via ECF)
Matthew Conroy, Esq.(via ECF)
Adam Dressler, Esq.(via ECF)
Skip Short, Esq.(via ECF)

Case 1:24-cv-00360-RPK-CLP    Document 146    Filed 01/28/25    Page 3 of 3 PageID #: 4994