Law Office Of
**CARY SCOTT GOLDINGER P.C.**
400 Garden City Plaza, Suite 420
Garden City, New York 11530
(516) 227-3344  Fax (516) 227-3351
www.goldinger.com

**CARY SCOTT GOLDINGER**                                                                csg@goldinger.com

_____

January 31, 2025

*VIA ECF*
Honorable Magistrate Cheryl L. Pollak
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

        **RE: American Transit Insurance Company v. Pierre et al**
        **Docket No.: 1:24-cv-00360-RPK-CLP**

Dear Magistrate Pollak:

Please be advised that my office represents defendant Bradley Pierre in the above-mentioned matter. We are compelled once again to respond to the letter filed by Mr. Perkins on January 17, 2025 in connection with our letter to Your Honor citing the legal authority for Mr. Piere invoking his constitutional right under the 5th Amendment in response to the subpoena served upon him by AT.

By now the court is fully aware of Mr. Perkins' legal strategy in this case, which is to make motion upon motion and serve an abundance of discovery to cover up the fact that his client has no meritorious case against the defendants. The only one benefiting from this mountain of paperwork is Perkins and his law firm.

Mr. Perkins continues with his onslaught of false accusations against Mr. Pierre and bald faced conclusions sans any documentary evidence or proof. Mr. Pierre ***never*** waived his 5th Amendment Privilege under the US Constitution. Further, there have been no orders issued by this court that state that any actions by Mr. Pierre were willful. To the contrary, Your Honor's Report and Recommendation specifically sets forth that Mr. Pierre's actions 'were not willful' and that he had a reasonable excuse for his late answer as well as meritorious defenses. The Report then concluded and recommended that his default be vacated, Mr. Pierre's answer accepted, and the case proceed on the merits. We are currently awaiting the Judge's decision.

AT and Mr. Perkins' entire claim against Mr. Pierre is an unavailing attempt to convince this court that Mr. Pierre is 'guilty' of crimes he never pleaded guilty to and 'guilty' of crimes he was accused of by the government which were never proven and where the government could not consummate its allegations after an exhaustive and expensive investigation. Regardless of how many times Mr. Perkins tries to blame Mr. Pierre of crimes he did not plead to and was not convicted of it does not change the outcome in AT's favor. Quite frankly, Mr. Perkins' repeated false and meritless conclusions over pleas that did not happen and accusations against Mr. Pierre that could not be

proven should expose Mr. Perkins and his client to Rule 11 Sanctions. AT's entire case is predicated on nothing but false and meritless allegations and conclusions. The recent Federal Court decision by Judge Paul Gardephe confirms this in reaching his conclusion regarding Nexray. No proof. No conviction. No money to be paid back to the insurance carrier. The bottom line is that the crimes ultimately plead to **_DO NOT_** render Rutland and/or Nexray ineligible for reimbursement under *Mallela*. No amount of posturing and excessive motion practice by AT is going to change that, and neither is Mr. Perkins' repeatedly stating that MRC is guilty by association and that allocutions constitute convictions.

In a nutshell, AT cannot assert collateral estoppel against Mr. Pierre on a *Mallela* violation because he was not convicted of any crimes that warrant such a conclusion. Mr. Pierre did not plead guilty to any such crimes, including health insurance fraud. Since these false allegations are at the heart of AT's entire case against Mr. Pierre and they are not true, they are without merit and the court should recognize that fact and consider imposing sanctions against AT and Mr. Perkins' under Rule 11.

The strategy employed by Mr. Perkins' on behalf of his client reminds me of a song from the hit Broadway show, Chicago, by the wonderful actor Jerry Orbach, from the Bronx, who originated the role of the lawyer Billy Flynn in the show. The song was called "Razzle Dazzle" and it means that when the lawyer has no case to present, he/she should attempt to 'razzle dazzle' everyone to distract from the fact that the case was without merit. Those lyrics clearly hit home in the instant action where AT has Mr. Perkins trying to 'razzle dazzle' the court.. Unfortunately, neither Mr. Perkins' nor AT have any razzle or dazzle. What they have is a client willing to spend tons of money to litigate frivolous cases. The very same client that has insufficient reserves and litigates to delay and avoid paying bona fide claims while paying its owners millions of dollars in commissions and fighting with the NYS Department of Financial Services over its very existence.

As he has done repeatedly, Mr. Perkins tries to convince the court to 'convict' Mr. Pierrer on AT's false theory that because the government accused Mr. Pierre of crimes it could not prove or consummate, (MRC was ***never*** charged) and ultimately accepted a plea from Mr. Pierre of a single count of tax evasion and a single count of bribery, that somehow Mr. Pierre is still 'guilty' of those crimes that were alleged but never consummated by the government. He even sets forth the only crimes that Mr. Pierre plead to in his January 16th letter, so clearly he knows exactly what he is doing in intentionally trying to convince this court that Mr. Pierre is guilty of crimes he was not convicted of nor pleaded guilty to. No amount of discovery served or motions made will change the bottom line. However, since Mr. Pierre is still potentially subject to prosecution in other jurisdictions, he has the right to invoke his 5th Amendment privilege.

There was no *Mallela* violation. AT cannot demonstrate that Rutland and/or Nexray were ineligible for reimbursement under *Mallela*. The crimes that Mr. Pierre and Dr. Weiner plead to do not get them there. No matter how many times AT makes the same false arguments and meritless conclusions as to what Mr. Pierre pleaded guilty to, it cannot change the pleas that were entered and accepted nor the fact that the government could not prove its case. Mr. Pierre's pleas to only a single count of bribery and a single count of tax evasion ***do not*** render Rutland and/or Nexray ineligible for reimbursement under *Mallea* and no fault. Absent that, AT has no case.

In conclusion, the government could not consummate its case against Mr. Pierre or Dr. Weiner. MRC was *never* charged with a crime, never indicted and never pleaded guilty to a crime. The federal order by Judge Gardephe that the Government's application for an order of restitution by Dr. Weiner as to Farmers Insurance Exchange is denied-and that was after Dr. Weiner plead guilty to a health care crime, which Mr. Pierre never did is very compelling and relevant to this case. That same conclusion was also reached not once, but twice by Justice Rademaker in the state court action, first by denying AT's initial motion to intervene which motion was made by Mr. Perkins' on the same false allegations as in this case, and then for a second time when Judge Rademaker DENIED in all respects, AT's motion to renew/reargue. Those three (3) decisions are the very definition of precedent and why we fully expect Justice Muraca in the second Supreme Court state action to follow the precedent set by these decisions and also deny AT's motion to intervene.  While it is our and Mr. Pierre's criminal attorney's position that the sentence imposed for the only two crimes he pleaded to were excessive, that does not prohibit MRC, who was never indicted, charged or convicted of a crime,  from collecting monies due and owing MRC pursuant to legally binding agreements assigning the accounts receivable whereby MRC has a first lien secured position perfected by the filing of UCC-1's against both Nexray and Rutland superior to any other position. With respect to AT, they have no position as they are not in either state court action and therefore are not entitled to any funds due MRC.

Quite frankly Mr. Perkins' continued 'objections' in furtherance of his client's meritless lawsuit warrant that the court should consider imposing Rule 11 Sanctions. In that regard, our client would accept 50% of the total billings of Perkins' law firm in this action and the two state court actions.

We thank the court for its courtesy and consideration herein.

                                      Respectfully submitted.

                                      Cary Scott Goldinger, Esq.
                                          (CSG 4983)

James Perkins, Esq. (via ECF)
Matthew Conroy, Esq.(via ECF)
Adam Dressler, Esq.(via ECF)
Skip Short, Esq.(via ECF)