UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AMERICAN TRANSIT INSURANCE
COMPANY,

                      Plaintiff,

                v.                              **MEMORANDUM AND ORDER**
                                                      24-CV-360 (RPK) (CLP)

BRADLEY PIERRE, MARVIN MOY,
M.D., RUTLAND MEDICAL P.C.,
WILLIAM A. WEINER, D.O., and
NEXRAY MEDICAL IMAGING, P.C.
d/b/a SOUL RADIOLOGY MEDICAL
IMAGING,

                      Defendants.

-------------------------------------------------------x

RACHEL P. KOVNER, United States District Judge:

      Magistrate Judge Pollak's report and recommendation ("R. & R.") recommends granting defendant Bradley Pierre's motion to vacate default. For the reasons set forth below, the Court adopts Judge Pollak's recommendation that Bradley Pierre's default be vacated.

## BACKGROUND

### I. Factual Allegations

      Plaintiff filed this lawsuit in January 2024 against Bradley Pierre and several other defendants, including Rutland Medical P.C. and Nexray Medical Imaging, P.C. *See* Compl. (Dkt. #1). The complaint notes that Pierre pleaded guilty in 2023 to federal criminal charges of "conspiracy to commit bribery and conspiracy to defraud the Internal Revenue Service [("IRS")]." *Id.* ¶ 4. Those charges were predicated on a scheme, led by Pierre, to "pay[] bribes to 911 operators, and hospital employees, among others, in exchange for the referral of automobile

1

accident victims to Rutland . . . [which], in turn referred patients to Nexray." *Ibid.* Plaintiff alleges that, pursuant to that scheme, defendants "demanded payment for numerous . . . No-Fault [insurance] claims" from plaintiff, "the largest taxi and livery No-Fault liability insurer in New York." *Id.* ¶ 1. Plaintiff also alleges that those insurance claims were fraudulently submitted in violation of New York state law because "Rutland and Nexray . . . held themselves out as properly licensed professional corporations" even though they were "actually owned and controlled by Pierre—an unlicensed layperson." *Id.* ¶¶ 6–7.

Plaintiff asserts claims under the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. §§ 1961 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, and New York law against Pierre; Rutland; Nexray; Marvin Moy, M.D., Rutland's nominal owner; and William A. Weiner, D.O., Nexray's nominal owner. Compl. ¶¶ 6, 466–530.

## II. Procedural History

Pierre was served with the complaint on January 24, 2024, Aff. of Service (Dkt. #14), and in March 2024, the Clerk of Court entered a certificate of default against him after he failed to timely respond, Certificate of Default (Dkt. #22). In April 2024, plaintiff moved for a default judgment against Pierre and Rutland. *See* First Mot. for Default J. (Dkt. #34).

Pierre was served with both plaintiff's motion for default judgment and its motion for a preliminary injunction. *See* Mar. 19, 2024 Aff. of Service (Dkt. #31); Apr. 26, 2024 Aff. of Service (Dkt. #46). Plaintiff's motion for default judgment against Pierre and Rutland is still pending. *See* First Mot. For Default J.; R. & R. (Dkt. #77).

Pierre first appeared through his attorney on May 29, 2024. *See* Notice of Appearance by Cary Scott Goldinger (Dkt. #55); *see also* Notice of Appearance by Adam B. Dressler (Dkt. #58). Three weeks later, Pierre filed a letter motion requesting the vacatur of his default and an extension

2

of time to answer. *See* Mot. for Extension of Time ("Mot. for Ext.") (Dkt. #61); *see also* Opp'n to Mot. for Ext. (Dkt. #63). Judge Pollak denied that motion and directed Pierre to file a formal motion to vacate default. July 19, 2024 Order (Dkt. #69).

In July 2024, Pierre filed his motion to vacate default, Mot. to Vacate (Dkt. #73), which plaintiff opposes, Opp'n to Mot. to Vacate (Dkt. #74). Pierre asserts that after he was served with plaintiff's complaint, but before his deadline to answer, counsel representing him in related matters filed motions to withdraw that were ultimately granted. *See* Mem. of L. in Supp. of Mot. to Vacate ("Pierre Mem.") 7–8 (Dkt. #73-3); Mot. for Ext. 1–2. Pierre further asserts that he "attempted to negotiate with his original counsel to represent him . . . while at the same time [he] reached out to several attorneys to discuss engaging their services." Pierre Mem. 8. Upon being retained, Pierre's new counsel "engaged counsel for Plaintiff to vacate the default and allow for an answer to be filed," but the parties did not reach an agreement on these points. *Ibid.*; *see* R. & R. 3.

The Court referred the motion to vacate to Judge Pollak, who issued an R. & R. recommending that Pierre's motion to vacate default be granted, that Pierre be granted leave to file an answer, and that Pierre be ordered "to pay a reasonable portion of plaintiff's attorney fees in an amount to be determined by the Court at a later date." R. & R. 16. Judge Pollak first found that Pierre's default was not willful due to his asserted efforts to retain counsel after he was served with plaintiff's complaint and due to his counsel's efforts to negotiate with plaintiff's counsel to secure consent to vacatur of Pierre's default. *Id.* at 6–10. Judge Pollak then found that Pierre asserted a meritorious defense—that "he did not own, control, or operate either the Rutland or Nexray medical facilities." *Id.* at 10–14. Finally, Judge Pollak found that plaintiff "has not established meaningful prejudice" from vacatur of Pierre's default. *Id.* at 14–15.

3

Plaintiff timely objected to the R. & R., arguing that Pierre failed to satisfy his burden of establishing that he had not willfully defaulted and had presented a meritorious defense to plaintiff's claims. *See generally* Obj. (Dkt. #79).

## STANDARD OF REVIEW

### I. Report and Recommendation

A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). If a party timely objects to a magistrate judge's recommendation on a dispositive issue, the district court must "determine *de novo*" those parts of the ruling that have been "properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C. § 636(b)(1). Those parts of an R. & R. that are uncontested, or to which no proper objection has been made, may be reviewed for "clear error," *Alvarez Sosa v. Barr*, 369 F. Supp. 3d 492, 497 (E.D.N.Y. 2019) (citation omitted), which will be found only when, upon review of the entire record, the Court is "left with the definite and firm conviction that a mistake has been committed," *United States v. Bershchansky*, 788 F.3d 102, 110 (2d Cir. 2015) (citation omitted).

### II. Default

Federal Rule of Civil Procedure 55 "provides a 'two-step process' for the entry of judgment against a party who fails to defend." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (citation omitted). First, the party moving for a default judgment must obtain entry of default against the party who has failed to defend under Rule 55(a). *See ibid.*; Fed. R. Civ. P. 55(a). Then, the moving party must obtain entry of a default judgment under Rule 55(b). *Mickalis Pawn Shop, LLC*, 645 F.3d at 128; Fed. R. Civ. P. 55(b).

Following entry of default by the clerk or default judgment, defendants may move to vacate the entry of default pursuant to Rule 55(c). *See Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d

4

Cir. 1993). Under Rule 55(c), a court may set aside an entry of default "[f]or good cause shown." Fed. R. Civ. P. 55(c); *see Enron Oil Corp.*, 10 F.3d at 96. The Second Circuit has established three criteria that must be assessed to decide whether to relieve a party from default. Those factors are: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to the plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Enron Oil Corp.*, 10 F.3d at 96 (internal citations omitted).

Courts may also consider "[o]ther relevant equitable factors," such as "whether the failure to follow a rule of procedure was a mistake made in good faith and whether the entry of default would bring about a harsh or unfair result." *Ibid.* (citing *Sony Corp. v. Elm State Elecs., Inc.*, 800 F.2d 317, 320 (2d Cir. 1986)). "[T]he factors examined in deciding whether to set aside a default or a default judgment are the same, but "courts apply the factors more rigorously in the case of a default judgment." *Ibid.* "[B]ecause defaults are generally disfavored and are reserved for rare occasions, when doubt exists as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Ibid.* Still, as the movant, "defendants have the burden of proof." *State St. Bank & Tr. Co. v. Inversiones Errazuriz Limitada*, 246 F. Supp. 2d 231, 242 (S.D.N.Y. 2002), *aff'd*, 374 F.3d 158 (2d Cir. 2004); *see also State Univ. of N.Y. v. Triple O, LLC*, No. 21-2116-CV, 2022 WL 14177198, at *2 (2d Cir. Oct. 25, 2022) ("The movant bears the burden of demonstrating good cause for setting aside the default.").

## DISCUSSION

Judge Pollak correctly determined that Pierre's motion to vacate default should be granted. Plaintiff argues that Pierre's motion should be denied because Judge Pollak erred in finding that Pierre had not willfully defaulted and had presented a meritorious defense. With respect to the

5

first factor, plaintiff argues that Judge Pollak erred in finding the absence of willfulness because Pierre relied on unsworn statements to show his default was not willful and because, even considering such statements, Pierre's showing fell short. The Court assumes *arguendo* that the willfulness factor favors plaintiff. But as explained below, the remaining factors favor Pierre, and taking the factors together, the Court agrees with Judge Pollak's recommendation that the motion to vacate default be granted.

### I.     Pierre Has Established a Meritorious Defense to Plaintiff's Claims.

As Judge Pollak found, Pierre has presented a meritorious defense.

A defense is meritorious "if it is good at law so as to give the factfinder some determination to make." *State St. Bank & Tr. Co.*, 374 F.3d at 167. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default . . . , the defendant need not establish his defense conclusively, but he must present evidence of facts that, if proven at trial, would constitute a complete defense." *Ibid.* (citation omitted). The defendant in default "must present more than conclusory denials when attempting to show the existence of a meritorious defense." *New York v. Green*, 420 F.3d 99, 110 (2d Cir. 2005) (citation omitted).

Judge Pollak correctly found that Pierre presented a meritorious defense, specifically his "assertions that he did not own, control, or operate Rutland and Nexray." R. & R. 13. As Judge Pollak noted—and plaintiff does not dispute—those contentions constitute a valid defense because the viability of plaintiff's claims against Pierre depends on showing that he exercised *de facto* control over Rutland and Nexray. *See id.* at 11–12; Obj. 20–23.

Plaintiff raises two objections to Judge Pollak's finding. First, plaintiff argues that Pierre's plea allocution negates Pierre's denial by conclusively establishing his *de facto* control over Rutland and Nexray. *Id.* at 17–23. Second, plaintiff argues that Judge Pollak improperly shifted

6

the burden of proof to plaintiff by crediting Pierre's denial of *de facto* control over Rutland and Nexray in his unsworn legal memorandum and proposed answer. Obj. 11–13, 23–24.

As to plaintiff's first argument, Pierre's plea allocution does not conclusively negate Pierre's denial of *de facto* control over Rutland and Nexray. Plaintiff is correct that its claims against Pierre derive substantial support from Pierre's plea allocution. *See* Opp'n to Mot. to Vacate 13–16 (quoting, *inter alia*, Pierre Plea Hr'g Tr. 20:22–24:10 (Dkt. #74-2)); Obj. 18–19 (same); *Am. Transit Ins. Co.*, 2024 WL 2214525, at *2. But contrary to plaintiff's assertion, *see* Obj. 17–18, Pierre's plea allocution does not collaterally estop him from denying he exercised *de facto* control over Rutland and Nexray.

In this civil case, collateral estoppel would only apply to those issues established in Pierre's allocution that were "necessary to support" his criminal conviction. *In re Towers Fin. Corp. Noteholders Litig.*, 75 F. Supp. 2d 178, 181 (S.D.N.Y. 1999) (quoting *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 42–44 (2d Cir. 1986)). While Pierre did not dispute his control of Rutland and Nexray during his plea allocution, *see* Pierre Plea Hr'g Tr. 20:20–22:20, such control was not necessary to establish that he was guilty of the charges he pleaded to—conspiracy to commit bribery and defraud the IRS, *see id.* at 10:11–13:23 (describing the elements of conspiracy to commit bribery and defraud the IRS). Rather, Pierre's tax fraud and bribery convictions relied on income Pierre "hid . . . from the IRS" and bribes Pierre paid to "hospital employees" and "911 dispatchers" to obtain the "names and numbers of motor vehicles accident victims" whom others would then refer to Rutland and Nexray for treatment. *See id.* 22:21–24:17; *Kuar v. Mawn*, No. 08-CV-4401 (JFB) (ETB), 2011 WL 838911, at *8–10 (E.D.N.Y. Mar. 4, 2011) (holding that concession made during plea allocution did not collaterally estop plaintiff from contradicting the

7

concession in his civil case, because the concession "was superfluous for purposes of plaintiff's plea insofar as it did not relate to any of the elements of the offense").

Pierre's denial of *de facto* ownership thus speaks to a question of fact that remains open at this stage—even though Pierre's concession during his plea allocution "may undermine his claims." *Kuar*, 2011 WL 838911, at *10. Because Pierre's denial, "if proven at trial, would constitute a complete defense," it constitutes a meritorious defense that supports vacating his default. *State St. Bank & Tr. Co.*, 374 F.3d at 167 (citation omitted); *see U.S. Commodity Futures Trading Comm'n v. LaMarco*, No. 17-CV-4087 (DG) (JMW), 2022 WL 18859042, at *10–11 (E.D.N.Y. Dec. 27, 2022) (finding defendant asserted a meritorious defense by claiming an exemption, the application of which was "not litigated in the [defendant's] criminal case"), *report and recommendation adopted*, 2023 WL 2495869 (E.D.N.Y. Mar. 14, 2023).

As to plaintiff's second argument, Pierre's submissions are adequate to establish his asserted defense at this stage. Pierre asserts his denial of *de facto* control over Rutland and Nexray in his memorandum of law and proposed answer. *See* Pierre Mem. 10–12; Compl. ¶¶ 6–7; Proposed Answer ¶¶ 6–7 (Dkt. #73–5). Those of Pierre's co-defendants not in default, Nexray and Weiner, also deny Pierre's *de facto* ownership. *See* Answer by Nexray Medical Imaging, P.C. and William A. Weiner, D.O. ¶¶ 6–7 (Dkt. #40). In addition, Pierre submits an affidavit from his criminal defense attorney asserting that Pierre did not plead guilty to a charge of health care fraud, which was the criminal charge predicated on him being "the de facto owner of [the] medical clinics" and which was ultimately dismissed. Decl. of Roland G. Riopelle ¶¶ 4–6 (Dkt. #73-2). Pierre's assertions in his memorandum and proposed answer, as supplemented by his attorney's affidavit, are sufficient at this stage to meet his burden of showing a meritorious defense. *See Brien v. Kullman Indus., Inc.*, 71 F.3d 1073, 1077 (2d Cir. 1995) (relying on denial asserted in

8

attorney's affidavit in finding defendant "presented a meritorious defense" and holding that "the district court abused its discretion in denying [defendant]'s motion to vacate"); *see, e.g.*, *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 339–41 (S.D.N.Y. 2013) (relying on assertions in defendant's response memorandum); *Shariff v. Amanda Realty, Inc.*, No. 11-CV-2547 (SLT) (CLP), 2013 WL 5522444, at *8 (E.D.N.Y. Sept. 30, 2013) (relying on assertion in affidavit from defendant's attorney).

To be sure, Pierre does not submit his own affidavit in support of the arguments in his legal memorandum. And "unsworn statements in a memorandum of law are not evidence." *Peterson v. Syracuse Police Dep't*, 467 F. App'x 31, 34 (2d Cir. 2012) (citing *Kulhawik v. Holder,* 571 F.3d 296, 298 (2d Cir. 2009)). But in seeking to vacate a default, Pierre is not required to submit "conclusive evidence" in support of his asserted defense. *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). Pierre's proposed answer specifically denies his ownership and control of Rutland and Nexray. *Cf. Grp. One Ltd. v. GTE GmbH*, 625 F. Supp. 3d 28, 57 (E.D.N.Y. 2022) ("Where a defendant has not filed a responsive pleading or otherwise responded to the operative complaint . . . courts are generally unable to determine whether a meritorious defense exists."). And as discussed above, even though the affidavit of Pierre's criminal defense attorney does not directly deny Pierre's ownership or control of Rutland and Nexray, it seriously undermines plaintiff's asserted proof of that fact, which is critical to each of its claims against Pierre. *See Argus Rsch. Grp., Inc. v. Argus Sec., Inc.*, 204 F. Supp. 2d 529, 533 (E.D.N.Y. 2002) (finding a meritorious defense where defendant "raised a [fact] question" speaking to the asserted defense of laches even though defendant's submissions did "not establish that it will prevail on its defense"). Resolving "doubts . . . in favor of the defaulting party," the Court finds that Pierre has met his burden by submitting "some evidence" that he has a meritorious defense—his criminal defense

9

attorney's affidavit—along with his legal memorandum and proposed answer. *Enron Oil Corp.*, 10 F.3d at 96, 98; *see Brien*, 71 F.3d at 1077; *cf. Green*, 420 F.3d at 109–10 (holding that assertions consisting of "certain affirmative defenses" without "even a single affidavit or any other evidence" amounted to insufficient "conclusory denials").

Accordingly, Pierre has presented a meritorious defense, which weighs in favor of granting Pierre's motion to vacate.

## II. Pierre Has Established That Plaintiff Would Not Be Prejudiced by Vacatur.

Judge Pollak also correctly found that plaintiff would not be prejudiced by vacatur of Pierre's default. In the context of a motion to vacate default, "litigation expenses . . . . [and] delay alone [are] not a sufficient basis for establishing prejudice." *Henry v. Oluwole*, 108 F.4th 45, 52 (2d Cir. 2024) (citation omitted). "Rather, it must be shown that delay will result in the loss of evidence, create increased difficulties of discovery, or provide greater opportunity for fraud and collusion." *Id.* at 52–53 (citation omitted). As Judge Pollak noted, the case is at a relatively early stage such that there are no evidentiary or discovery concerns counseling against vacatur, and plaintiff has not offered evidence of prejudice beyond the litigation expenses and delay that are insufficient to make the requisite showing. *See* R. & R. 14. Accordingly, the absence of cognizable prejudice to plaintiff weighs in favor of granting Pierre's motion to vacate.

## III. The Competing Factors Favor Granting Pierre's Motion to Vacate.

Even if Pierre's default was willful, Pierre has established that he has a meritorious defense and that plaintiff will not be prejudiced by vacating the entry of default and allowing Pierre to answer. Courts often vacate defaults under these circumstances. *See Henry*, 108 F.4th at 52 (finding district court abused its discretion in "failing to set aside the default judgment because the second and third *Enron* factors—prejudice and a meritorious defense—strongly favored lifting the

10

default judgment," even assuming that "the first factor—willfulness—weighed in the other direction"); *see, e.g.*, *Wagstaff–EL v. Carlton Press Co.*, 913 F.2d 56, 57 (2d Cir. 1990); *Glob. Gold Mining, LLC v. Ayvazian*, 983 F. Supp. 2d 378, 387 (S.D.N.Y. 2013), *aff'd in relevant part*, 612 F. App'x 11 (2d Cir. 2015).  Keeping in mind the strong public policy disfavoring defaults, these competing factors "should be resolved in favor of the defaulting party." *Enron Oil Corp.*, 10 F.3d at 96.

Moreover, as Judge Pollak concluded without objection from plaintiff, *see* R. & R. 14; *see generally* Obj., the fact that plaintiff seeks millions of dollars in damages from Pierre, *see* Compl. 92–93, further counsels in favor of resolving this case on the merits rather than on the basis of Pierre's default, *see Sony Corp.*, 800 F.2d at 320 (noting that in adjudicating a motion to vacate under Rule 55(c) the district court can "consider[] whether the entry of default would lead to a harsh result or to the entry of a large money judgment").

**CONCLUSION**

Judge Pollak's recommendation that the motion to vacate default be granted is adopted, and Pierre's motion to vacate default is granted on the condition that Pierre pay plaintiff for reasonable attorney fees and costs incurred in litigating Pierre's default. Within twenty-one days of this order, Pierre is directed to answer or otherwise respond to plaintiff's complaint, and plaintiff is directed to submit appropriate documentation to support the fee award as described in Judge Pollak's R. & R. Because the clerk's entry of default is vacated, plaintiff's motion for a default judgment against Pierre is denied. Plaintiff may refile its motion for default judgment against Rutland within thirty days of this order.

SO ORDERED.

       /s/ *Rachel Kovner*
      RACHEL P. KOVNER
      United States District Judge

Dated: March 19, 2025
      Brooklyn, New York