Law Office Of
**CARY SCOTT GOLDINGER P.C.**
400 Garden City Plaza, Suite 420
Garden City, New York 11530
(516) 227-3344  Fax (516) 227-3351
www.goldinger.com

**CARY SCOTT GOLDINGER**  csg@goldinger.com
____

March 20th, 2025

**<u>VIA ECF</u>**

Honorable Judge Rachel P. Kovner
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: <u>American Transit Insurance Company v. Pierre et al.</u>
    <u>Civil Case No.: 1:24-cv-00360-RPK-CLP</u>

Dear Judge Kovner:

This office represents Defendant Bradley Pierre and this letter is in response to Plaintiff's [150] Motion for a pre-motion conference in order to seek permission from the court to move to amend its complaint in order to add Medical Reimbursement Consultants, Inc. ("MRC") as an additional party to this action. It is Mr. Pierre's position that no pre-motion conference is necessary because such a motion by the plaintiff would be futile and the motion should, respectfully, be denied.

Plaintiff commenced the instant action in January 2024 against Bradley Pierre and several other defendants, including Rutland Medical P.C. and Nexray Medical Imaging, P.C. but chose not to name MRC as a defendant in its lawsuit, notwithstanding the fact that Plaintiff has known about MRC, Mr. Pierre, Rutland, Nexray and Dr. Moy for approximately 10 years before filing the instant action. For the plaintiff to now be allowed to add MRC as a party this late in the game is both prejudicial and futile, and in violation of the applicable statute of limitations for a Civil RICO action, which is 4 years. We are well beyond that time frame now.

In the case docketed as Civil Action No. 1:15-cv-0556-ERK-CLP, Allstate Insurance Company commenced a civil RICO action against multiple defendants, including Mr. Pierre, MRC, Rutland Medical P.C. and Dr. Marvin Moy, who are co-defendants in this action. Thus, plaintiff has known about MRC for over a decade now and yet chose not to pursue any potential claims that it may have had against MRC until now, and now it is too late. The plaintiff is statuted out. The Plaintiff named Rutland Medical P.C., Marvin Moy, M.D., William A. Weiner, D.O. and Nexray Medical Imaging, P.C. but chose to only name Bradley Pierre and not include MRC as a defendant. That was Plaintiff's choice and adding MRC as an additional party at this late date is prejudicial, futile and barred by the applicable statute of limitations.

Moreover, plaintiff's entire case is falsely predicated on the underlying theory that Mr. Pierre was found guilty of a *Mallela* violation, when in fact, that was not the case. Mr. Pierre only pleaded guilty to a single count of tax evasion and a single count of bribery. After an extensive and exhaustive investigation, the federal government could not prove that Mr. Pierre was guilty of health insurance fraud. Plaintiff's entire case is based upon these false allegations and unsubstantiated conclusions that Mr. Pierre was found guilty of health insurance fraud when he was not. The government ultimately accepted Mr. Pierre's plea to a single count of tax evasion and a single count of bribery. Period. The court is also in receipt of an affidavit from Mr. Pierre's criminal attorney, Roland G. Riopelle, Esq. asserting that Mr. Pierre did not plead guilty to a charge of health care fraud, which was the criminal charge predicated on him being the *de facto* owner of the medical clinics, which charge was ultimately dismissed. Decl. of Roland G. Riopelle para 4-6 (Dkt. #73-2). Nexray and Rutland also deny Mr. Pierre's *de facto* ownership. *See* Answer by Nexray and Dr. Weiner para 6-7 (DKT.#40).

Further, MRC was **never** charged with a crime and **never** pleaded guilty to a crime.

Plaintiff claims, without justification, that because Mr. Pierre did not object on the record to the statement of facts during his allocution, that somehow he was found guilty of crimes that were not proven against him or that he did not plead guilty to, and then plaintiff really stretches its false allegations by claiming that because Mr. Pierre was the sole owner of MRC, that means MRC is guilty of crimes not proven against Mr. Pierre nor crimes that Mr. Pierre did not plead guilty to. MRC is not guilty of anything and Mr. Pierre's plea agreement is limited to a single count of tax evasion and a single count of bribery and is not binding upon MRC. Further, it is most certainly <u>*not an admission of health insurance fraud by*</u> either Mr. Pierre or MRC. Moreover, Mr. Pierre's plea allocution does not collaterally estop him from denying

that he exercised *de facto* control over Rutland and Nexray. Mr. Pierre's denial of any *de facto* ownership in Rutland and Nexray constitutes a complete defense.

In addition, MRC *did not* admit to any crime. Mr. Pierre's plea agreement was in essence *nolo contendre* and the equivalent of an *Alfred* plea, as explained to me by Mr. Pierre's criminal defense attorney. His plea agreement *did not* provide for him to raise any objections at his allocution. Mr. Pierre did not admit the facts, he simply agreed not to dispute them. That is a significant difference. Further, MRC *did not* admit to anything at all.

In addition to the statute of limitations being a complete defense, it is Mr. Pierre's position that since plaintiff has made the identical argument in the two state court actions in its unavailing motions to intervene, which motions have been denied not once but twice by Justice Rademaker, it is now trying to backdoor its way into those cases by claiming entitlement to the funds that were collected on behalf of Rutland by the plaintiff law firms in the two state court actions. Those monies do not belong to plaintiff as the monies collected have nothing to do with plaintiff but rather involve other carriers who are not making any claims to the money. Moreover, MRC has a priority first lien position over everyone else by having perfected its first position by filing and perfecting a UCC-1 against the funds due and owning in those actions. As the motions were vigorously opposed, the decisions were on the merits and plaintiff is out of the case before Justice Rademaker and not in the case before Justice Muraca.

For all of the reasons set forth herein, including the absolute defense that plaintiff is barred by the applicable statute of limitations, plaintiff's request for a pre-motion conference to add MRC as a party should respectfully be denied.

We thank the court for its courtesy and consideration in this matter.

Respectfully submitted,

Cary Scott Goldinger
(CSG 4983)

Cc: All Counsel of Record (via ECF)