

James W. Perkins
(212) 801-3188
perkinsj@gtlaw.com

April 24, 2025

**VIA ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

      Re:    *American Transit Insurance Co. v. Pierre et al.*, 1:24-cv-00360-RPK-CLP –
              Motion to Compel Response to Subpoena from Marketing 4 You, Inc.

Dear Magistrate Judge Pollak:

      We are counsel to American Transit Insurance Company ("ATIC"), the Plaintiff in the above-captioned matter. We submit this letter to request that the Court issue an order, pursuant to Fed. R. Civ. P. 37 and Local Rule 37.3(c), compelling defendant Bradley Pierre's ("Pierre") wholly-owned company Marketing 4 You, Inc. ("M4Y") to comply with the subpoena ATIC served on it on February 11, 2025 (the "M4Y Subpoena," attached hereto as Exhibit A) or face an order of contempt. The M4Y Subpoena, which ATIC served via the New York State Secretary of State (*see* Affidavit of Service, attached hereto as Exhibit B), commanded M4Y to produce the requested documents by March 31, 2025, almost a month ago. (*See* Exhibit A at 1.)

      M4Y's default is not surprising as it just one of many defaults by Pierre and his companies in this action, as follows:

- Pierre defaulted in appearance for over four months after he was served with ATIC's Complaint. Pierre's motion to vacate default was recently granted on the condition that Pierre pay ATIC its reasonable attorney fees and costs incurred in litigating Pierre's default. (*See* ECF No. 153.)

- Pierre remains in default of the subpoena *duces tecum* served on him on August 21, 2024. On October 28, 2024, "the Court clearly Ordered defendant Pierre to respond to the requests set out in the plaintiff's subpoena within two weeks." *See* December 11, 2024 Electronic Order. Despite receiving an extension of time to respond to the subpoena, with the Court having ruled Pierre waived all of his objections, Pierre responded only by raising a blanket Fifth Amendment objection and provided none of the requested documents. *See id.* The Court then ordered Pierre to provide legal authority in support of his blanket objections, ATIC contends he has provided none,

Greenberg Traurig, LLP | Attorneys at Law
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com

Hon. Cheryl L. Pollak
April 24, 2025
Page 2

    and this dispute is currently before the Court for decision. (*See* ECF Nos. 143, 145.)

- Pierre's wholly-owned company Medical Reimbursement Consultants, Inc. ("MRC") is in default of the subpoena *duces tecum* served on it on August 23, 2024. ATIC served and filed a letter-motion to compel a response to the MRC subpoena. (ECF No. 135.) MRC did not respond to the motion, rather Pierre opposed it, and the motion is now before the Court for decision. (ECF No. 136.)

Moreover, MRC has not appeared to oppose ATIC's motion to amend the Complaint to add MRC as a defendant, filed on April 11, 2025. (ECF No. 164.) Rather, Pierre has requested more time to respond to it.

    Like the defaults in responding to the subpoenas to Pierre and MRC, M4Y's disregard of the M4Y Subpoena is willful. ATIC therefore respectfully requests that the Court issue an order compelling M4Y to comply with it.

    The M4Y Subpoena is critical as M4Y is a material witness in this case. As is alleged in this case, Pierre used M4Y to further the no-fault insurance scheme, which has been confirmed in the criminal proceedings in *United States v. Pierre*, No. 1:22-cr-00019-PGG (S.D.N.Y.) (the "Criminal Action"). During his allocution in the Criminal Action, Pierre acknowledged that he "utilized two companies in connection with the healthcare fraud and bribery schemes: Medical Reimbursement Consultants, or 'MRC,' and Marketing 4 You or 'M4Y.'" (*See* Criminal Action, Dkt. 355 at 24:8-10.) Pierre further acknowledged that he "hid his control over several of the Clinics and Nexray using phony loan agreements" (*id.* at 22:12-13) including through M4Y. Pierre acknowledged taking "over $20 million from the clinics by either transferring funds directly to bank accounts under his control," which includes M4Y's accounts, "or using the Clinics' bank accounts to pay his personal finances." (*Id.* at 21:13-16.)

    The foregoing facts show that the documents ATIC seeks by the M4Y Subpoena are material to ATIC's claims in this action. The M4Y Subpoena seeks documents concerning M4Y's role in the no-fault insurance scheme, including the collection of no-fault payments from ATIC to Defendants and payments Pierre made to third parties for illegal patient referrals. (*See* Exhibit A at Request Nos. 2, 3, 14-16, 19, 21, 22.) The M4Y Subpoena also seeks documents showing M4Y's control over Rutland and Nexray through the phony loan agreements Pierre acknowledged during his allocution (*see id.* at Request Nos. 1, 34-36) and documents concerning payments made to and from M4Y and Pierre, which relate to Pierre's acknowledgement that he took over $20 million from the clinics by transferring funds to bank accounts under his control. (*See id.* at Request Nos. 5, 48.) The Subpoena also seeks documents concerning M4Y's communications with an accountant who oversaw Pierre's finances. (*See id.* at Request Nos. 2, 25.)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Cheryl L. Pollak
April 24, 2025
Page 3

      Accordingly, for the reasons set forth above, ATIC respectfully requests that the Court issue an order compelling M4Y to comply with the M4Y Subpoena within 20 days of the Court's order or that it face an order of contempt.

                                    Respectfully submitted,

                                      James W. Perkins

Attachments

cc:    All Counsel of Record (via ECF)
        Marketing 4 You, Inc. (via Sue Zouky, Registered Agent)

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue  |  New York, New York 10017  |  T +1 212.801.9200  |  F +1 212.801.6400

www.gtlaw.com