**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

---

AMERICAN TRANSIT INSURANCE COMPANY,

                Plaintiff,

- against –

BRADLEY PIERRE, MARVIN MOY, M.D., RUTLAND MEDICAL P.C., WILLIAM A. WEINER, D.O., NEXRAY MEDICAL IMAGING, P.C. d/b/a SOUL RADIOLOGY MEDICAL IMAGING and JOHN DOES 1-15,

                Defendants.

1:24-cv-00360-RPK-CLP

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

GREENBERG TRAURIG, LLP
One Vanderbilt Avenue
New York, New York 10017
Tel: (212) 801-9200
Fax: (212) 801-6400

SHORT & BILLY, P.C.
15 Maiden Lane, Ste. 1100
New York, New York 10038
Tel: (212) 732-3320
Fax: (212) 732-3326

*Attorneys for Plaintiff American Transit Insurance Company*

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................. 1

FACTUAL BACKGROUND .................................................................................................. 2

    A.    MRC Was Central to the No-Fault Insurance Fraud Scheme. ................................ 2
    B.    MRC Is Actively Attempting to Collect the Proceeds of the Insurance Fraud Scheme. ............................................................................................................. 3
    C.    MRC is in Default of ATIC's Document Discovery Subpoena. ........................... 5
    D.    ATIC's Proposed Amendment ............................................................................... 5

LEGAL STANDARD .............................................................................................................. 5

ARGUMENT ........................................................................................................................... 6

    A.    ATIC States a Claim for Declaratory Judgment Against MRC (First Cause of Action). ............................................................................................................. 7
    B.    ATIC States a RICO Conspiracy Claim Against MRC (Fourth and Fifth Causes of Action). ................................................................................................. 8
    C.    ATIC Has Stated an Association-In-Fact Enterprise RICO Claim Against MRC (Sixth Cause of Action). ................................................................................ 9
    D.    ATIC States an Unjust Enrichment Claim Against MRC (Tenth Cause of Action). ................................................................................................................... 9
    E.    ATIC States Aiding and Abetting Fraud Claim Against MRC (Eleventh Cause of Action). ................................................................................................... 10
    F.    The Proposed Claims Are Not Time-Barred. ........................................................ 10
    G.    ATIC's Amendment Is Not Unduly Delayed, in Bad Faith, Futile, or Prejudicial. .............................................................................................................. 11

CONCLUSION ........................................................................................................................ 13

## **TABLE OF AUTHORITIES**

Page(s)

**Cases**

*Agency Holding Corp. v. Malley–Duff & Assocs.*,
   483 U.S. 143 (1987) ......................................................................................................... 10

*Agerbrink v. Model Serv. LLC*,
   155 F. Supp. 3d 448 (S.D.N.Y. 2016) ................................................................................. 6

*Allstate Ins. Co. v. Ahmed Halima*,
   No. 06-CV-1316, 2009 U.S. Dist. LEXIS 22443 (E.D.N.Y. Mar. 19, 2009) ......................... 11

*Allstate Ins. Co. v. Mirvis*,
   No. No. 08-CV-4405, 2015 U.S. Dist. LEXIS 37780 (E.D.N.Y. Mar. 2, 2015) ....................... 8

*Allstate Ins. Co. v. New Century Pharmacy Inc.*,
   No. No. 19-CV-5702, 2021 U.S. Dist. LEXIS 155361 (E.D.N.Y. Aug. 13,
   2021) .................................................................................................................................... 8

*Bankers Tr. Co. v. Rhoades*,
   859 F.2d 1096 (2d Cir. 1988) ............................................................................................. 11

*Block v. First Blood Assocs.*,
   988 F.2d 344 (2d Cir. 1993) ................................................................................................. 6

*Boyle v. United States*,
   556 U.S. 938 (2009) ............................................................................................................. 9

*Cruz v. FXDirectDealer, LLC*,
   720 F.3d 115 (2d Cir. 2013) ................................................................................................. 9

*First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*,
   385 F.3d 159 (2d Cir. 2004) ................................................................................................. 9

*Gov't Emples. Ins. Co. v. Mayzenberg*,
   No. 17-CV-2802, 2018 U.S. Dist. LEXIS 195890 (E.D.N.Y. Nov. 16, 2018) ....................... 12

*Gov't Empls. Ins. Co. v. IAV Med. Supply*,
   No. 11-CV-4261, 2013 U.S. Dist. LEXIS 28609 (E.D.N.Y. 2013) ................................. 7, 10

*Gov't Emps. Ins. Co. v. Li-Elle Serv.*,
   No. 12-CV-2157, 2014 U.S. Dist. LEXIS 38855 (E.D.N.Y. Mar. 21, 2014) .......................... 7

*Gov't Emps. Ins. Co. v. Spectrum Neurology Grp., LLC*,
   No. 14-CV-5277, 2016 U.S. Dist. LEXIS 19960 (E.D.N.Y. Feb. 17, 2016) .......................... 7

*Kucherovsky v. Rutland Medical, P.C., et al.*,
   Index No. 609430/2023 (Sup. Ct. Nassau Cty.) ................................................................... 3

*Morrow v. Black*,
   742 F. Supp. 1199 (E.D.N.Y. 1990) ..................................................................................... 8

*Pauwels v. Deloitte LLP*,
　83 F.4th 171 (2d Cir. 2023) ...............................................................................................10

*Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*,
　748 F.2d 774 (2d Cir. 1984)................................................................................................6

*Scalia v. Sarene Servs., Inc.*,
　740 F. Supp. 3d 251 (E.D.N.Y. 2024) .................................................................................6

*State Farm Mut. Auto. Ins. Co. v. Grafman*,
　655 F. Supp. 2d 212 (E.D.N.Y. 2009) ...............................................................................11

*State Farm Mut. Auto. Ins. Co. v. Valery Kalika*,
　No. 04-CV-4631, 2006 U.S. Dist. LEXIS 97454 (E.D.N.Y. Mar. 16, 2006) ..........................11

*State Farm Mutual Auto. Ins. Co. v. Mallela*,
　4 N.Y.3d 313 (2005) ...........................................................................................................2

*State Teachers Ret. Bd. v. Fluor Corp.*,
　654 F.2d 843 (2d Cir. 1981)................................................................................................6

*The Russell Friedman Law Group, LLP v. Rutland Medical, P.C., et al.*,
　Index No. 621026/2023 (Sup. Ct. Nassau Cty.) ..................................................................3

*United States v. Rastelli*,
　870 F.2d 822 (2d Cir. 1989)................................................................................................8

*Universal Entm't Events, Inc. v. Classic Air Charter, Inc.*,
　No. 15-CV-1104, 2016 U.S. Dist. LEXIS 29346 (E.D.N.Y. Mar. 8, 2016) ..........................10

*Zucker v. Porteck Glob. Servs. Inc.*,
　No. 13-CV-2674, 2015 U.S. Dist. LEXIS 144132 (E.D.N.Y. Oct. 23, 2015) ..........................6

**Other Authorities**

Fed. R. Civ. P. 15 ............................................................................................................................1

Fed. R. Civ. P. 15(a)(2) ...................................................................................................................6

Plaintiff American Transit Insurance Company ("ATIC") respectfully submits this memorandum in support of its motion pursuant to Federal Rule of Civil Procedure 15 for leave to amend its Complaint to add as a defendant Medical Reimbursement Consultants, Inc. ("MRC").

## INTRODUCTION

MRC, the wholly owned company of defendant Bradley Pierre ("Pierre"), is properly joined as a defendant because it was a central player in the defendants' No-Fault insurance billing fraud scheme that is at issue in this case. Pierre conceded as much in the related criminal action, *United States v. Pierre*, No. 1:22-cr-00019, pending in the United States District Court for the Southern District of New York (the "Criminal Action"), when he acknowledged that he used MRC and other companies to funnel millions of dollars of proceeds of illegitimate No-Fault insurance claims paid by unwitting insurance carriers, which include ATIC. Notwithstanding Pierre's guilty plea, 10-year prison sentence, and multi-million-dollar restitution obligation, MRC continues to pursue millions of dollars more of proceeds of the No-Fault insurance billing scheme. MRC meanwhile avoids all contact with this Court despite being the subject of pending motions. In particular, MRC was served a subpoena in this action but defaulted in responding to it and to a subsequent motion to compel. Nor did MRC file any response to ATIC's pre-motion letter request to join MRC as party to this case, even though it was served with a copy of that request.

Given MRC's documented involvement in the fraud scheme, ATIC's proposed amendment to add MRC as a defendant is proper. ATIC states meritorious claims against MRC. Moreover, the proposed amended complaint will not cause any prejudice to any party to this action, as discovery is in its early stages. Document discovery is incomplete, and no depositions have been noticed or taken. Moreover, ATIC's request to amend is timely, given MRC's current efforts to perpetuate the insurance fraud scheme by seeking to collect illegitimate No-Fault insurance claims

payments proceeds. Given the liberal standard governing the amendment of pleadings, ATIC should be permitted to amend its Complaint to add MRC as a defendant by filing the proposed Amended Complaint (the "AC") (a copy of which is attached as Exhibit A to the Declaration of James W. Perkins, dated April 11, 2025 (the "Perkins Decl.")).

## FACTUAL BACKGROUND

### A. MRC Was Central to the No-Fault Insurance Fraud Scheme.

According to Pierre, he used his wholly owned company MRC to exercise ownership and control over Defendants Rutland Medical, P.C. ("Rutland") and Nexray Medical Imaging, P.C. ("Nexray") and other medical providers. Pierre's ownership and control over these professional corporations was illegal, because without a professional license, neither MRC nor Pierre could lawfully operate a medical professional corporation, including collecting fees generated by those providers. (*See* ECF No. 35-2 at 20:22-21:22, 24:7-13; *see also* Compl. ¶ 6.) *State Farm Mutual Auto. Ins. Co. v. Mallela*, 4 N.Y.3d 313, 361-21 (2005). Pierre has acknowledged that he used MRC's purported loan agreements with Rutland, Nexray, and other providers surreptitiously to take control over the No-Fault billing from, and claims payments to, these providers. (*See* ECF No. 35-2 at 24:7-17; *see also* Compl. ¶ 397.)

In particular, during his allocution in the Criminal Action, Pierre acknowledged that he "utilized two companies in connection with the healthcare fraud and bribery schemes: Medical Reimbursement Consultants, or 'MRC,' and Marketing 4 You or 'M4Y.'" (ECF No. 35-2 at 24:8-10.) Pierre further acknowledged that he "hid his control over several of the Clinics and Nexray using phony loan agreements" (*id.* at 22:12-13) through MRC (*id.* at 24:7-13). He also acknowledged taking "over $20 million from the clinics by either transferring funds directly to

2

bank accounts under his control," including MRC's, "or using the Clinics' bank accounts to pay his personal finances." (*Id.* at 21:13-16.)

Given these conceded facts, when sentencing Pierre, the District Court in the Criminal Action observed: "Since 2008, the defendant has been self-employed as the CEO of *Medical Reimbursement Consultants, Inc.*, which he describes as a finance company that purchases claims from medical offices at a discounted rate and then seeks payment from insurance companies. *This is one of the companies through which Mr. Pierre perpetrated the fraud that brings us here today*." (ECF No. 74-5 at 23:5-11 (emphasis added).)  The phony financing agreements between MRC and the providers was a conduit that allowed Pierre to profit every step of the way in the fraudulent scheme. (*See* Perkins Decl. ¶¶ 5-8.)  Even Pierre's own attorney in commenting on the No-Fault fraud scheme conceded to the District Court during Pierre's sentencing: Pierre is "a leader of a nonviolent criminal enterprise" and "committed what is significant fraud." (*Id.* ¶ 8.)

**B.   MRC Is Actively Attempting to Collect the Proceeds of the Insurance Fraud Scheme.**

While Pierre is now serving a lengthy prison sentence for crimes he admittedly committed as part of the unlawful No-Fault insurance billing scheme, he is also evidently using MRC to continue to try to collect the proceeds of that scheme.  For example, MRC is now attempting, through state court interpleader actions and pursuit of attorneys who collected No-Fault claims in the name of Rutland, to collect over $4 million in No-Fault claims payments, notwithstanding Pierre's acknowledged illegal ownership and control of Rutland. *See Kucherovsky v. Rutland Medical, P.C., et al.*, Index No. 609430/2023 (Sup. Ct. Nassau Cty.) and *The Russell Friedman Law Group, LLP v. Rutland Medical, P.C., et al.*, Index No. 621026/2023 (Sup. Ct. Nassau Cty.) (the "RF Interpleader Action" and collectively, the "Interpleader Actions"). (*See also* ECF No. 35-2 at 20:22-21:11; ECF No. 122-7 at 8-10.)  Despite Pierre's acknowledgement to the contrary,

3

MRC nonetheless alleges in the Interpleader Actions that it is entitled to the No-Fault payments made to Rutland based on its purported financing agreement with Rutland, which Pierre acknowledged was phony. (ECF No. 35-2 at 22:12-20). MRC's counsel (who also represents Pierre in this case) has engaged in side-bar communications with at least one of the interpleader plaintiffs to demand the whereabouts of millions of missing collected no fault insurance claims payments and to demand those funds be turned over to MRC. (Perkins Decl. ¶ 10; ECF No. 131-8 at 3.)

Although one of the presiding Supreme Court justices in the Interpleader Actions ordered that the *res* must be deposited with the court clerk "given . . . the related criminal allegations pending before the United States District Court" (RF Interpleader Action, NYSCEF No. 52 at 4), MRC's counsel continues to request that the courts order the funds to be transferred to Pierre's control through MRC. (*See, e.g.*, *id*, NYSCEF No. 69 at 10 ("WHEREFORE, it is respectfully requested that the Court deny [ATIC]'s motion in its entirety and with prejudice and issue an Order directing Plaintiff to transfer all escrow funds collected to date to MRC c/o my law firm's escrow account…").) And in spite of this Court's May 16, 2024, preliminary injunction order which bars the prosecution of Rutland claims against ATIC (*see* ECF No. 52), MRC is also seeking in one interpleader action to obtain control of 900 Rutland claims so it can enforce them, which ATIC has opposed. (*See* RF Interpleader Action, NYSCEF No. 84 ¶ 11; *see also* NYSCEF Nos. 92-96; 99-100.) Not only is MRC seeking to take these No-Fault insurance proceeds and claims, it also is actively opposing ATIC's requests to intervene in those cases to protect it rights. (Perkins Decl. ¶ 10 n. 2.)[1]

---

[1] To date, the New York trial courts have not allowed ATIC to intervene in the interpleader cases. The court in the RF Interpleader Action ordered that the interplead funds (approximately $100,000) were to be turned over to the Supreme Court for safe-keeping and denied intervention and a motion to renew without prejudice before that deposit was made

4

### C. MRC is in Default of ATIC's Document Discovery Subpoena.

ATIC served a subpoena via the New York State Secretary of State on August 23, 2024, which was in turn delivered to MRC's agent for service of process. (*See* Perkins Decl. ¶ 12.) MRC failed to respond to the subpoena. ATIC then moved before Magistrate Judge Pollak for an order compelling MRC to respond to the subpoena. (ECF No. 135.) MRC did not respond to that motion either, but Pierre filed an opposition to it. (ECF No. 136.) The motion is *sub judice*.

To date, MRC has not responded to the subpoena, has never responded to ATIC's motion to compel, and remains in default of the subpoena over six months after the requested documents were due. Nor did MRC respond to ATIC's pre-motion letter concerning the present motion to amend. Pierre, however, has objected to the proposed amendment. (ECF No. 135.)

### D. ATIC's Proposed Amendment

ATIC seeks to add MRC as a co-defendant to the First (Declaratory Judgment), Fourth (RICO, Rutland Enterprise), Fifth (RICO, Nexray Enterprise), Sixth (RICO, Association in Fact Enterprise), and Tenth (Unjust Enrichment) Causes of Action. (AC ¶¶ 473-79; 494-515; 539-44.) ATIC also seeks to assert an aiding and abetting fraud claim against MRC. (*Id.* ¶¶ 545-52.) MRC is properly joined as a defendant because it was a central player in defendants' No-Fault insurance billing fraud scheme that is at issue in this case.

## LEGAL STANDARD

This Court is afforded broad discretion in permitting ATIC to amend its Complaint and add MRC as a defendant. The Federal Rules of Civil Procedure provide that courts should freely

---

in court. (Perkins Decl. ¶ 10 n.2.) The trial court in *Kucherovsky* (involving approximately $300,000 in interplead funds) has yet to rule on ATIC's intervention motion. (*Id.*) MRC has opposed American Transit's intervention and has moved in each case for an order allowing it to collect the Rutland payments. (*Id.*) ATIC has cross-moved as a claimant to those funds. (*Id.*)

5

grant leave to amend the pleadings when justice so requires.  *See* Fed. R. Civ. P. 15(a)(2).  Courts in this Circuit have consistently demonstrated a strong preference to grant leave to amend, viewing the Fed. R. Civ. P. 15(a)(2) directive that leave to amend be "freely give[n] . . . when justice so requires" as a "lenient standard." *Scalia v. Sarene Servs., Inc.*, 740 F. Supp. 3d 251, 275 (E.D.N.Y. 2024).  "Amendments are generally favored as they tend to facilitate a determination on the merits." *Zucker v. Porteck Glob. Servs. Inc.*, No. 13-CV-2674, 2015 U.S. Dist. LEXIS 144132 at *10 (E.D.N.Y. Oct. 23, 2015).

"Under this liberal standard, a motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448 (S.D.N.Y. 2016).  Courts have interpreted those exceptions narrowly.  An amendment is not futile when the proponent has "at least colorable grounds for relief." *Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc.*, 748 F.2d 774, 783 (2d Cir. 1984).  The amendment of a pleading results in undue prejudice only when the addition (1) requires the expenditure of significant additional resources to conduct discovery and prepare for trial; (2) significantly delays the resolution of the dispute; or (3) prevents the plaintiff from bringing a timely action in another jurisdiction.  *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993).  Finally, a court should not deny the right to amend on grounds of mere delay absent a showing of bad faith or undue prejudice.  *See State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981).

## ARGUMENT

ATIC's motion to amend should be granted because the AC states meritorious claims against MRC, and because none of the exceptions to the liberal standard for a motion to amend apply to bar ATIC's motion.

6

### A. ATIC States a Claim for Declaratory Judgment Against MRC (First Cause of Action).

"A court may issue a declaratory judgment only where the moving party has established the existence of an actual case or controversy." *IAV Med. Supply*, 2013 U.S. Dist. LEXIS 28609, at \*19-20. "The controversy must be 'real and substantial . . . admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" *Id.* at \*20. "Courts have discretion to issue a declaratory judgment and must consider whether the judgment would clarify the issues involved and finalize the controversy so as to offer relief from uncertainty." *Id.* "Courts in this District have granted declaratory judgment to insurers regarding payment of outstanding claims based on alleged fraud." *Id.*; *see Gov't Emps. Ins. Co. v. Li-Elle Serv.*, No. 12-CV-2157, 2014 U.S. Dist. LEXIS 38855, at \*19 (E.D.N.Y. Mar. 21, 2014) (holding that it was not appropriate for the court to abstain from entering declaratory judgment against defaulting defendant).

An actual case or controversy exists between ATIC and MRC because MRC, through a myriad of acts and omissions, has pursued and continues to pursue No-Fault claims from ATIC via its ownership and control of Rutland and Nexray in violation of New York law. (AC ¶¶ 475-79 ); *see Gov't Emps. Ins. Co. v. Spectrum Neurology Grp., LLC*, No. 14-CV-5277, 2016 U.S. Dist. LEXIS 19960, at \*13-14 (E.D.N.Y. Feb. 17, 2016) ("Courts in this district have found it appropriate to enter declaratory judgments where fraudulently incorporated medical services corporations have claims pending against an insurance company for payment of no-fault benefits."). ATIC alleges that without a declaration, MRC will continue pursuing collection of No-Fault payments from ATIC. (AC ¶ 479.) Accordingly, MRC is a proper defendant to ATIC's cause of action for declaratory judgment.

7

### B. ATIC States a RICO Conspiracy Claim Against MRC (Fourth and Fifth Causes of Action).

"To establish a RICO civil conspiracy claim, the complaint must specifically allege an agreement to commit predicate acts." *Allstate Ins. Co. v. New Century Pharmacy Inc.*, No. No. 19-CV-5702, 2021 U.S. Dist. LEXIS 155361, at *27 (E.D.N.Y. Aug. 13, 2021). "Plaintiffs must also sufficiently allege [the defendant] 'understood the scope of the enterprise and knowingly agreed to further its affairs through the commission of various offenses.'" *Id.* "The conspiracy may also be 'inferred from circumstantial evidence of the defendant's status in the enterprise and his knowledge of the wrongdoing.'" *Allstate Ins. Co. v. Mirvis*, No. No. 08-CV-4405, 2015 U.S. Dist. LEXIS 37780, *9 (E.D.N.Y. Mar. 2, 2015) (quoting *Morrow v. Black*, 742 F. Supp. 1199, 1208 (E.D.N.Y. 1990)); *see also United States v. Rastelli*, 870 F.2d 822, 828 (2d Cir. 1989) (holding that "it is sufficient that the defendant know the general nature of the enterprise and know that the enterprise extends beyond his individual role").

ATIC states a RICO conspiracy claim against MRC because MRC is a participant in both the Rutland and Nexray RICO enterprises. ATIC alleges MRC's actual knowledge of the scheme (including as shown by its participation), including its knowledge of each of the co-conspirator's roles in committing numerous predicate acts of mail fraud. (AC ¶¶ 494-507.) In addition, ATIC alleges MRC's fraudulent activities, including (1) participating in the unlawful ownership and control of Nexray and Rutland by one or more non-physicians (*i.e.*, Pierre through MRC), (2) committing mail fraud, (3) conspiring with other defendants to collect fraudulent bills that misrepresented medical services provided through Rutland and Nexray, and (4) misrepresenting Rutland and Nexray's eligibility for No-Fault benefits under New York law. (AC ¶ 497-98; 504-05.) ATIC has therefore stated a RICO conspiracy claim against MRC.

### C. ATIC Has Stated an Association-In-Fact Enterprise RICO Claim Against MRC (Sixth Cause of Action).

To establish an association-in-fact enterprise, a plaintiff must demonstrate "three structural features: a purpose, relationships among those associated with the enterprise, and longevity sufficient to permit these associates to pursue the enterprise's purpose." *Boyle v. United States*, 556 U.S. 938, 946 (2009). For an association of individuals and entities to qualify as an enterprise, they must "share a common purpose to engage in a particular fraudulent course of conduct and work together to achieve such purposes." *Cruz v. FXDirectDealer, LLC*, 720 F.3d 115, 120 (2d Cir. 2013) (quoting *First Cap. Asset Mgmt., Inc. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004)).

ATIC alleges that MRC is part of an association-in-fact enterprise with the other defendants with the common purpose of using the No-Fault system to commit fraud. As alleged in the AC, MRC participated in a scheme to engage in fraudulent activities, including but not limited to using the No-Fault system in New York State as a tool to commit improper acts against ATIC, for the shared purpose of enriching the defendants. (AC ¶¶ 508-15.) The AC further alleges that MRC and the other defendants worked together to achieve these purposes. (*Id.* ¶ 511.) ATIC therefore pleads an association-in-fact enterprise RICO claim against MRC.

### D. ATIC States an Unjust Enrichment Claim Against MRC (Tenth Cause of Action).

To state a claim of unjust enrichment under New York law, a plaintiff must allege: (1) the defendants were enriched; (2) the enrichment was at the expense of the plaintiff; and (3) the circumstances were such that equity and good conscience require the defendants to make restitution to the plaintiff. *See Pauwels v. Deloitte LLP*, 83 F.4th 171, 186 (2d Cir. 2023). ATIC alleges that MRC has been unjustly enriched at ATIC's expense as it received No-Fault payment

9

proceeds from the unlawful billing scheme, including from ATIC, and therefore MRC is not entitled to retain these payments. (AC ¶ 541-42); *see also Gov't Empls. Ins. Co. v. IAV Med. Supply*, No. 11-CV-4261, 2013 U.S. Dist. LEXIS 28609, at *9 (E.D.N.Y. 2013) ("Courts in this District have previously found that equity and good conscience require restitution from 'schemes to siphon money out of a statutory scheme [No-Fault laws] designed for the public good.'"). ATIC has, thus, pled a claim for unjust enrichment against MRC.

### E. ATIC States Aiding and Abetting Fraud Claim Against MRC (Eleventh Cause of Action).

"To establish a claim of aiding and abetting fraud, a plaintiff must allege: 1) the existence of a violation by the primary wrongdoer; 2) knowledge of this violation by the aider and abettor; and 3) proof that the aider and abettor substantially assisted in the primary wrong." *Universal Entm't Events, Inc. v. Classic Air Charter, Inc.*, No. 15-CV-1104, 2016 U.S. Dist. LEXIS 29346, at *16 (E.D.N.Y. Mar. 8, 2016). ATIC alleges that MRC had knowledge of the other defendants' fraud in presenting false No-Fault bills to ATIC and other providers for payment and provided substantial assistance to the other defendants in perpetrating the fraud, by serving as a conduit to launder proceeds of illegally obtained no fault claims insurance payments. These facts meet the elements for aiding and abetting liability against MRC. (AC ¶¶ 545-52.)

### F. The Proposed Claims Are Not Time-Barred.

In their letters opposing ATIC's pre-motion request to file this motion, defendants Pierre, Weiner, and Nexray argued that ATIC's motion to amend is futile because ATIC's claims against MRC are time-barred. (*See* ECF Nos. 154, 155.) Not so. Civil RICO claims are subject to a four-year statute of limitations. *See Agency Holding Corp. v. Malley–Duff & Assocs.*, 483 U.S. 143, 156 (1987). Moreover, for civil RICO claims, "a plaintiff's action accrues against a defendant for a specific injury on the date that plaintiff discovers or should have discovered that injury." *Bankers*

10

*Tr. Co. v. Rhoades*, 859 F.2d 1096, 1103 (2d Cir. 1988).  New York law similarly provides a six-year statute of limitations for fraud actions, which "recognize[s] the difficulty often encountered in unearthing a fraudulent scheme."  *State Farm Mut. Auto. Ins. Co. v. Valery Kalika*, No. 04-CV-4631, 2006 U.S. Dist. LEXIS 97454, *16 (E.D.N.Y. Mar. 16, 2006) (Pollak, M.J.).

As alleged in the Complaint, MRC's ongoing involvement in the fraudulent No-Fault scheme surfaced for the first time when it was revealed in the Criminal Action.  (*See* Compl. ¶¶ 4, 6, 434, 445.)  The indictment in the criminal action was unsealed on January 12, 2022.  As alleged, ATIC did not become aware of MRC or its involvement in the scheme until after that date. ATIC's RICO claims, therefore, all are well within the four-year limitation period, and are not time-barred. *See, e.g.*, *State Farm Mut. Auto. Ins. Co. v. Grafman*, 655 F. Supp. 2d 212, 226 (E.D.N.Y. 2009) (denying motion to dismiss RICO claims concerning No-Fault fraud scheme because, "[i]n light of plaintiff's allegations, it is plausible that plaintiff could not discover defendants' fraudulent scheme, or the scope of the involvement of particular defendants, until sometime after the actual injury occurred"); *Allstate Ins. Co. v. Ahmed Halima*, No. 06-CV-1316, 2009 U.S. Dist. LEXIS 22443, *21 (E.D.N.Y. Mar. 19, 2009) (denying motion to dismiss RICO claims concerning No-Fault fraud scheme because "the court finds plausible Plaintiffs' argument that they could not discover the Defendants' fraudulent scheme until a pattern of fraudulent claims developed").

### G.  ATIC's Amendment Is Not Unduly Delayed, in Bad Faith, Futile, or Prejudicial.

None of the exceptions to the liberal standard for a motion to amend apply that could arguably bar ATIC's proposed amendment.  ATIC's proposed amendment to add MRC as a defendant is not untimely, in bad faith, futile, or prejudicial to other parties.

*First*, as this case is in its early discovery stages, MRC cannot be prejudiced by being added as party now; nor is there prejudice to the other defendants.  Some documents have been produced

11

in this case, but document discovery is not complete, and no depositions have been noticed or taken. (Perkins Decl. ¶ 19.) For example, Pierre has defaulted in responding to a discovery subpoena, and after the Magistrate Judge's Order that Pierre had waived objections and compelled him to respond, Pierre refused, invoking alleged Fifth Amendment rights, which ATIC contests apply. (ECF No. 97, 101, 107, 111, 143, 145. *See also* December 11, 2024, Electronic Order.) The Magistrate Judge now has this dispute under consideration.

*Second*, ATIC's proposed amendment is timely because the claims are ripe. As discussed above, MRC was a participant in the fraudulent No-Fault billing scheme and is still active in the that scheme by continuing efforts to collect illegitimate claims payments proceeds. (*See supra* at 3-5; Perkins Decl. ¶¶ 10-11.)  As Pierre has acknowledged, he "utilized two companies in connection with the healthcare fraud and bribery schemes: Medical Reimbursement Consultants, or 'MRC,' and Marketing 4 You or 'M4Y'" and "hid his control over several of the Clinics and Nexray using phony loan agreements" through MRC. (ECF No. 35-2 at 24:7-13; 22:12-13.)

Pierre has argued that the denial of ATIC's request to intervene in one of the state court Interpleader Actions is grounds for denial of this motion. (ECF No. 154 at 3.) Pierre is wrong. *First*, MRC has no right to the interplead funds, some of which have been deposited with the Nassau County's Treasurers Office. (Perkins Decl. ¶ 10 n.2.) *Second*, one state courts' determination not to allow ATIC to intervene in an interpleader case involving discrete funds without prejudice, if any significance, confirms that this Court, which has already exercised jurisdiction over the other participants to the No-Fault insurance fraud scheme, is a proper forum to pursue its claims against MRC. See *Gov't Emples. Ins. Co. v. Mayzenberg*, No. 17-CV-2802, 2018 U.S. Dist. LEXIS 195890, at *29 (E.D.N.Y. Nov. 16, 2018) ("It is in the interests of judicial economy to resolve the controversy in a single action, rather than require the parties and the lower

12

courts to engage in piecemeal and repetitive litigation."). Additionally, this is a proper forum for ATIC to litigate its claims against MRC as this Court has exercised jurisdiction over Rutland claims—including the 900 Rutland claims of which MRC seeks to obtain control—by this Court's Order preliminarily enjoining Rutland and Nexray from prosecuting No-Fault claims and arbitrations against ATIC. (ECF No. 52.)

*Finally*, the proposed amendment is not futile because ATIC has meritorious claims for relief against MRC as shown above. (*See supra* at 7-10.)

## **CONCLUSION**

For the foregoing reasons, ATIC respectfully requests that the Court grant ATIC leave to amend its Complaint to add MRC as a defendant to this action and to file the [Proposed] Amended Complaint submitted as Exhibit A to the accompanying Declaration.

Dated: New York, New York
April 11, 2025

                                     GREENBERG TRAURIG, LLP

                                     By:    /s/ *James W. Perkins*
                                                    James W. Perkins
                                                    John C. Molluzzo Jr.
                                                    Gina Faldetta
                                                    One Vanderbilt Avenue
                                                    New York, New York 10017
                                                    (212) 801-9200
                                                    perkinsj@gtlaw.com
                                                    molluzzoj@gtlaw.com
                                                    gina.faldetta@gtlaw.com

                                                   SHORT & BILLY, P.C.

                                                   Skip Short
                                                   Ioanna Zevgaras
                                                   15 Maiden Lane, Ste. 1100
                                                   New York, New York 10038

(212) 732-3320
sshort@shortandbilly.com
ioanna@shortandbilly.com

*Attorneys for American Transit Insurance Company*