**Law Office Of**
**CARY SCOTT GOLDINGER P.C.**
400 Garden City Plaza, Suite 420
Garden City, New York 11530
(516) 227-3344  Fax (516) 227-3351
www.goldinger.com

**CARY SCOTT GOLDINGER**                                          csg@goldinger.com
___

June 18th, 2025

<u>*VIA* ECF</u>

Honorable Cheryl L. Pollock
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    **American Transit Insurance Company v. Pierre et al.**
             <u>**Civil Case No.: 1:24-cv-00360-RPK-CLP**</u>

Dear Judge Pollock:

      This office represents Defendant Bradley Pierre in connection with the above referenced action. We are writing in response to the June 16th, 2025 letter filed with the court by counsel for the Plaintiff, objecting to Mr. Pierre's right as a party in this action to oppose plaintiff's motion for a default judgment against defendant Rutland Medical P.C. ("Rutland"). We respectfully request that this court disregard Mr. Perkin's letter motion as more gamesmanship on the part of the plaintiff and to satisfy Mr. Perkin's monthly billing quota for this client and accept Mr. Pierre's papers and render its decision on the merits.

      Based upon the voluminous motions made in this action to date by the plaintiff and Mr. Perkins' revealing of his and his law firm's billing rates and billing practices- as presented to this court in his motion for 'reasonable' legal fees, it is abundantly clear that our conclusion as to Mr. Perkin's motives is on point.

      It is well founded that courts favor decisions on the merits, which was proven once again in both your Report and Recommendation and Judge Kover's decision adopting your Report and issuing an order vacating Mr. Pierre's default and stating that he has meritorious defenses, which if proven, would be a complete defense to all of the claims made by the plaintiff. The same holds true for Rutland, with the added proviso that if the court were to grant plaintiff's motion to default Rutland, that decision would be contradictory to its decision to vacate Mr. Pierre's default.

Moreover, we were not aware that any briefing schedule had been set on the plaintiff's motion to default Rutland. Our confusion is understandable considering the voluminous number of motions made by the plaintiff in this action that defendants have been compelled to oppose, as well as a number of motions made by the plaintiff in the two (2) pending state court actions.

As per usual, even though the court has vacated Mr. Pierre's default and we timely filed his answer, Mr. Perkins continues to refer to him as the 'defendant in default,' which is simply not true. No amount of whining by Mr. Perkins is going to change that fact nor is the plaintiff's ongoing conclusion that these defendants were all guilty of a *Mallela* violation going to make that true, when Mr. Perkins knows full well that Mr. Pierre only pleaded guilty to a single count of tax evasion and a single count of bribery. The judge in the criminal case ruled that Dr. Weiner's actions ***did not*** constitute a *Mallela* violation. Further, Rutland and Dr. Moy have not pleaded to any crime nor have they been convicted of any crime. In addition, Medical Reimbursement Corporation, ("MRC") was **_never_** charged with a crime, **_never_** pleaded guilty to a crime and is not a party in this action, although it is the subject of yet another in the series of plaintiff's motions before this court seeking to amend the caption which we have vigorously opposed.

This case is not about which party has the most money to spend or which law firm has the most lawyers to bleed the case, but whether or not the plaintiff can prove in this civil RICO action what the government ***could not prove*** in its criminal case against the defendants. In the criminal case, the government accepted the pleas of Mr. Pierre and Dr. Weiner and all other charges were dismissed. None of those pleas were for a *Mallela* violation.

As we have presented to this court, the plaintiff is a privately held insurance company operating out of Freeport, Long Island. Its reputation in the no fault and personal injury industry is that is does not pay claims-both for personal injuries and for medical services provided. Instead, upon information and belief, plaintiff's strategy is to spend its money on litigation against everyone to avoid and delay paying claims. Upon information and belief plaintiff has made a business decision that it is cheaper to litigate then to pay the claims, notwithstanding that its legal fees are millions of dollars, including this action, plaintiff has concluded that its principles make more money this way and that litigation fees are less costly than payments and putting up required reserves. That is also a well-known fact about plaintiff's ongoing issues with the NYSDOF and its being on the cusp of liquidation which has been going on for several years.

We have reached out on a number of occasions to Mr. Perkins to engage in good faith settlement discussions and he has to date, failed and refused to do so. He has informed defendants that his client would rather obtain a judgment and try to collect rather than to accept an offer within the actual financial means of the defendants, none of whom have any viable means of earning any money now and for the foreseeable future.

We have no objection to allowing plaintiff as much time as Mr. Perkins would like to respond. We are certain he will have nothing new to add.

Therefore, we respectfully request that this court accept Mr. Pierre's opposition papers and give them its due consideration in rendering its decision on plaintiff's motion to default Rutland on

the merits and consistent with this court's decision vacating Mr. Pierre's default and to avoid inconsistent and contradictory decisions.

  We thank the court for its courtesy and consideration in this matter.

              Respectfully submitted,

              Cary Scott Goldinger
               (CSG 4983)

Matthew Conroy, Esq.
Robert Hewett, Esq.
Adam Dressler, Esq.
James Perkins, Esq.
Skip Short, Esq.