

James W. Perkins
(212) 801-3188
perkinsj@gtlaw.com

June 25, 2025

**VIA ECF**

Hon. Cheryl L. Pollak
United States Magistrate Judge
United States District Court for the
 Eastern District of New York
225 Cadman Plaza East, Room 1230
Brooklyn, NY 11201

      Re:    <u>*American Transit Insurance Co. v. Pierre et al.*, 1:24-cv-00360-RPK-CLP</u>

Dear Magistrate Judge Pollak:

      We are counsel to Plaintiff American Transit Insurance Company ("ATIC") and write concerning ATIC's motion to strike (ECF No. 182) Defendant Bradley Pierre's untimely opposition (*id*. No. 181) to ATIC's motion for default judgment against Defendant Rutland Medical P.C. ("Rutland"). Although ATIC continues to believe Pierre's untimely opposition should be stricken for the reasons stated in its strike motion, this past Friday, June 20, 2025, ATIC provisionally filed its reply (*id*. No. 185) on the Rutland default judgment motion to meet the Court's briefing scheduling deadline. That filing will serve as the reply on the Rutland default judgment motion should the Court deny ATIC's strike motion.

      Aside from merits contentions which are addressed in ATIC's reply, Pierre's opposition to the strike motion (ECF No. 183) raises extraneous and inappropriate issues including the assertions that this firm is creating unnecessary litigation expense and ATIC has not engaged in settlement discussions in good faith. Neither assertion is true. As concerns the "make work" allegation, one need only review the docket to see the numerous defaults of Pierre and his wholly owned companies (Medical Reimbursement Consultants, Inc. and Marketing 4 You, Inc.) in responding to pleadings and discovery (*see, e.g.*, ECF Nos. 73, 97, 135, 167), his assertion of a meritless Fifth Amendment blanket objection in refusing to respond to discovery (*see id.* No. 101 at 2-3; December 11, 2024, Electronic Order), his unauthorized filings, including sur-replies (*see, e.g.*, *id.* Nos. 139, 146), and his frivolous pleadings (*see, e.g.*, *id.* Nos. 162, 168) each of which have forced a good part of the motion practice in this matter.

      As to the second issue, Pierre's revealing the content of purported settlement discussions is inappropriate and worthy of admonishment. *See Williams v. Epic Sec. Corp.*, 368 F. Supp. 3d 651, 662 (S.D.N.Y. 2019) (defendants' "reference to the settlement discussions and amounts offered is inappropriate"). Without going into the detail of the bid and ask, defendants' proposals have been unreasonable given the severe harm defendants have caused to ATIC by their fraudulent scheme and, accordingly, have been rejected.

**Greenberg Traurig, LLP | Attorneys at Law**
One Vanderbilt Avenue | New York, New York 10017 | T +1 212.801.9200 | F +1 212.801.6400

www.gtlaw.com

Hon. Cheryl L. Pollak
June 25, 2025
Page 2

      Finally, Pierre's assertions against ATIC and the way it operates its business are false and reckless. In fact, when ATIC does challenge presented claims, it is often in response to fraudsters like defendants, notably defendant Pierre, who prey upon no fault insurers by presenting false claims, and whose crimes surfaced in the related criminal action. Courts have recognized that under the no-fault system it is up to the insurers, like ATIC, to act as private attorneys general in litigation to help eradicate the fraud. *See State Farm Mut. Auto. Ins. Co. v. Tri-Borough NY Med. Prac. P.C.*, 120 F.4th 59, 85 (2d Cir. 2024) (insurers are "integral components" of New York State's No-Fault system, as they are "uniquely positioned to combat the depletion of public resources caused by fraudulent claims for No-Fault benefits"). That is precisely what is happening in this case.

                                              Respectfully submitted,

                                              James W. Perkins

Attachment

cc:      All Counsel of Record (via ECF)