UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN TRANSIT INSURANCE CO.,

                  Plaintiff,

        -against-

BRADLEY PIERRE, *et al.*,

                  Defendants.
----------------------------------------------------------X

**ORDER**
24 CV 360 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 17, 2024, plaintiff American Transit Insurance ("American Transit" or "plaintiff") commenced this action against defendants Bradley Pierre ("Pierre"), Marvin Moy, M.D. ("Moy"), Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15. (Compl. ¶ 1). Plaintiff alleges that defendants operated an illegal scheme to defraud plaintiff by collecting payments on non-compensable and fraudulent No-Fault insurance claims, and it asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and New York Public Health Law § 238(a). (Id.) Presently before the Court is plaintiff's Motion to compel document production pursuant to a Subpoena served upon third party Medical Reimbursement Consultants, Inc. ("MRC") (Pl.'s Ltr.[1]).

PROCEDURAL BACKGROUND

Plaintiff filed the Complaint on January 17, 2024. (ECF No. 1). On April 9, 2024,

---

[1] Citations to "Pl.'s Ltr." refer to plaintiff's letter motion filed on December 30, 2024 (ECF No. 135). Citations to "Def.'s Ltr." refer to defendant Pierre's response filed on January 6, 2025 (ECF No. 136). Citations to "Pl.'s Reply" refer to plaintiff's letter reply in support filed on January 10, 2025 (ECF No. 137). Citations to "Def.'s Sur-Reply" refer to defendant Pierre's sur-reply, filed without leave on January 14, 2025 (ECF No. 139).

plaintiff moved for default judgment against defendant Pierre (ECF No. 37), and the Court ordered that Pierre "either arrange with plaintiff to pay [the] costs of [a] default judgment motion or file [a] motion to vacate." (Minute entry, dated June 13, 2024). On July 26, 2024, Pierre moved to vacate the default (ECF No. 73), and on August 27, 2024, this Court recommended that the district court grant the motion to vacate default on the condition that Pierre pay a reasonable portion of plaintiff's attorney's fees.[2] (ECF No. 77). The district court adopted the Report and Recommendation on March 19, 2025. (ECF No. 153).

While that motion was pending, on August 23, 2024, plaintiff served a Subpoena duces tecum on Medical Reimbursement Consultants, Inc. ("MRC"), a nonparty company wholly owned by defendant Pierre. (Pl.'s Ltr. at 1). MRC never responded and, on December 30, 2024, plaintiff submitted this Motion to compel compliance with the Subpoena. (Id.) Defendant Pierre filed an objection to the Motion on January 6, 2025 (Def.'s Ltr.)[3] and plaintiff replied on January 10, 2025 (Pl.'s Reply). Defendant then filed two sur-replies without leave from this Court on January 14 and January 28, 2025, (ECF Nos. 139 and 146), which plaintiff has requested this Court strike (ECF Nos. 142 and 147).

## DISCUSSION

1. Motion to Compel

"Motions to compel and motions to quash[4] a subpoena are entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting

---

[2] This Court submitted a Report and Recommendation on the amount of the fee award on August 25, 2025, recommending that the district court order the payment due by September 9, 2025. (ECF No. 187).

[3] Defendant's counsel is not representing MRC and Pierre's objections are made on his behalf, not MRC's. (Pl.'s Ltr. at 1). MRC has not responded to the Subpoena, nor has it moved to quash.

[4] Defendant Pierre has not formally moved to quash the at-issue Subpoena. Rather, Pierre has filed objections to plaintiff's Motion to compel. (See Def.'s Ltr. at 1). As Pierre argues that the Subpoena should have "no force and effect," the Court addresses the objection as a motion to quash. Although a party generally does not have standing

2

United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007). A trial court's rulings with regard to discovery "are reversed only upon a clear showing of an abuse of discretion." Id., at *2 (quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998)). The party moving to quash a subpoena has the burden of establishing "that the information that is the subject of the subpoena is not discoverable." de Venustas v. Venustas Int'l, LLC, No. 07 CV 4530, 2008 WL 619028, at *2 (S.D.N.Y. Mar. 5, 2008) (citing Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). Moreover, a party generally lacks standing to quash or modify a subpoena directed to a non-party unless he is seeking to protect a personal privilege or right. Allstate Ins. Co. v. Zelefsky, No. 13 CV 5830, 2014 WL 12661264, at *1 (E.D.N.Y. Mar. 7, 2014).

    Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' " Garcia v. Benjamin Grp. Ent. Inc., 800 F.Supp.2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). " 'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.' " Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y.

---

to quash a non-party subpoena, courts have held that parties do have standing when they have legitimate privacy interests in the information sought. Meyer Corp. U.S. v. Alfay Designs, Inc., No. 2010 CV 3647, 2012 WL 3537001, at *1 (E.D.N.Y. Aug. 14, 2012). Here, Pierre asserts a Fifth Amendment privilege over the MRC documents (see infra at 6) and thus has standing to quash. See Estate of Ungar v. Palestinian Auth., 332 Fed. App'x 643, 644–45 (2d Cir. 2009). He also has a privacy interest over his company's "unrelated financial and business dealings." See Chemical Bank v. Dana, 149 F.R.D. 11, 13 (D. Conn. 1993) (finding standing to quash subpoena to counsel who represented party in previous business dealings).

2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)).  While the scope of discovery is "broad," it is not "limitless."  Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004).  Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case."  Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit."  Indeed, subpoenas under Rule 45 are not intended to provide an "end-run around the regular discovery process under Rules 26 and 34."  Burns v. Bank of Am., No. 03 CV 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007).  "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45."  Id. (citation omitted).

Federal Rule of Civil Procedure 45 sets forth the grounds upon which a party may move to quash a subpoena.  Specifically, the rule provides:

> On timely motion, the issuing court must quash or modify a subpoena that:
>
> (i) fails to allow a reasonable time to comply;
>
> (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person--except that .... the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
>
> (iii) requires disclosure of privilege or other protected matter, if no exception or waiver applies; or
>
> (iv) subjects a person to undue burden.

4

Fed. R. Civ. P. 45(c)(3)(A). Although defendant Pierre has not argued that the Subpoena should be quashed under any of the grounds enumerated by Rule 45, the Court reviews each in turn.

First, the Subpoena was served on MRC on August 23, 2024. MRC never responded and plaintiff American Transit's Motion to compel was filed nearly four months later, on December 30, 2024. Many courts, including the Eastern District, have found fourteen days from the date of service as a presumptively reasonable period to comply. See In re Rule 45 Subpoena Issued to Cablevision Sys. Corp. Regarding IP Address 69.120.35.31, No. 08 MC 347, 2010 WL 2219343, at *5 (E.D.N.Y. Feb. 5, 2010) (collecting cases). Indeed, Rule 45 was amended in 1991 to inter alia lengthen the time to object from ten days to fourteen. See Fed. R. Civ. P. 45(c)(2) advisory committee's note to 1991 amendment.

Relatedly, a motion to quash must be made "promptly…at or before the time specified in the subpoena for compliance therewith." City of New York v. Golden Feather Smoke Shop, Inc., No. 08 CV 3966, 2009 WL 1075762, at *2 (E.D.N.Y. Dec. 21, 2009) (citing Fed. R. Civ. P. 45(b)). Thus, for the motion to be considered timely, it "must be made prior to the return date of the subpoena." Id. at *2 (citing Estate of Ungar v. Palestinian Auth., 451 F. Supp. 2d 607, 610 (S.D.N.Y. 2006)). Here, the Subpoena's return date was September 30, 2024. (Pl.'s Ltr. at 1 & Ex. A). No objections to the Subpoena were filed until defendant Pierre objected on January 6, 2025, more than three months after the return date. (See generally, Def.'s Ltr.). Accordingly, in addition to there being sufficient time to respond to the Subpoena, Pierre's objection is far from timely. For this reason alone, the Court could grant plaintiff's Motion to compel.

Second, the Subpoena seeks documents, not testimony, and therefore requires no travel. Thus, the second ground to quash a subpoena have not been satisfied.

5

Third, the Subpoena does not require the disclosure of privileged or protected material. Defendant Pierre notes that he "is still subject to potential criminal charges in other jurisdictions, [and] he has the absolute right to invoke his Fifth Amendment privilege, which he never waived." (Def.'s Ltr. at 2). Although Pierre makes this point as a standalone non sequitur, the Court recognizes that Pierre has made a Fifth Amendment privilege claim in opposing another subpoena targeted directly at him, requesting similar documents (See ECF No. 146), and assumes he intended to argue that the Fifth Amendment is grounds to quash this Subpoena as well. Not so.

The Fifth Amendment provides that no person "shall be compelled in any criminal case to be a witness against himself." U.S. Const. amend. V. "It is well settled that the Fifth Amendment does not protect the contents of voluntarily prepared documents, whether business or personal" but "the act of producing evidence in response to a subpoena…has communicative aspects of its own, wholly aside from the contents of the papers produced." United States v. Bedell & Co., No. 06 CV 0342, 2006 WL 3813792, at *1 (E.D.N.Y. Oct. 30, 2006) (citations and quotations omitted). However, the Fifth Amendment is not grounds to prevent a corporation from producing documents, even when the production must be made by the sole shareholder of the corporation. Allstate Ins. Co. v. Howell, No. 09 CV 4660, 2010 WL 2091660, at *2 (E.D.N.Y. May 25, 2010) (citing Braswell v. United States, 487 U.S. 99, 108–09 (1988)). It also "bears noting that the production of records by the corporate custodian, whoever that may be, is an act of the corporation, not of the individual, and thus no evidentiary use of that act may be made against the custodian as an individual." Id. Defendant Pierre has identified no privileges or protections violated by this Subpoena.

6

Finally, Pierre has made no argument that producing the documents would create undue burden. In determining whether there exists undue burden, a court looks to "such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed." Libaire v. Kaplan, 760 F. Supp. 2d 288, 293 (E.D.N.Y. 2011) (quoting Ebbert v. Nassau Cnty., No. 05 CV 5445, 2007 WL 674725, at *4 (E.D.N.Y. Mar. 5, 2007)). Here, the documents sought are clearly relevant as MRC was central to the scheme alleged in this case, (See Compl. ¶¶ 94, 395, 396, 401, 403, 404, 417, 421, 431, 434, 445), and to the extent the requests are overbroad or not sufficiently tailored to the needs of the case, that is an objection that should have been raised in a timely response to the Subpoena or in a motion to quash filed by the target of the Subpoena, MRC.

2. Service of the Subpoena

Defendant Pierre "assert[s] that the subpoena is null and void and of no force and effect" because plaintiff served the Subpoena upon MRC via the Secretary of State and did not alert Pierre to the existence of the Subpoena until December 5, 2024. (Def.'s Ltr. at 1 (emphasis omitted)).

Federal Rule of Civil Procedure 45(a)(4) requires a party serving a subpoena on a non-party to provide each party with "a notice and copy of the subpoena." Fed. R. Civ. P. 45(a)(4). The Rule requires that "notice be given prior to the issuance of the subpoena, not prior to its return date." Zhang v. Wen Mei, Inc., No. 14 CV 1647, 2016 WL 7391997, at *12 (E.D.N.Y. Dec. 16, 2016) (quoting Murphy v. Board of Educ. of Rochester City Sch. Dist., 196 F.R.D. 220, 222 (W.D.N.Y. 2000)). Although some courts treat failure to abide by this requirement as grounds to quash the subpoena, the majority approach applied by courts, including the Eastern

7

District of New York, "requires that the aggrieved party demonstrate some form of prejudice resulting from the failure to provide advance notice." Id. (quoting Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 CV 5560, 2008 WL 4452134, at *3 (S.D.N.Y. Oct. 2, 2008). See also United States v. Rowe, 19 CV 5770, 2025 WL 895396, at *2 n.3 (E.D.N.Y. Mar. 24, 2025) (finding non-compliance with Rule 45(a)(4) was not a sufficient basis for denying a motion to compel where the record indicated that the parties were served with a copy of the subpoenas as of the date of the motion).

Here, plaintiff contends that because defendant Pierre was in default, he was not entitled to service as a defaulting party, but that plaintiff nevertheless provided him with a copy of the Subpoena on October 28, 2024. (Pl.'s Reply at 1). Plaintiff also contends that the appearing parties were timely served with notice of the MRC Subpoena and that those parties "even produced a copy of that Subpoena in their document production." (Id.)

Even assuming that defendant Pierre was entitled to notice of the Subpoena as a then-defaulting party, which this Court need not decide, he has not demonstrated any prejudice from the delay. Instead, his objections seem to be limited to a series of ad hominem attacks on plaintiff's counsel and a rehashing of his criminal action. (See generally Def.'s Ltr. (accusing plaintiff's counsel of "gamesmanship" and stating repeatedly that defendant Pierre has not pleaded guilty to healthcare fraud) & Def.'s Sur-Reply (calling plaintiff's counsel "sneaky")).

Thus, the Court finds no reason to deny plaintiff's motion to compel a response to the Subpoena.

3. Rule 11 Sanctions

Although the Court notes that defendant was not given leave to file a sur-reply and therefore both sur-replies should be stricken, see AA Med. P.C. v. Almansoori, No. 20 CV

8

03852, 2023 WL 4073772, at *2 (E.D.N.Y. June 19, 2023) (striking sur-reply filed without leave because "[s]upplemental filings…require leave of court"), the Court will briefly address defendant's contention raised in his sur-replies that plaintiff's counsel should be subject to Rule 11 sanctions for making "repeated false and meritless conclusions over pleas that did not happen and accusations against Mr. Pierre that could not be proven." (See Def.'s Sur-Reply at 1).

It is well settled in the Second Circuit that "the decision whether to impose sanctions is not mandatory, but rather is a matter for the court's discretion." Lorber v. Winston, 993 F. Supp. 2d 250, 253 (E.D.N.Y. 2014) (citing Perez v. Posse Comitatus, 373 F.3d 321, 325 (2d Cir. 2004)). This Circuit has held that orders granting Rule 11 sanctions should be "made with restraint." Schlaifer Nance & Co. v. Estate of Warhol, 194 F.3d 323, 334 (2d Cir. 1999).

Under Federal Rule of Civil Procedure 11(b), an attorney who presents "a pleading, written motion, or other paper" to the court certifies that a reasonable inquiry was preformed under the circumstances and "that to the best of the [attorney's] knowledge, information, and belief," the pleading:

> (1)…is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law; (3) the factual contentions have evidentiary support or…will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the denials of factual contentions are warranted on the evidence or ... are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). The Supreme Court has held that the Rule's central purpose "is to deter baseless filings in district court and ... streamline the administration and procedure of the federal courts." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 393 (1990), superseded on other grounds as recognized in De La Fuente v. DCI Telecomms., Inc., 259 F. Supp. 2d 250, 257

9

(S.D.N.Y. 2003). Thus, "Rule 11 imposes a duty on attorneys to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well-grounded in fact, legally tenable, and not interposed for any improper purpose." Id. (internal quotation omitted). In light of the relatively narrow scope of Rule 11, sanctions should be limited to what suffices to deter repetition of such conduct. Margo v. Weiss, 213 F.3d 55, 64 (2d Cir. 2000) (citing Fed. R. Civ. P. 11(c)). Further, the Advisory Committee Notes to Rule 11 provide that a Rule 11 motion should not be used "to test the legal sufficiency or efficacy of allegations in the pleadings," since other motions "are available for those purposes." See East Gluck Corp. v. Rothenhaus, 252 F.R.D. at 179 (quoting Fed. R. Civ. P. 11 Advisory Committee's note).

As an initial point, Rule 11 requires that a motion for sanctions "be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Any motion seeking Rule 11 sanctions that does not comply with that provision must be denied. Intravia ex rel. Intravia v. Rocky Point Union Free Sch. Dist., No. 12 CV 0642, 2014 WL 7338849, at *3 (E.D.N.Y. Dec. 22, 2014). See Williamson v. Recovery Ltd. P'ship, 542 F.3d 43, 51 (2d Cir. 2008) (affirming district court's denial of Rule 11 motion where defendants "failed to make a separate motion for sanctions under Rule 11"). Thus, in addition to the request for sanctions in two unauthorized sur-replies, the request fails for not complying with the requirements outlined in Rule 11.

Notwithstanding those deficiencies, defendant argues that plaintiff's counsel has made four misrepresentations: 1) he mischaracterized this Court's August 27, 2024 Report and Recommendation to grant defendant's motion to vacate because, according to defendant, the Report does not direct Pierre to pay plaintiff's legal fees as a condition of default; 2) he stated that plaintiff was a party in the state interpleader actions; 3) he "makes misleading statements as

10

to the impact of Judge Gardephe's decision and order" regarding Pierre's commitment that he did not dispute the facts in his allocation agreement; and 4) plaintiff's case is "predicated on the false theory that because the government accused Mr. Pierre of crimes it could not prove or consummate…and ultimately accepted a plea from Mr. Pierre of a single count of tax evasion and a single count of bribery, that somehow Mr. Pierre is still 'guilty' of those crimes that were alleged but never consummated by the government." (See generally Def.'s Sur-Reply).

As to the first representation, the Court finds that plaintiff did not misrepresent the Court's Report and Recommendation. Rather, defendant uses his unauthorized sur-reply to advance an unprompted misreading of the Report. This is not at odds with plaintiff's representation. (See Pl.'s Reply at 2 ("Whether the Magistrate Judge's…recommendation to excuse Pierre's default in appearance is accepted by the District Court, and Pierre then pay's ATIC's legal fees as a condition to vacatur, is a separate question from the consequences of MRC's default in responding to the MRC Subpoena.")). Contrary to defendant's interpretation, the Recommendation to vacate the default was conditioned on Pierre paying reasonable attorney's fees. (ECF No. 77 ("The Court further recommends that the district court order Pierre to pay a reasonable portion of plaintiff's attorney's fees").

As to the second representation, plaintiff never stated it was party to any of the state actions. It instead acknowledged that the interpleader actions "ha[ve] no bearing on the enforceability of the MRC subpoena" (see Pl.'s Reply at 2). The Court agrees.

The Court is concerned that the third and fourth representations reveal defendant's counsel's lack of understanding of the implications that come along with a guilty plea and the differences between civil and criminal litigation entirely. Defendant argues that plaintiff misrepresented that Pierre "acknowledged that he utilized two companies in connection with the

11

healthcare fraud and bribery schemes: Medical Reimbursement Consultants…and Marketing 4 You[;]" that he acknowledged "phony loan agreements[;]" and that he acknowledged that "he took over $20 million from clinics by transferring funds to bank accounts under his control." (Pl.'s Ltr. at 1–2 (citing United States v. Pierre, No. 22 CR 19, ECF No. 344 (the "Allocution Statement") at 20:22-21:11 & 24:8-10 (S.D.N.Y.)).  However, a review of the transcript of the plea allocution indicates that Pierre did plead to these facts in his Allocution Statement: he stated under oath that he "took over $20 million from the clinics by either transferring the funds directly to bank accounts under his control, or using the Clinic's bank accounts to pay his personal finances" (Allocution Statement at 21:12-24); that he "hid his control over several of the Clinics and Nexray using phony loan agreements" (id. at 22:12-20); and that he "utilized two companies in connection with the healthcare and bribery schemes: Medical Consultants…and Marketing 4 You."  (Id. at 24:7-17).  Further, Pierre told Judge Gardephe that he did not dispute any of these facts.  (Allocution Statement at 20:12-25:15 (Q. "Do you dispute anything that I just read?" A. "No, your Honor.")).

      More still, defendant repeatedly argues that "the government could not prove its allegations against Mr. Pierre" and that "Mr. Pierre did not plead guilty to health insurance fraud."  (See Def.'s Sur-Reply at 2 (emphasis omitted)).  In addition to there being no record of what the government could or could not prove had the case been brought to trial, the result of the criminal guilty plea is of no matter because there is a lower burden of proof in civil cases than in criminal cases. County of Suffolk v. Long Island Lighting Co., 710 F. Supp. 1387, 1400 (E.D.N.Y. 1989) (holding that "[i]n criminal cases proof beyond a reasonable doubt is required. In civil cases a preponderance of the evidence suffices.") (citation omitted).  It is thus entirely

12

possible for the evidence to prove the causes of action in the Complaint even if defendant Pierre did not plead guilty to criminal health insurance fraud.

Accordingly, the Court finds defendant's request for Rule 11 sanctions to be improper and entirely without merit and therefore denies the request.

## CONCLUSION

For the reasons stated above, the Court grants plaintiff's Motion to compel. MRC is Ordered to produce any responsive documentation on or before September 18, 2025 or provide an Affidavit asserting that a diligent search for responsive documents has been performed, and that there are no responsive documents in the possession, custody, or control of the company. Failure to provide responsive document and/or an Affidavit may result in the imposition of sanctions. Plaintiff's requests to strike defendant's unauthorized sur-replies are granted and the request for Rule 11 sanctions is denied as moot.

The parties shall file a status report as to compliance with this Order by September 25, 2025.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
August 28, 2025

                                           /s/ Cheryl L. Pollak
                                         Cheryl L. Pollak
                                         United States Magistrate Judge
                                         Eastern District of New York