UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN TRANSIT INSURANCE CO.

                Plaintiff,

    -against-

BRADLEY PIERRE, et *al.*,

                Defendants.

------------------------------------------------------------X

**REPORT AND RECOMMENDATION**
24 CV 360 (RPK) (CLP)

On January 17, 2024, plaintiff American Transit Insurance Company ("American Transit" or "plaintiff") commenced this action against defendants Bradley Pierre ("Pierre"), Marvin Moy, M.D. ("Moy"), Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, seeking damages and a Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201, 2202, based on defendants' alleged illegal scheme to defraud plaintiff by collecting payments on numerous non-compensable, false, inflated and fraudulent No-Fault insurance claims. ("Compl."). Plaintiff also alleges claims based on violations of N.Y. Public Health Law § 238(a), common law fraud, and unjust enrichment. (Id.) When defendants Moy and Rutland failed to file Answers or otherwise defend this action,[1] plaintiff requested entries of default for each, which the Clerk of the Court issued against Rutland on March 1, 2024 (ECF Nos. 19 & 21), and against Moy on July 2, 2024 (ECF Nos. 60 & 64).

---

[1] Defendant Moy, the owner of Rutland Medical P.C., allegedly disappeared in 2022 during a fishing trip onboard a recreational vessel off the coast of Long Island, an incident which Moy's counsel in the related criminal matter, United States v. Pierre, No. 22 CR 019 (S.D.N.Y.), has described as a "boating accident." (See ECF No. 42 at 2). To date, the parties have not informed the Court of Moy's whereabouts or of any developments in the ongoing search for him.

On March 9, 2024, plaintiff filed a motion for default judgment against both defendant Pierre and defendant Rutland. (ECF No. 34). The Court later recommended that the default against Pierre be vacated (ECF No. 77) and the district court, in adopting the recommendation, granted plaintiff leave to refile its motion for default judgment against Rutland. (ECF No. 153). On December 23, 2024, plaintiff moved for default judgment against defendant Moy (ECF No. 118) and on April 8, 2025, plaintiff moved for default judgment against defendant Rutland (ECF No. 157). Meanwhile, defendants Weiner and Nexray have answered the Complaint and have been actively participating in discovery and motions practice in the matter.

DISCUSSION

Plaintiff moves for default judgment against both defendant Moy and defendant Rutland pursuant to Federal Rule of Civil Procedure 55(b). Rule 55 sets forth a two-part procedure for entering a default judgment. See Enron Oil Corp. v. Diakuhara, 10 F.3d 90, 9596 (2d Cir. 1993). First, Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). The Clerk of Court enters a default by noting the defaulting party's failure to respond or appear. See Id. Second, if the defaulting party then fails to vacate the entry of default pursuant to Rule 55(c), the appearing party may seek a default judgment to establish liability and, if proven, damages. See Fed R. Civ. P. 55(b).

While the Second Circuit has recognized the pressure on district courts "to dispose of cases that . . . delay and clog [their] calendar[s]" due to the litigants' "disregard of the rules," the Circuit has instructed district courts to "maintain a balance between clearing [their] calendar[s]

and affording litigants a reasonable chance to be heard." Enron Oil Corp. v. Diakuhara, 10 F.3d at 95–96; see also Jeremiah v. 5 Towns Jewish Times, Inc., No. 22 CV 5942, 2023 WL 6593997, at *2 (E.D.N.Y. Aug. 9, 2023), report and recommendation adopted, 2023 WL 5703698 (E.D.N.Y. Sept. 5, 2023). Thus, in light of the "oft-stated preference for resolving disputes on the merits," defaults are "generally disfavored," and "doubt[s] should be resolved in favor of the defaulting party." Id. Furthermore, "[Rule 55(b)] states that a judgment by default 'may' be entered under specified circumstances, not that it must." Erwin DeMarino Trucking Co. v. Jackson, 838 F. Supp. 160, 162 (S.D.N.Y. 1993) (noting that courts must "supervise default judgments with extreme care to avoid miscarriages of justice."). Accordingly, a plaintiff is not entitled to a default judgment as a matter of right simply because the defendant is in default.

Where, as here, a plaintiff seeks a default judgment, the Court must consider whether entering a default judgment would be premature. See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, No. 06 CV 3140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)). Specifically, the Court must "expressly" determine that there is no reason to delay judgment against the defaulting parties until a later date. Fed. R. Civ. P. 54(b). There are no "fixed criteria" guiding the application of this rule. Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)). Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court." Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6). However, "default judgment cannot be issued where the relief

requested would prejudice actively litigating defendants." Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, plaintiff seeks common relief from Moy, Rutland, and the non-defaulting defendants Pierre,[2] Weiner, and Nexray.  (Compl. at First, Fourth, Sixth, Seventh, Eighth, and Tenth Causes of Action).  Additionally, the Court cannot easily determine the relieve sought from Rutland in the Second Cause of Action because, according to plaintiff, Rutland is actually owned and controlled by Pierre.  (ECF No. 118 at 1).  The Court cannot grant default judgment where plaintiff seeks "a unitary damages figure…against defaulting and non-defaulting defendants alike" because doing so creates "a risk that logically inconsistent awards could be entered." North Am. Specialty Ins. Co. v. Anchorage Constr. Corp., No. 21 CV 3558, 2022 WL 17820102, at *4 (E.D.N.Y. June 29, 2022), report and recommendation adopted by Electronic Order, dated Sept. 27, 2022 (quoting Abbott Laby's v. Adelphia Supply USA, 2020 WL 7643213, at *4 (alteration omitted).  Accordingly, the Court respectfully recommends that plaintiff's motions for default judgment against defendants Moy and Rutland be denied without prejudice and with leave to refile once plaintiff's claims against the non-defaulting defendants are resolved and the risk of inconsistent judgments is obviated.

## CONCLUSION

For the reasons stated above, the Court respectfully recommends that the district court deny plaintiff's motions for default judgment against defendants Marvin Moy, M.D. and Rutland

---

[2] On August 27, 2024, the Court recommended that defendant Pierre's motion to vacate default judgment against him be vacated on the condition that he pay attorney's fees.  (ECF No. 77).  The district court adopted the Court's recommendation (ECF No. 153) and, on August 25, 2025, the Court recommended that the district court order Pierre to pay those attorney's fees by September 9, 2025.  (ECF No. 187).  As such, defendant Pierre is not currently in default, pending his payment of attorney's fees.

Medical, P.C. without prejudice and with leave to refile once plaintiff's claims against the non-defaulting defendants are resolved.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the district court's order. See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
September 8, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York