UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN TRANSIT INSURANCE CO.,

                    Plaintiff,

      -against-

BRADLEY PIERRE, et *al.,*

                   Defendants.
------------------------------------------------------------X

**SUPPLEMENTAL REPORT AND RECOMMENDATION**
24 CV 360 (RPK) (CLP)

On January 17, 2024, plaintiff American Transit Insurance Company ("American Transit" or "plaintiff") commenced this action against defendants Bradley Pierre ("Pierre"), Marvin Moy, M.D., Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O., Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, seeking damages and a Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201, 2202, based on defendants' alleged illegal scheme to defraud plaintiff by collecting payments on numerous non-compensable, false, inflated and fraudulent No-Fault insurance claims. ("Compl."). Plaintiff also alleges claims based on violations of N.Y. Public Health Law § 238(a), common law fraud, and unjust enrichment. (Id.)

The Court supplements its August 25, 2025 Report and Recommendation in consideration of the fact that the Court has not received any notification of payment pursuant to its August 25, 2025 Report and Recommendation and that plaintiff's counsel has submitted the invoices in connection with its initial fee application.

DISCUSSION

A. Default Judgment

On April 9, 2024, plaintiff moved for default judgment against Pierre (ECF No. 37), and the Court ordered that Pierre "either arrange with plaintiff to pay [the] costs of [a] default judgment motion or file [a] motion to vacate." (Minute entry, dated June 13, 2024). On July 26, 2024, Pierre moved to vacate the default (ECF No. 73), and on August 27, 2024, this Court recommended that the district court grant the motion to vacate and order Pierre to pay a reasonable portion of plaintiff's attorney's fees. (ECF No. 77). The district court adopted the report and recommendation on March 19, 2025, granting the motion to vacate on the condition that Pierre pay attorney's fees. (ECF No. 153). On April 9, 2025, plaintiff's counsel submitted its fee application (ECF No. 163), and on August 25, 2025, the Court recommended that the district court grant the plaintiff's fee application and order Pierre to pay the fees by September 9, 2025. (ECF No. 187). The Court has not been notified that Pierre has paid the fees by the date set by this Court. Accordingly, the Court Orders plaintiff to submit a status letter by September 12, 2025 apprising the Court of the status of payment. The Court also respectfully recommends that, if Pierre has not, in fact, paid the required sum, that he be found to be violation of the court's order requiring Pierre to pay plaintiff's attorney's fees as a condition of the default being vacated, and that Pierre's motion to vacate the default be denied.

When considering whether to grant plaintiff's motion for default judgment, the courts must consider whether entering a default judgment would be premature. See Bleecker v. Zetian Sys., Inc., No. 12 CV 2151, 2013 WL 5951162, at *6 (S.D.N.Y. Nov. 1, 2013) (citing Chloe v. Zarafshan, No. 06 CV 3140, 2009 WL 2956827, at *4 (S.D.N.Y. Sept. 15, 2009)). Specifically, the court must "expressly" determine that there is no reason to delay judgment against the

2

defaulting parties until a later date.  Fed. R. Civ. P. 54(b).  There are no "fixed criteria" guiding the application of this rule.  Mitchell v. Lyons Pro. Servs., Inc., 727 F. Supp. 2d 116, 119 (E.D.N.Y. 2010) (citing Curtiss–Wright Corp. v. General Elec. Co., 446 U.S. 1 (1980)).  Rather, "[t]he decision of whether to enter a final judgment against some but fewer than all of the parties in an action is left to the sound discretion of the district court."  Abbott Lab'ys v. Adelphia Supply USA, No. 15 CV 5826, 2020 WL 7643213, at *2 (E.D.N.Y. Dec. 23, 2020) (citing Bleecker v. Zetian Sys., Inc., 2013 WL 5951162, at *6).  However, "default judgment cannot be issued where the relief requested would prejudice actively litigating defendants."  Knowles-Carter v. Feyonce, Inc., No. 16 CV 2532, 2017 WL 11567528, at *5 (S.D.N.Y. Sept. 23, 2017).

Here, plaintiff's motion for default judgment seeks common relief from Pierre and the non-defaulting defendants Weiner, and Nexray.[1]  (Compl. at First, Fifth, Sixth, Seventh, Ninth, and Tenth Causes of Action). The court cannot grant default judgment where plaintiff seeks "a unitary damages figure…against defaulting and non-defaulting defendants alike" because doing so creates "a risk that logically inconsistent awards could be entered."  North Am. Specialty Ins. Co. v. Anchorage Constr. Corp., No. 21 CV 3558, 2022 WL 17820102, at *4 (E.D.N.Y. June 29, 2022), report and recommendation adopted by Electronic Order, dated Sept. 27, 2022 (quoting Abbott Laby's v. Adelphia Supply USA, 2020 WL 7643213, at *4 (alteration omitted).

Accordingly, the Court respectfully recommends that if the motion to vacate is denied, the district court should enter default against defendant Pierre but only as to liability, giving plaintiff leave to refile a motion for default judgment as to damages once plaintiff's claims

---

[1] Plaintiff also seeks common relief from defendants Pierre, Moy, and Rutland.  (Compl. at First, Fourth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of Action).  On September 9, 2025, the Court similarly recommended the entry of default judgment against Moy and Rutland as to liability but not as to damages.  (ECF No. 191).

3

against the non-defaulting defendants are resolved and the risk of inconsistent judgments is obviated.

   B. Costs

As noted in this Court's Report and Recommendation dated August 25, 2025, plaintiff requested an award of costs in addition to the fees requested in connection with the filing of the default judgment motion. Upon review, this Court recommended denial of the request for costs at that time given the absence of sufficient supporting documentation. (ECF No. 187). Plaintiff's counsel has now submitted the underlying invoices for the costs claimed in their fee application. (ECF No. 190). These invoices account for legal research and service fees, which are routinely recoverable. Fuchs v. Tara Gen. Contracting, Inc., No. 06 CV 1282, 2009 WL 3756655, at *4 (E.D.N.Y. Nov. 3, 2009) (citations omitted). Accordingly, the Court respectfully recommends that the district court grant plaintiff's application for costs in the amount of $2,108.08.

CONCLUSION

For the reasons stated above, this Court (1) Orders plaintiff to submit a status letter apprising the Court of the status of payment by defendant Pierre in accordance with its August 25, 2025 Report and Recommendation by September 12, 2025 and (2) provides this Supplemental Report and Recommendation to respectfully recommend that, if defendant Pierre has not, in fact, paid the required sum, the district court: (a) deny the motion to vacate default and enter default judgment against defendant Pierre as to liability only; (b) grant plaintiff leave to file a motion for default judgment against defendant Pierre as to damages once plaintiff's claims against the non-defaulting defendants are resolved and the risk of inconsistent judgments is

obviated.  The Court also respectfully recommends that the district court grant plaintiff's application for costs in the amount of $2,108.08.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); see also Fed. R. Civ. P. 6(a) (providing the method for computing time).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See, e.g., Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.  Plaintiff shall serve a copy of this Supplemental Report and Recommendation on defendant Pierre and file proof of such service on the record within two weeks of this Report.

**SO ORDERED.**

Dated: Brooklyn, New York
September 10, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York