UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

AMERICAN TRANSIT INS. CO.,

          Plaintiff,

-against-

BRADLEY PIERRE, et al.,

          Defendants.

---

Case No.: 1:24 CV 360 (RPK) (CLP)

**AFFIRMATION OF CARY SCOTT GOLDINGER IN REPLY AND FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR BRADLEY PIERRE**

**CARY SCOTT GOLDINGER, ESQ.** being duly sworn, deposes and says:

1. I am the sole principal of the Law Office of Cary Scott Goldinger, P.C., attorneys for Defendant Bradley Pierre. I respectfully submit this Affirmation pursuant to Local Civil Rule 1.4 in support of my firm's application to withdraw as the attorney of record for Mr. Pierre. This application includes the withdrawal of Adam Dressler, Esq. whose appearance in this case was in his capacity as "Of Counsel" to my law firm.

2. This affirmation is in further support of our motion to withdraw and in reply to the affirmation in opposition filed by Mr. Perkins on behalf of the plaintiff on the eve of Rosh Hashanah.

3. In my more than 30 years of practice, I have never before seen an attorney oppose another attorney's application to withdraw. As we have stated many times in our papers before this court, Mr. Perkin's sole motivating factor is his law firm's billable hours. This court fully recognized Mr. Perkin's egregious billing tactics in its decision dated August 25th, 2025 where the court drastically reduced his outrageous request for $140,000.00 in legal fees for a simply default motion down to $60,000.00. Mr. Dressler and I also found it offensive that Mr. Perkins deliberately chose to file his opposition papers after sunset on the commencement of the holiday.

4. It has now been more than one year since the plaintiff commenced this action, and not a single deposition has taken place. Mr. Perkins has made one motion after another and served several subpoenas upon both parties and non-parties. Ultimately, very little has been done in this case from the inception other than to line the coifers of plaintiff's counsel.

5. With respect to my efforts to engage in good faith settlement discussions, Mr. Perkins has rebuffed the defendants every time we have reached out and not once has he ever proposed a reasonable counteroffer or resolution of this case. To do that would limit his ability to churn the file for his billables.

6. With respect to my statement that Mr. Pierre is unable to pay his legal fees and expenses to my law firm, that is absolutely true, and none of Mr. Perkins's concern. Unlike his motion for 'reasonable legal fees' for a simply *pro forma* default motion, we are not seeking any legal fees here in our motion to withdraw. In fact, I specifically waived any lien with respect to my legal fees in my motion.

7. As to his argument that we continue to represent our client in the two (2) state court actions raised by Mr. Perkins, that argument is equally unavailing. First of all, our client in the two (2) state court actions is MRC, not Mr. Pierre personally. Mr. Pierre is not a party in either state court action and MRC is not a party in the instant federal court case.

8. Moreover, in the state court cases, plaintiff has lost three out of four of its motions to interplead in those cases and was only very recently successful in the one action before Justice Rademaker. Prior to that decision, the plaintiff was not a party in either state court case and is still not a party in the second state court case before Judge Muraca.

9. With respect to Judge Rademanker's latest decision granting plaintiff's third motion before him on the identical facts and arguments to intervene, after twice denying plaintiff's request, which we strongly disagreed with -as there is no third bite at the apple available under the CPLR.

However there remain funds that have been deposited with the Nassau County Treasurer in both state court actions that neither judge has ruled on. It is our opinion that it is a simple decision as to whom that money belongs to. It all belongs to Rutland, which in turn assigned its accounts receivable to MRC pursuant to a Financing Agreement between the corporate entities which was then fully secured by MRC's filing of a UCC-1. Thus, the money all belongs to MRC.

10. The court is reminded of the fact that MRC was never charged with a crime and never pleaded guilty to any crime. Rutland was charged but never convicted or pleaded guilty to any crime. Therefore, as of today, all of the money from the state court cases belongs to MRC. Neither corporate entity to the Agreement has been convicted or plead to a crime and thus, the Agreement remains in full force and effect, as does MRC's filing of a UCC-1 and secured and priority claim to the funds. Further, there is no correlation between the funds collected in the state court actions that have anything to do with the claims being made by the plaintiff in the instant federal court case and again, the parties are not the same.

11. Since being retained, this law office has represented Mr. Pierre throughout the proceedings, including extensive motion practice, filing an answer, numerous correspondence and communications between counsel and the court, court conferences, responses to subpoenas upon parties and non-parties and numerous attempted good faith settlement discussions.

12. We have set forth in our motion papers the requirements for this court to consider in granting our motion and believe we have more than met our burden. Further the opposition of the plaintiff, as set forth herein is completely without merit.

13. Contrary to Mr. Perkins' self-serving statement, Mr. Pierre's incarceration has made it extremely difficult, if not impossible, to communicate with him and I am unable to continue to represent Mr. Pierre in this matter. Several times, Mr. Pierre has dropped out of communication for many months at a time. Although I am in contact with Mr. Pierre's wife, she is not a party to the action

and she does not have the authority or the ability to assist me in my representation of Mr. Pierre in this action. Being incarcerated does not make is 'easy' to communicate with our client has Mr. Perkins' alleges. Just the opposite is true.

14.     Mr. Pierre also has a substantial outstanding balance due and owing for legal fees and expenses which have not been paid, despite numerous demands for payment. Given his incarceration, Mr. Pierre has no means of earning a living and is financially unable to pay his outstanding legal fees; nor would he be able to pay any future legal costs which I estimate to be substantial as well.

15.     Due to the inability to effectively communicate with Mr. Pierre given his incarceration and his inability to assist in his defense, couple with  and his inability to pay any legal fees and expenses, I am seeking an order from this Court permitting my firm to withdraw as counsel for Mr. Pierre which order should also include Mr. Dressler..

16.     The Law Office of Cary Scott Goldinger, P.C. respectfully requests that the Court stay any deadlines and events relating to these parties until such time as Mr. Pierre retains new counsel.

17.     The Law Office of Cary Scott Goldinger, P.C. waives its lien on this case for legal fees and expenses.

18.      Pursuant to Local Rule 1.4, an attorney who has appeared as attorney of record for a party may be relieved or displaced only by Order of the Court and may not withdraw from a case without leave of the Court granted by Order. Such an Order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, if any, on the calendar, and whether or not the attorney is asserting a retaining or charging lien.

19.     As was noted by Magistrate Judge Smith in *Zhongle Chen v. Kicho Corp.*, 2020 WL 3472255, at *1 (S.D.N.Y. June 25, 2020), "[w]hen determining whether to grant an attorney's request to withdraw as counsel, the Court examines two factors: (1) the reason for the withdrawal and (2) the

"impact of the withdrawal on the timing of the proceedings." Although "there does not appear to be a 'clear standard for what may be considered a 'satisfactory reason' for allowing a withdrawal,' it is firmly established that non-payment of legal fees is such a reason under Local Civil Rule 1.4." *Taub v. Arrayit Corp.*, 2016 WL 4146675, at *1 (S.D.N.Y., 2016). See also *Team Obsolete Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 166 (E.D.N.Y. 2006) ("Courts have long recognized that a client's continued refusal to pay legal constitutes a "satisfactory reason" for withdrawal under Local Rule 1.4") *and BWP Media USA Inc. v. Rant Inc.*, 2018 WL 4300530, at *2 (S.D.N.Y. 2018)("Courts in this District have routinely found a client's failure to communicate with counsel, as well as nonpayment of legal fees, both "satisfactory" reasons for withdrawal").

20.     In the instant matter, Mr. Pierre's inability to communicate and assist in his defense as well as his inability to pay the substantial outstanding and prospective legal fees satisfies the first prong of this analysis.

21.     Despite the many motions that have been filed in this case, the vast majority of which were filed by the plaintiff, the case remains in its early stages regarding discovery and not a single deposition has taken place, which satisfies the second factor in granting the instant application. Respectfully, Mr. Pierre can be given ample time to retain new counsel for himself with minimal disruptions to the remainder of the case, which can still proceed against the myriad of other parties. *See Estate of Larry Shaw & Susan Shaw v. Marcus*, 2016 WL 4679734, at *2 (S.D.N.Y. 2016).

WHEREFORE, based upon the above the undersigned respectfully request that the instant motion be granted in its entirety with respect to both my law firm and Mr. Dressler and for such other and further relief as this Court may deem just proper and equitable.

Dated:  September 25th, 2025
          Garden City, New York

Yours etc.,

_____
CARY SCOTT GOLDINGER, ESQ.
Attorney for Defendant Bradley Pierre
400 Garden City Plaza, Suite 420
Garden City, NY  11530
 (516) 227-3344
Email: csg@goldinger.com