UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
AMERICAN TRANSIT INSURANCE CO.,

                Plaintiff,

-against-

BRADLEY PIERRE, *et al.*,

                Defendants.
----------------------------------------------------------X

**ORDER**
24 CV 360 (SJB) (CLP)

**POLLAK**, United States Magistrate Judge:

       On January 17, 2024, plaintiff American Transit Insurance ("American Transit" or "plaintiff") commenced this action against defendants Bradley Pierre ("Pierre"), Marvin Moy, M.D. ("Moy"), Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O. ("Weiner"), Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15. (Compl. ¶ 1). Plaintiff alleges that defendants operated an illegal scheme to defraud plaintiff by collecting payments on non-compensable and fraudulent No-Fault insurance claims, and it asserts claims under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 et seq., the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, and New York Public Health Law § 238(a). (Id.)

       Presently before the Court is plaintiff's motion to compel document production pursuant to a subpoena duces tecum served upon defendant Pierre's wholly-owned company, non-party Marketing 4 You, Inc. ("M4Y"). (Mot.[1])

## PROCEDURAL BACKGROUND

       Plaintiff filed the Complaint on January 17, 2024. (ECF No. 1). On April 9, 2024,

---

[1] References to "Mot." refer to plaintiff's motion to compel filed on April 24, 2025 (ECF No. 167).

plaintiff moved for default judgment against defendant Pierre (ECF No. 37), and the Court ordered that Pierre "either arrange with plaintiff to pay [the] costs of [a] default judgment motion or file [a] motion to vacate." (Minute entry, dated June 13, 2024). On July 26, 2024, Pierre moved to vacate the default (ECF No. 73), and on August 27, 2024, this Court recommended that the district court grant the motion to vacate default on the condition that Pierre pay a reasonable portion of plaintiff's attorney's fees. (ECF No. 77). The district court adopted the Report and Recommendation on March 19, 2025. (ECF No. 153). This Court submitted a Report and Recommendation on the amount of the fee award on August 25, 2025, recommending that the district court order the payment due by September 9, 2025 (ECF No. 187), and on September 10, 2025, the Court recommended that the district court enter default judgment against defendant Pierre as to liability for his failure to pay the recommended attorney's fees. (ECF No. 193).

While the question of Pierre's default status was pending, on February 11, 2025, plaintiff served a subpoena duces tecum on M4Y, a nonparty company wholly owned by Pierre, with a response deadline of March 31, 2025. (Mot. at 1). M4Y never responded and, on April 24, 2025, plaintiff filed the present motion to compel. (Id.). The motion is unopposed.

DISCUSSION

"Motions to compel and motions to quash a subpoena are entrusted to the sound discretion of the district court." In re Fitch, Inc., 330 F.3d 104, 108 (2d Cir. 2003) (quoting United States v. Sanders, 211 F.3d 711, 720 (2d Cir. 2000)); Ehrlich v. Incorporated Vill. of Sea Cliff, No. 04 CV 4025, 2007 WL 1593211, at *2 (E.D.N.Y. May 31, 2007). A trial court's rulings with regard to discovery "are reversed only upon a clear showing of an abuse of discretion." Id., at *2 (quoting In re DG Acquisition Corp., 151 F.3d 75, 79 (2d Cir. 1998)). The party moving to quash a subpoena has the burden of establishing "that the information that is the

2

subject of the subpoena is not discoverable." de Venustas v. Venustas Int'l, LLC, No. 07 CV 4530, 2008 WL 619028, at *2 (S.D.N.Y. Mar. 5, 2008) (citing Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996)). Moreover, a party generally lacks standing to quash or modify a subpoena directed to a non-party unless he is seeking to protect a personal privilege or right. Allstate Ins. Co. v. Zelefsky, No. 13 CV 5830, 2014 WL 12661264, at *1 (E.D.N.Y. Mar. 7, 2014).

Federal Rule of Civil Procedure 26(b)(1) governs the scope of discovery in federal court cases. Rule 26(b)(1) "authorizes discovery of any 'nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.' " Garcia v. Benjamin Grp. Ent. Inc., 800 F.Supp.2d 399, 403 (E.D.N.Y. 2011) (quoting Fed. R. Civ. P. 26(b)(1)). " 'Relevance' under Rule 26 'has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on any issue that is or may be in the case.' " Crosby v. City of New York, 269 F.R.D. 267, 282 (S.D.N.Y. 2010) (quoting Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 98 S.Ct. 2380, 57 L.Ed.2d 253 (1978)). While the scope of discovery is "broad," it is not "limitless." Fears v. Wilhelmina Model Agency, Inc., No. 02 CV 4911, 2004 WL 719185, at *1 (S.D.N.Y. Apr. 1, 2004). Further, as specified in the amended Rule 26, discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

Thus, Rule 26(b)(2)(c) requires the Court to limit the extent of discovery where "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive" or "the burden or expense of the proposed discovery outweighs its likely benefit." Indeed, subpoenas under Rule 45 are not

3

intended to provide an "end-run around the regular discovery process under Rules 26 and 34." Burns v. Bank of Am., No. 03 CV 1685, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007). "If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness pursuant to Rule 45." Id. (citation omitted).

Plaintiff states that the discovery is relevant because M4Y is a central witness to the facts in this case. (Mot. at 2). Indeed, defendant Pierre testified during his criminal plea allocution that he "utilized two companies in connection with the healthcare fraud and bribery schemes: Medical Reimbursement Consultants…and Marketing 4 You or 'M4Y.'" United States of America v. Bradley Pierre, No. 22 CR 19, ECF No. 344 at 25:7-17 (S.D.N.Y. Jan. 8, 2024). He also acknowledged using "phony loan agreements" to control clinics. Id. at 22:12-10. Further, Pierre told Judge Gardephe that he did not dispute any of these facts. (Id. at 20:12-25:15 (Q. "Do you dispute anything that I just read?" A. "No, your Honor")).

Given defendant Pierre's own statements and his failure to provide any documents through the regular party discovery process, the Court finds that the documents sought from M4Y are highly relevant and proportional to the needs of the case. Moreover, the Court has previously ordered the production of similar documents from Pierre's other wholly-owned company, Medical Reimbursement Consultants. (See ECF No. 188). Since M4Y has not moved to quash the subpoena, plaintiff's motion to compel is unopposed. The Court therefore Orders M4Y to produce documents pursuant to plaintiff's subpoena by **December 8, 2025**. If M4Y fails to produce documents by that date, this Court will recommend that it be held in contempt.

4

CONCLUSION

For the reasons stated above, the Court grants plaintiff's motion to compel. M4Y is Ordered to produce any responsive documentation by **December 8, 2025** or provide an Affidavit asserting that a diligent search for responsive documents has been performed, and that there are no responsive documents in the possession, custody, or control of the company. Failure to provide responsive document and/or an Affidavit may result in the imposition of sanctions.

The parties shall file a status report as to compliance with this Order by **December 9, 2025**.

Defendant Pierre is required to advise the Clerk of Court in writing of any change of address. Failure to keep the Court informed of defendant's current address means the Court will not know where to contact defendant and may result in further defaults or sanctions. For information regarding court procedures, defendant may contact the Pro Se Office at the United States Courthouse by calling (718) 613-2665.

A copy of this Order will be mailed to defendant Pierre and to his attorney-in-fact, Nonna Shikh.[2] The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
October 23, 2025

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[2] The last known address provided by defendant Pierre's former counsel was FCI Lewisburg- Federal Correctional Institution, Satellite Camp, P.O. Box 2000, Lewisburg, P.A. 17837.