

James W. Perkins, Esq.
(212) 801-3188
perkinsj@gtlaw.com

October 31, 2025

**VIA ECF**

Hon. Sanket J. Bulsara
United States District Judge
United States District Court
  for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:     *American Transit Insurance Co. v. Pierre et al.*, 1:24-cv-00360-RPK-CLP

Dear Judge Bulsara:

        We are counsel to American Transit Insurance Company ("ATIC"), the Plaintiff in the above-referenced matter. Given the recent transfer of the case to Your Honor, we write to provide a summary of recent pending matters that are now before the Court for disposition.  As background, ATIC is an automobile insurance carrier that provides no-fault insurance to a large segment of the New York City taxi and livery cab market. Paralleling the indictments, guilty pleas and sentencing that occurred in *United States v. Pierre et. al*, Case No. 22-cr-19 (PGG) (the "Criminal Action"), ATIC initiated this action to pursue claims against the defendants, including for violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 *et seq.* ("RICO"), arising from a massive no-fault fraudulent billing scheme defendants perpetrated, including by collecting and seeking to collect false and otherwise illegitimate no-fault claims from ATIC.

        A number of the defendants have defaulted in the matter, including (1) Marvin Moy, M.D., who disappeared in a boating accident after the criminal indictment and is presumed dead, (2) Rutland Medical P.C. ("Rutland"), a company held in the name of Dr. Moy, but alleged to be unlawfully owned and controlled by defendant Bradley Pierre ("Pierre"), and (3) Pierre, an architect of the no-fault billing fraud scheme, who pled guilty to two felonies arising out of the scheme and is serving 10 years for his crimes.  Defendant William A. Weiner, D.O. ("Weiner"), who also pled guilty to a felony arising out of the scheme, has appeared in the matter, along with defendant Nexray Medical Imaging, P.C. ("Nexray"), a defunct radiology company of which he is record owner.  ATIC alleges that Pierre unlawfully owned and controlled Nexray and other medical providers, and Pierre conceded as much during his allocution when pleading guilty in the Criminal Action. ATIC further alleges that in addition to defendants generating no-fault claims for unnecessary and/or improper medical treatment, Pierre's unlawful ownership and control of Rutland and Nexray made all of the no-fault claims they presented to ATIC unlawful and void. *See State Farm Mutual Auto Ins. Co. v. Mallela*, 4 N.Y.3d 313 (2005).

Hon. Sanket J. Bulsara
October 31, 2025
Page 2

**Pierre's Pending Default Judgment.** Defendant Pierre defaulted in appearance and in response to ATIC's motion for default judgment against him, Pierre moved to vacate the default, over ATIC's objection. Magistrate Judge Pollak recommended that Pierre should be granted leave to appear, provided that he pay ATIC legal fees and costs it incurred in litigating the default. (ECF No. 77.) District Judge Kovner adopted that recommendation in a Memorandum and Order dated March 19, 2025. (ECF No. 153.)  Later, Magistrate Judge Pollak fixed the amount Pierre must pay ATIC in legal fees at $60,071.63, with a payment due date of September 9, 2025 (ECF No. 187), and further recommended to the District Judge that if Pierre failed to pay such amount by the due date, the District Judge should enter a default judgment of liability against Pierre. (ECF No. 193.) The day before the September 9 deadline, Pierre's attorney moved to withdraw as counsel alleging Pierre would not pay his fees and would not communicate with him. (ECF No. 189.) Pierre's counsel also moved for a stay of proceedings, which the Magistrate Judge denied. (Electronic Order dated September 24, 2025.) Magistrate Pollak later granted counsel's motion to withdraw, and Pierre is now acting *pro se*. (ECF No. 207.) Given Pierre's serial defaults, ATIC respectfully requests that the Court adopt Magistrate Pollak's recommendation (ECF No. 193) and enter a default judgment as to liability against Pierre.[1]

**Magistrate Judge Pollak's Decision Recommending Entry of a Writ of Attachment.** Upon ATIC's motion, and over Weiner/Nexray's opposition, by Report and Recommendation dated September 9, 2025 (ECF No. 192), Magistrate Pollak recommended that the District Court issue a pre-judgment writ of attachment against Defendants. Weiner/Nexray objected to the recommendation (ECF No. 199), which ATIC opposed (ECF No. 210). The issue is now fully submitted for the Court's determination.

**ATIC's Motion for Leave to Amend to Add MRC as a Defendant.** As alleged in the Complaint, and established in the Criminal Action, Pierre perpetrated the no-fault billing fraud scheme, in part, through his wholly owned companies, including Medical Reimbursement Consultants, Inc. ("MRC"). As alleged in the Criminal Action and in the Complaint here, Pierre used MRC to advance fictitious loans to providers such as Rutland and Nexray and then laundered the proceeds of the false no-fault billing through them by characterizing the payments from Rutland and Nexray as repayment of loans, when the amounts "repaid" far exceeded the amounts borrowed, including accounting for interest. As Pierre acknowledged during his allocution: "The defendant [Pierre] utilized two companies in connection with the healthcare fraud and bribery schemes: Medical Reimbursement Consultants, or 'MRC,' and Marketing 4 You or 'M4Y.'" (ECF No. 35-2 at 24:7-10.)  District Judge Gardephe, who presided over the Criminal Action, observed in turn: "Since 2008, the defendant has been self-employed as the CEO of [MRC], which he describes as a finance company that purchases claims from medical offices at a discounted rate and then seeks payment from insurance companies. This is one of the companies through which Mr. Pierre perpetrated the fraud that brings us here today." (ECF No. 75-4 at 23:5-11.) Given

---

[1] ATIC moved for a default judgment against Moy and Rutland based on their failure to appear. Adopting Magistrate Pollak's report and recommendation (to which ATIC did not object), Judge Kovner denied the motions without prejudice and with leave to refile once ATIC's claims against the non-defaulting defendants are resolved. (Minute Order dated September 30, 2025.)

Hon. Sanket J. Bulsara
October 31, 2025
Page 3

MRC's involvement in the fraud, ATIC moved to amend the Complaint to add MRC as a party, which defendants Nexray, Weiner, and Pierre opposed. (ECF Nos. 172-178.) That motion is also fully submitted and awaiting decision by the Court.[2]

In addition to these pending matters, District Judge Kovner and Magistrate Judge Pollak have issued a number of decisions in the action. These are:

Preliminary Injunction Order. (ECF No. 52.) By Memorandum and Order dated May 16, 2024, the Court enjoined defendants from prosecuting any Nexray or Rutland no-fault claims against ATIC, except for any pending claims in state court. Judge Kovner concluded that a District Court did not have the power to enjoin state court proceedings under the Anti-Injunction Act.

Order directing Nexray/Weiner and Pierre to respond to discovery demands. (ECF No. 97.) After defendants defaulted in responding to discovery demands, Magistrate Judge Pollak issued an order dated November 14, 2024, requiring them to produce documents by a date certain. Nexray and Weiner have produced documents, but their production remains deficient, and counsel continue to meet and confer over that deficiency. Pierre defaulted on the motion to compel filed against him and he instead asserted a blanket Fifth Amendment objection which he (through counsel) asserted protected him from producing any documents.

Order rejecting Pierre's Fifth Amendment objection and compelling compliance with subpoena. (ECF No. 195.) By Memorandum and Order dated September 17, 2025, Magistrate Judge Pollak rejected Pierre's blanket Fifth Amendment objection and consequent refusal to produce any documents pursuant to subpoena, requiring production of responsive documents by no later than October 8, 2025.[3] Pierre failed to meet the deadline, is in default of the order, and now subject to a contempt ruling. (*See id*. at 11; Status Report at ECF No. 209.)

Order compelling MRC to comply with subpoena. (ECF No. 188.) After Pierre's wholly owned company, MRC, defaulted in responding to a subpoena that ATIC had served on it, ATIC moved to compel compliance and the Magistrate Judge ordered that MRC must comply by September 18, 2025, by producing responsive documents or providing an affidavit stating that after a diligent search no responsive documents could be located.[4] MRC failed to comply with the compel order and is subject to sanctions. (ECF No. 201.)

Order compelling Marketing 4 You (aka M4Y) to comply with subpoena. (ECF No. 213.) After Pierre's wholly owned company, M4Y, defaulted in responding to a subpoena that ATIC had served on it, ATIC moved to compel compliance and the Magistrate Judge ordered on October 23, 2025, that M4Y must comply with the subpoena by December 8, 2025, by producing

---

[2] ATIC also filed a letter motion before Magistrate Judge Pollak seeking an order permitting it to take the depositions of Pierre and non-party Arthur Bogoraz, who are both incarcerated for their crimes committed as part of the no-fault fraud scheme. (ECF 211.) That motion is now being briefed.

[3] Magistrate Judge Pollak denied, as moot, ATIC's request to strike Pierre's unauthorized sur-reply.

[4] Magistrate Judge Pollak also granted ATIC's requests to strike Pierre's unauthorized sur-replies.

Hon. Sanket J. Bulsara
October 31, 2025
Page 4

responsive documents or providing an affidavit stating that after a diligent search no responsive documents could be located. As indicated above, M4Y is another company through which Pierre acknowledged he had perpetrated the no fault billing fraud scheme.

We are available at the Court's convenience should the Court have any questions or wish to discuss any of the foregoing matters.

Respectfully submitted,

James W. Perkins

cc:     All Counsel of Record (via ECF)
        Bradley Pierre, *pro se* (via regular mail)