UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
AMERICAN TRANSIT INSURANCE CO.

                  Plaintiff,

     -against-

BRADLEY PIERRE, et *al.,*

                  Defendants.

------------------------------------------------------------X

**MEMORADUM AND ORDER**
24 CV 360 (RPK) (CLP)

**POLLAK**, United States Magistrate Judge:

On January 17, 2024, plaintiff American Transit Insurance Company ("American Transit" or "plaintiff") commenced this action against defendants Bradley Pierre ("Pierre"), Marvin Moy, M.D., Rutland Medical P.C. ("Rutland"), William A. Weiner, D.O., Nexray Medical Imaging, P.C., d/b/a Soul Radiology Medical Imaging ("Nexray"), and John Does 1-15, pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961, seeking damages and a Declaratory Judgment, pursuant to 28 U.S.C. §§ 2201, 2202, based on defendants' alleged illegal scheme to defraud plaintiff by collecting payments on numerous non-compensable, false, inflated and fraudulent No-Fault insurance claims. ("Compl."). Plaintiff also alleges claims based on violations of N.Y. Public Health Law § 238(a), common law fraud, and unjust enrichment. (Id.)

On October 17, 2025, plaintiff filed a motion ("Mot.") seeking leave to depose defendant Bradley Pierre and non-party Arthur Bogoraz, each currently incarcerated following their respective guilty pleas in the related criminal case, United States v. Pierre, No. 22 CR 0019 (S.D.N.Y.). Plaintiff sought the testimony of Pierre, as named defendant, and of Arthur Bogoraz, a central figure in the illegal no-fault insurance scheme. Id. at 2–3. Pierre has not opposed the

motion but Bogoraz, on November 7, 2025, filed an opposition to the motion for leave ("Opp."), arguing that the deposition should not go forward due to complications in communications with counsel and because of Fifth Amendment objections that he anticipates will arise during the deposition. (Opp. at 2). Bogoraz also included as part of his opposition that the Court should stay his response to a subpoena duces tecum "pending the further development of discovery in this action among the litigation parties and not Mr. Bogoraz." (Opp. at 3).

## DISCUSSION

Generally, a deposition may be sought without leave. Fed. R. Civ. P. 30(a)(1). However, leave is required when a deponent is incarcerated. Fed. R. Civ. P. 30(a)(2)(B). This requirement allows the Court to weigh a deposition's probative value against any burden on the inmate-deponent or the prison facility. El-Massri v. New Haven Corr. Ctr., No. 18 CV 1249, 2019 WL 2006001, at *6 (D. Conn. May 7, 2019). This analysis is guided by Rule 26. Fed. R. Civ. P. 30(a)(2). The scope of Rule 26 is broad, allowing parties generally to discover "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b). Thus, "'[l]eave to depose a prisoner should be granted unless the objecting party shows that the deposition would be unreasonably cumulative or duplicative, the party seeking the deposition has had ample opportunity to obtain the information sought, or the burden or expense of the deposition outweighs its likely benefit.'" Moorer v. McCann, No. 23 CV 6040, 2025 WL 833129, at *1 (W.D.N.Y. Feb. 24, 2025) (quoting Securities Inv. Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC, No. 08 AP 1789, 2019 WL 654293, at *12 (Bankr. S.D.N.Y. Feb. 15, 2019)). See also Keck v. Union Bank of Switzerland, No. 94 CV 4912, 1992 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (analyzing Rule 30 and holding that "a court may limit discovery where (1) the discovery sought is cumulative or can be obtained more

conveniently from some other source; (2) the party seeking discovery has already had a full opportunity to obtain the information; or (3) the burden or expense of the proposed discovery outweigh its likely benefit" (citations omitted)).

A. Leave To Depose Pierre

Plaintiff seeks to depose defendant Bradley Pierre, who is currently serving a sentence under the related criminal action. Pierre's testimony is clearly relevant: he is the named defendant in the current civil action and was at the center of the no-fault insurance scheme. (See Mot. at 1 ("both Nexray and Rutland were in fact secretly owned and controlled by Pierre…This fraud was part of a larger scheme whereby Pierre controlled numerous medical providers to generate and seek to collect the illegitimate No-Fault claims")). Pierre has also produced no documents, compounding the necessity for his testimony. (See id. at 2). Moreover, Pierre has not responded to the motion seeking leave to take his deposition. Thus, the Court does not find any basis to deny leave to take Pierre's deposition. See Moorer v. McCann, 2025 WL 833129, at *2 (allowing leave to depose incarcerated defendant who did not respond to the motion, "and accordingly ha[d] not demonstrated that there [wa]s any basis to deny Plaintiff leave to depose"). Accordingly, the Court grants plaintiff's motion for leave to depose defendant Pierre.

B. Leave To Depose Bogoraz

Plaintiff also seeks the testimony of non-party Arthur Bogoraz, who is also incarcerated and serving a prison sentence of five years for his participation in the criminal no-fault insurance scheme. (Mot. at 2). See United States v. Pierre, et al., 22 CR 0019, ECF No. 537 at 16:3-11 (S.D.N.Y. Aug. 15, 2025). Plaintiff argues that Bogoraz, while working as a paralegal and manager at a personal injury law firm, was "an essential part" of the illegal scheme and alleges that Bogoraz was directly involved in the bribery scheme to funnel automobile accident victims

3

to Pierre's and Bogoraz's businesses. (Mot. at 2–3). Plaintiff intends to elicit testimony regarding Bogoraz's relationship with Pierre and his overall involvement in the scheme. (Id. at 3).

Bogoraz opposes the motion for leave, arguing that counsel has faced "substantial impediments" in communicating with Mr. Bogoraz due to Mr. Bogoraz's incarceration. (Opp. at 2). His counsel notes that the subpoena was received on October 7, 2025 and that, due to the lapse in government appropriations and the resulting government shutdown at the time, he was unable to contact his client. (Id. at 2).

Plaintiff cites Thompson v. City of N.Y., No. 21CV 20371, 2024 U.S. Dist. LEXIS 31900 (S.D.N.Y. Feb. 23, 2024), for the proposition that "being deposed while incarcerated is neither novel, nor a basis to avoid testimony." (Reply at 1). That case is inapposite. In Thompson, an incarcerated *pro se* plaintiff filed a motion for appointment of counsel to assist with a deposition. 2024 U.S. Dist. LEXIS 31900, at *2. The court denied the request, noting that a deposition "although challenging, is hardly unique, and does not require legal research or writing skills." Id. That case does not, however, discuss whether the inability to communicate between deponent and counsel is grounds to oppose a deposition.

Nevertheless, the Court agrees with plaintiff that the difficulties incarceration places on the attorney-client relationship are not a basis to totally avoid a deposition. Incarcerated individuals are routinely deposed and if incarceration was a valid basis to avoid a deposition, any incarcerated deponent could bring their case to a screeching halt until after their prison term was served. The Court also notes that the government shutdown has ended and, to the extent it contributed to counsel's communication difficulties, it should no longer be of concern.

4

Bogoraz also argues that he should not be required to testify because he anticipates asserting his Fifth Amendment privilege against self-incrimination to "substantially all" of the anticipated questioning. (Opp. at 2). Under the Fifth Amendment, no person "shall be compelled to be a witness against himself." U.S. Const. amend. V. "The burden of establishing entitlement to the Fifth Amendment privilege rests with the person asserting it." Krape v. PDK Labs, Inc., No. 02 CV 3440, 2004 WL 831137, at *3 (E.D.N.Y. Apr. 19, 2004) (citing Estate of Fisher v. C.I.R., 905 F.2d 645, 649–50 (2d Cir. 1990)). To avoid testimony, the witness must make a detailed showing that the there is a "'reasonable possibility that his own testimony will incriminate him.'" Id. "'His say-so does not of itself establish that hazard of incrimination.'" Levitt v. Brooks, No. 11 CV 1088, 2013 WL 1346257, at *2 (E.D.N.Y. Mar. 29, 2013) (quoting Estate of Fisher v. C.I.R., 905 F.2d at 650). Thus, a blanket assertion of the privilege does not satisfy this burden. Cadlerock Joint Venture, L.P. v. MacPherson, No. 09 CV 9970, 2011 WL 1795312, at *2 (S.D.N.Y. May 4, 2011); New York ex rel. Khurana v. Spherion Corp., 511 F. Supp. 3d 455, 463 (S.D.N.Y. Jan. 6, 2021) (holding that "[i]t is well established that 'blanket assertion[s]' of the Fifth Amendment privilege are impermissible.") (citing United States v. Bowe, 698 F.2d 560, 566 (2d Cir. 1983)). Rather, the proper procedure is for the witness to make an individualized determination for each question posed and respond to those for which he is able to respond without risking self-incrimination. Krape v. PDK Labs, Inc., 2004 WL 831137, at *4. Thus, Bogoraz's Fifth Amendment objection is improper and premature.

Accordingly, the Court grants plaintiff's motion for leave to depose non-party Arthur Bogoraz.

    C. <u>Bogoraz's Motion for a Stay</u>

Mr. Bogoraz's opposition to plaintiff's motion for leave to take Mr. Bogoraz's deposition included a request to stay Bogoraz's response to plaintiff's subpoena duces tecum. (Opp. at 2–3). Bogoraz has already provided his responses to the subpoena and agreed to a document production date. (Reply at 2). Accordingly, Bogoraz's motion for a stay is denied as moot.

CONCLUSION

For the reasons stated above, the Court grants plaintiff's motion for leave to depose Bradley Pierre and Arthur Bogoraz. The parties shall meet and confer regarding mutually agreeable dates for the depositions. Plaintiff's counsel shall coordinate with each respective prison to determine the proper procedure for conducting each deposition, including whether any additional Order is required from this Court. The Court denies Mr. Bogoraz's motion for a stay.

A copy of this Order will be mailed to Defendant Bradley Pierre. The Clerk is directed to send copies of this Order to all other parties and non-party Arthur Bogoraz either electronically through the Electronic Case Filing (ECF) system or by mail.

    **SO ORDERED.**
Dated: Brooklyn, New York
       December 4, 2025

                                      /s/ Cheryl L. Pollak
                                      Cheryl L. Pollak
                                      United States Magistrate Judge
                                      Eastern District of New York